1   Barbara A. Rohr (SBN 273353)
    Benjamin Heikali (SBN 307466)
2   **FARUQI & FARUQI, LLP**
    10866 Wilshire Boulevard, Suite 1470
3   Los Angeles, CA 90024
    Telephone: (424) 256-2884
4   Facsimile: (424) 256-2885
    E-mail: brohr@faruqilaw.com
5           bheikali@faruqilaw.com

6   Bonner Walsh (OSB No.131716) (admitted *pro hac vice*)
    **WALSH PLLC**
7   PO Box 7
    Bly, Oregon 97622
8   Telephone:  (541) 359-2827
    Facsimile:  (866) 503-8206
9   Email:  bonner@walshpllc.com

10  Michael Fuller (OSB No. 09357) (admitted *pro hac vice*)
    **OLSEN DAINES PC**
11  US Bancorp Tower
    111 SW 5th Ave., Suite 3150
12  Portland, Oregon 97204
    Email: michael@underdoglawyer.com
13  Telephone: (503) 201-4570

14  *Attorneys for Plaintiffs*

15

16              **UNITED STATES DISTRICT COURT**
17              **CENTRAL DISTRICT OF CALIFORNIA**

| 18 | | |
|----|--|--|
| 19 | TANYA MACK and MINA NICOLLE ULASZEK BENJAMIN individually and on behalf of all others similarly situated, | Case No.: 5:17-cv-00853-JGB-DTB |
| 20 | | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| 21 | Plaintiffs, | **1. Violation of California Civil Code §1750, *et seq.*** |
| 22 | v. | **2. Violation of California Business and Professions Code § 17200, *et seq.*** |
| 23 | | |
| 24 | LULAROE, LLC and LLR, INC., | **3. Violation of California Business and Professions Code § 17500, *et seq.*** |
| 25 | Defendants. | |
| 26 | | **4. Breach of Implied Warranty** |
| 27 | | **5. Breach of Express Warranty** |
| 28 | | |

**CLASS ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**6. Violation of Texas Deceptive Trade Practices Act**

**7. Common Law Fraud**

**8. Quasi-Contract/Unjust Enrichment/Restitution**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiffs Tanya Mack and Mina Nicolle Ulaszek Benjamin ("Plaintiffs") by and through their counsel, bring this Class Action Complaint against LuLaRoe, LLC and LLR, Inc. ("Defendants"), on behalf of themselves and all others similarly situated, and alleges upon personal knowledge as to their own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this consumer protection class action lawsuit against Defendants, based on Defendants' unlawful business practices with respect to the marketing, advertisement, and sale of LuLaRoe defective leggings (the "Products").

2.      At all relevant times, Defendants have marketed, advertised, and sold the Products as clothing for regular and athletic use. The Products however, are defective and unfit for normal or athletic use because they arrive with holes or tears, and/or rip, tear, or develop holes after limited use.

3.      Plaintiffs and other consumers have reasonably relied on Defendants to provide Products free of defect and fit for ordinary use, and reasonably believed at the time of purchase that the Products would be free of defect and fit for ordinary use. To their dismay, Plaintiffs and other consumers have received sub-par defective leggings that tear, rip, or develop holes after limited use.

4.      Had Plaintiffs and other consumers known that the Products were defective, they would not have purchased the Products or would have paid significantly less for them.  Therefore, Plaintiffs and other consumers have suffered injury in fact as a result of Defendants' unlawful practices.

5.      At all relevant times, Defendants were aware, or should have been aware, that the Products are defective and not fit for ordinary use. Consumers across the country have submitted complaints to the Federal Trade Commission ("FTC") and the Better Business Bureau ("BBB"), and have posted complaints on social media platforms, including but not limited to Facebook and Twitter.

3

**CLASS ACTION COMPLAINT**

6.    Plaintiffs bring this class action lawsuit on behalf of themselves and all others similarly situated.  Plaintiffs seek to represent a Nationwide Class, a Nationwide Consumer Subclass, a California Subclass, a California Consumer Subclass, and a Texas DTPA Subclass (defined *infra* in paragraphs 68-72) (collectively, referred to as "Classes").

7.    Plaintiffs, on behalf of themselves and the Classes, are seeking damages, restitution, declaratory and injunctive relief, and all other remedies this Court deems appropriate.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed Classes are in excess of $5,000,000, exclusive of interests and costs, and Plaintiffs, as well as most members of the proposed Classes, which total at least thousands of class members, and are citizens of states different from the states of Defendants.

9.    Furthermore, jurisdiction is proper in this Court under the doctrine of supplemental jurisdiction for the other California and Texas claims pursuant to 28 U.S.C. § 1367.

10.    This Court has personal jurisdiction over Defendants because they have sufficient minimum contacts in California or otherwise intentionally did avail themselves of the markets within California, through their sale of the Products to California consumers.

11.    Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because Defendants regularly conduct business throughout this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

## PARTIES

12.    Plaintiff Tanya Mack is a citizen of California, residing in Wildomar,

4

**FIRST AMENDED CLASS ACTION COMPLAINT**

Riverside County. Between approximately May 2016 and March 2017, Ms. Mack purchased the Products in Wildomar, CA and Murrieta, CA. In purchasing each of the Products, Ms. Mack relied on Defendants to provide Products free of defect and fit for ordinary use, and reasonably believed at the time of purchase that the Products would be free of defect and fit for ordinary use.  However, the Products Ms. Mack purchased either arrived with holes, or developed holes within her first use of them. Furthermore, some of the Products she purchased were mis-sized. Ms. Mack would not have purchased the Products or would have paid significantly less for them had she known that they were defective.  Ms. Mack therefore suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein. Ms. Mack would like to purchase the Products in the future but will not know whether they are defective or not because she purchases them online and cannot see or inspect them at the point of sale.

13.   Plaintiff Mina Nicolle Ulaszek Benjamin is a citizen of Texas, residing in Bandera, Bandera County. Between approximately August 2016 and February 2017, Ms. Benjamin purchased the Products from her home. In purchasing each of the Products, Ms. Benjamin relied on Defendants to provide Products free of defect and fit for ordinary use, and reasonably believed at the time of purchase that the Products would be free of defect and fit for ordinary use.  However, the Products Ms. Benjamin purchased either arrived with holes, or developed holes within her first use of them. Furthermore, some of the Products she purchased were mis-sized. Ms. Benjamin would not have purchased the Products or would have paid significantly less for them had she known that they were defective.  Ms. Benjamin therefore suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein. Ms. Benjamin would like to purchase the Products in the future but will not know whether they are defective or not because she purchases them online, has them sent to her home and cannot see or inspect them at the point of sale.

**FIRST AMENDED CLASS ACTION COMPLAINT**

14.     Defendant LuLaRoe, LLC is a California limited liability company with its principal place of business in Corona, California.  Defendant LuLaRoe, LLC is responsible for the marketing, distribution, and sale of the Products in the United States, including in this District.  Defendant LuLaRoe, LLC has been served in this matter.

15.     Defendant LLR, Inc. is a Wyoming corporation with its principal place of business in Thayne, Wyoming. Defendant LLR, Inc. is responsible for the marketing, distribution, and sale of the Products in the United States, including in this District. Defendant LLR, Inc. has been served in this matter.

## FACTUAL ALLEGATIONS

**A.     Defendants' Business Model**

16.     Founded in 2012, Defendants operate the LuLaRoe brand as a direct sales multi-level marketing ("MLM") business that designs and manufactures clothing, including leggings, for customers across the United States.

17.     Through its MLM business model, Defendants foregoe selling LuLaRoe clothing directly to consumers, and instead sell the clothing at wholesale to recruited members of the general public, known as "Fashion Consultants" or "Fashion Retailers," who in turn sell the clothing directly to consumers through in-home and online boutiques.[1]

18.     To date, Defendants have approximately 80,000 independent Fashion Consultants selling LuLaRoe clothing to consumers across the country. Reports have indicated that Defendants' sales have exploded to approximately $1 billion as of 2016.

19.     To get on board, Fashion Consultants purchase bundles of clothing from Defendants (the "Onboarding Packages") — clothing bundles that cost the Fashion Consultants between $5,000 and $9,000. Due to the steep costs of these Onboarding Packages, Defendants are incentivized to focus their business model on recruiting more

---

[1] http://www.lularoe.com/shop-lularoe (last visited on Apr. 26, 2017).

6

**FIRST AMENDED CLASS ACTION COMPLAINT**

Fashion Consultants and selling more Onboarding Packages, rather than catering to the voices of the consumers.

20. Because the Fashion Consultants deal directly with the purchasing consumers, Defendants have also tasked the Fashion Consultants with management of customer service, including managing customer complaints, returns, and exchanges.

21. When customers complain directly to Defendants, they are advised to contact their Fashion Consultants. However, when the Fashion Consultants attempt to reach Defendants to coordinate the return of goods or to obtain credit for their customers, their correspondence goes unanswered by Defendants.

**B. The Products**

22. One of Defendants' best selling clothing products is their line of LuLaRoe leggings.[2]

---

[2] http://www.lularoe.com/adult-leggings (last visited on Apr. 26, 2017).

7

**FIRST AMENDED CLASS ACTION COMPLAINT**

 

23.     Defendants warrant on their LuLaRoe social media accounts and website that the Products will be fit for ordinary, and even athletic, use, and that the Products will be defect free. For example, the LuLaRoe website says the following regarding the Products:[3]

a. "Our adult Leggings are ultra-stretchy"

b. "[W]e've made sure to make our bright Leggings from materials that will last even the longest week of wear."

c. "You can sport these print Leggings at your favorite Pilates class or throw on some cute booties and wear them out for a girl's night!"

24.     Furthermore, by selling the Products as "leggings," Defendants impliedly

[3] http://www.lularoe.com (last visited on Apr. 26, 2017).

**FIRST AMENDED CLASS ACTION COMPLAINT**

warrant that customers are purchasing a leggings product fit for normal use, including the warranty that the Products will not arrive with tears and holes, and will not develop tears and holes after only a few hours of use. The normal use of leggings does and should not involve tearing and ripping after limited use. Leggings should be suitable for regular wear, daily activity, and covering of the lower body.

25.    Defendants know, knew or should have known that Plaintiffs and other consumers did and would rely on them to provide Products that are defect free and fit for ordinary use as leggings.

**C.    The Products are Defective and Not Fit for Ordinary or Athletic Use**

26.    The Products, however, are defective and unfit for normal and athletic use. Customers of the Products across the country have complained that the Products either arrive torn or with holes, and/or develop tears or holes after only a few hours of use.

27.    The following images depict some of the defects with the Products that customers have documented:[4]



@LuLaRoe I put on my new first pair of your black leggings and have 2 holes! Black is hard to come by! #LuLaRoe

RETWEET 1   LIKES 5

9:14 AM - 9 Jan 2017



.@LuLaRoe My brand new unicorn leggings came with holes. #defective #unhappycustomer #emailmebackplease

6:21 PM - 21 Mar 2016

---

4
https://twitter.com/corimarino/status/818506129626042369/photo/1?ref_src=twsrc%5Etfw&ref_url

9

**FIRST AMENDED CLASS ACTION COMPLAINT**

28.   Furthermore, the Products are defective because they often arrive mis-sized.

29.   As described in Paragraphs 12-13, Plaintiffs have experienced the defects in the Products first-hand, as the Products they purchased arrived with holes and/or developed holes or tears within a few hours of use. For example Plaintiff Mack received the Products and immediately noticed there were numerous pinholes in them that would lead to tearing or ripping almost immediately:

 

Once Plaintiff Mack reviewed the return policy and saw that she was unable to return the defective product she threw them away. Plaintiff Benjamin retained many of her defective products and recently produced them for inspection to Defendants.  Some of

---

=http%3A%2F%2Fwww.self.com%2Fstory%2Flularoe-leggings (last visited on Apr. 28, 2017);
https://twitter.com/laurens450/status/712086880515461120 (lasted visited on Apr. 28, 2017).

**FIRST AMENDED CLASS ACTION COMPLAINT**

the defective Products she purchased are pictured below.

30.     Furthermore, both Plaintiffs have purchased Products that were mis-sized.



**D.     Defendants Were, or Should Have Been Aware, that the Products are Defective**

31.     Defendants know, knew or should have known that the Products were defective and not fit for ordinary use.

32.     Defendants have acknowledged the defects in the Products and have admitted that they intentionally manufacture inferior leggings products. Patrick Winget, designer and head of production for the LuLaRoe clothing line, reportedly admitted in a January 17, 2017 company-wide email that, "[t]he leggings may get holes, because we weaken the fibers to make them buttery soft." In a company-wide webinar meeting that same day, Mr. Winget admitted that "[w]e're still getting emails and

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  concerns about holes."[5]

2      33.    Furthermore, in addition to customer complaints received directly by

3  Defendants on a daily basis, customers have taken to numerous platforms to express

4  their concerns with the Product.

5      34.    For example, consumers have created a Facebook Group called "LuLaRoe

6  Defective/Ripped/Torn Leggings and Clothes," a forum with over 27,000 members.

7  Members use the forum to express their outrage about the Products.

8      35.    Furthermore, numerous consumers have filed complaints about the

9  Products with the FTC[6]:

10          a.  "I purchased a $25 pair of leggings from a LuLaRoe consultant online.

11              As soon as I tried to put them on, the fabric tore. The fabric is thin,

12              shotty and cheaply made. You can poke the fabric gently and they tear

13              instantly. They are full of holes, ruined and not wearable. I contacted

14              the company via email and they have not replied. I have been unable

15              to return or exchange them."

16          b.  "I have purchased 5 different pairs of the TC leggings from this

17              company and ALL 5 have had holes in them while wearing them for

18              the first time in a matter of hours. Poor quality of these products and

19              the only outcome is to replace. I don't want to replace a poor quality

20              item with another poor quality item."

21          c.  "I have had four pairs of leggings in total rip. The first pair had tiny

22              pin holes throughout the thigh area. The second ripped while putting

23              them on. The third tore two identical holes below the butt cheeks, this

24              was the first time I wore them and I pretty much rode in the car all day.

25

26  _____
    [5] http://www.businessinsider.com/lularoe-admits-leggings-are-tearing-holes-2017-3 (last visited on
27  Apr. 28, 2017).
    [6] https://www.truthinadvertising.org/wp-content/uploads/2017/03/LLR-FTC-complaints.pdf (last
28  visited Apr. 28, 2017).

**FIRST AMENDED CLASS ACTION COMPLAINT**

The fourth ripped along the seam."

36.     Numerous customers have also taken their concerns to the Better Business Bureau, which has given LuLaRoe an "F" rating:[7]

a.  "For a 26.50 pair of leggings they were very disappointing and ripped after one wear. Was told I can not return worn items for a refund!"

b.  "I have purchased several items from Lularoe, I now have holes in leggings, varied sizing even though they all say 'one size' pilling of fabric after one wear, missing stitching."

c.  "Nothing like buying a pair of leggings that you spend 25.00 ...To wear one time to either find holes in the material or you end up with your butt cheek showing due to poor quality...Never again."

**E.     Plaintiffs and other Consumers of the Product were Harmed**

37.     Plaintiffs and other consumers have reasonably relied on Defendants to provide Products free of defect and fit for ordinary use, and reasonably believed at the time of purchase that the Products would be free of defect and fit for ordinary use.

38.     Plaintiffs and other consumers did not know, and had no reason to know, that the Products are defective Defendants did not disclose to Plaintiffs and other consumers that the Products would be defective and not fit for ordinary use.

39.     Because the Products are defective and not fit for ordinary use, Defendants' marketing and sale of the Products was and continues to be unlawful.

40.     Plaintiffs and other consumers have paid an unlawful premium for the Products.  Plaintiffs and other consumers would not have purchased the Products at all had they known that the Products were defective. In the alternative, Plaintiffs and other consumers would have paid significantly less for the Products had they known that the Products are defective. Therefore, Plaintiffs and other consumers purchasing the Products suffered injury in fact and lost money as a result of Defendants' unlawful,

---

[7] https://www.bbb.org/central-california-inland-empire/business-reviews/online-retailer/lularoe-in-corona-ca-89069765/reviews-and-complaints (last visited Apr. 28, 2017).

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  unfair, and fraudulent practices, as described herein.

2       41.    As a result of its misleading business practices, and the harm caused to

3  Plaintiffs and other consumers, Defendants should be enjoined from selling the

4  Products.  Furthermore, Defendants should be required to pay for all damages caused

5  to harmed consumers, including Plaintiffs.

6       42.    Despite being harmed by Defendants, Plaintiffs would like to purchase the

7  Products in the future but will not know whether they are defective or not because they

8  both purchased the products online and cannot see or inspect them at the point of sale.

9  **F.    Defendants' Poor Return/Refund Policy During the Class Period**

10      43.    Prior to April 24, 2017, customers were barred from returning or

11  exchanging LuLaRoe products to Defendants directly.  Defendant's website confirmed

12  this policy: "any request pertaining to returns, damages, or shipping should go to the

13  original Retailer you purchased from. THANK YOU."

14      44.    Under this policy, when a customer attempted to return a defective product

15  for a refund or an exchange directly from Defendants, he or she was either ignored or

16  instructed to contact the Fashion Consultant from whom he or she purchased the

17  product. It was the Fashion Consultants' responsibility to contact Defendants to return

18  the defective product. However, Fashion Consultants have reported that coordinating

19  a return/exchange of a defective product with Defendants is not an easy task, as their

20  correspondence and requests almost always go unanswered by Defendants.  Therefore,

21  based on Defendants' return policies, Fashion Consultants often do not provide refunds

22  and/or exchanges for defective products.

23      45.    To the extent that a Fashion Consultant allows an exchange, the customer

24  often does not receive the exact same product that he or she purchased.  Part of

25  Defendants' business model, which enables them to mark up the price of its Products,

26  is to limit the number of each product that they sell. Furthermore, the customer is

27  responsible for any shipping costs associated with the return/exchange.

28

14

**FIRST AMENDED CLASS ACTION COMPLAINT**

46.     Moreover, Fashion Consultants would typically only exchange unworn, unwashed products with tags still attached, thus precluding a return of a worn product that developed a hole immediately.

## G.     Defendants' Recently Instituted Refund and Warranty Program is Inadequate

47.     In attempt to alleviate their unlawful practices regarding the Products, and in response to numerous defective product lawsuits, in April 2017, Defendants implemented a limited warranty and refund program.

48.     Defendants' "MAKE GOODProgram" seeks to remedy Product defect issues for past customer purchases, while the "Limited Warranty" and "Happiness Program" (collectively with the "MAKE GOOD Program" referred to as the "Programs") seek to protect future customer purchases.

49.     Although these Programs claim to provide a return and refund policy to Defendants' customers, the Programs contain many of the same issues as the previous policy and are limited in a number of ways:

**The Happiness Policy**

50.     The Happiness Policy is Defendants new return, refund, credit, and exchange policy for products purchased on or after April 24, 2017 .  They have detailed this policy on their website as follows[8]:

> **Our Return, Refund, Credit and Exchange Policies are Simple:**
>
> •     If at any time during the first **30 days** you are not completely satisfied or happy with your purchase**,** please contact the Independent Fashion Retailer **who sold you the product** and provide your original purchase receipt to receive a **full refund, credit or \*exchange**.
>
> •     If at any time in the **first 90 days** you are not completely satisfied or happy with your purchase, please contact **any** Independent Fashion Retailer and provide your original purchase receipt to receive a **credit or \*exchange**.

---

[8] http://www.lularoe.com/happinesspolicy (last visited Apr. 28, 2017).

**FIRST AMENDED CLASS ACTION COMPLAINT**

- Our policy applies to all unaltered LuLaRoe products sold to retail consumers in the United States by an authorized LuLaRoe Independent Fashion Retailer and excludes non-apparel and promotional items not sold at retail.
- If your product has a manufacturing defect in materials or workmanship, you may be entitled to a return under our limited warranty. Please see our limited warranty for details.
- *Due to the limited and exclusive nature of LuLaRoe's prints, colors, art and graphics, we cannot guarantee you will receive the same print, color, art or graphics in exchange.*

51.     Defendants still direct customers to contact Fashion Consultants, instead of Defendants, for a refund, credit or exchange. Thus, the burden of going through a middle-man for a refund, credit, or exchange still exists.

52.     As noted in the policy, Defendants still cannot guarantee exchanges for the exact same product because they still manufacture and distribute limited amounts of each product style and/or color.

53.     Defendants' policy only applies to unaltered products, which they do not define.

**The Limited Warranty:**

54.     The Programs also include a Limited Warranty for returns due to manufacturing defect in materials or workmanship for products purchased after April 24, 2017.  It allows for a return for a period of six months after the date of purchase with proof of purchase subject to certain limitations.[9]

55.     However, the Limited Warranty hinges on Defendants' sole discretion: "If at LuLaRoe's sole discretion your product is found to be defective after it is returned for inspection to an Independent Fashion Retailer…." The limited warranty "does not cover damage caused by accident, improper care, negligence, abuse, ***normal wear and***

---

[9] http://www.lularoe.com/limitedwarranty (last visited Apr. 28, 2017).

**FIRST AMENDED CLASS ACTION COMPLAINT**

*tear*, and the natural breakdown of colors and materials that occur by extended use." (emphasis added)[10]

56.   According to the Limited Warranty FAQ, "Fabric wearing thin, showing abrasions, stains, fading, discoloration, *rips, or tears* may be considered normal wear and tear."[11] (emphasis added). Under such a definition and policy, Defendants can easily refuse returns/exchanges for the  immediate tears and rips in Products, claiming that those issues are the results of "normal wear and tear" or "the natural breakdown of…materials," and thus not covered by the limited warranty.

57.   According to the policy, Defendants still cannot guarantee exchanges for the exact same product because they still manufacture and distribute limited amounts of each product style and/or color.

58.   Defendants' policy only applies to "original, unaltered, and unmodified product[s]," standards which Defendants' do not further define.

59.   Moreover, customers cannot receive a cash refund for the defective product under Defendants' limited warranty.

60.   Defendants continue to direct customers to return their product and proof of purchase to the Fashion Consultant who sold them the product.   The Fashion consultant will process the return and exchange, if Defendants determine that there was a manufacturing defect.

**The MAKE GOOD Program**

61.   "The 'MAKE GOOD Program' entitles Consumers to a product replacement, LuLaRoe Gift Card, or refund for products containing a defect in materials or workmanship purchased between January 1, 2016 and April 24, 2017 from an authorized Independent Fashion Retailer."[12]

---

[10] *Id.*
[11] *Id.*
[12] http://www.lularoe.com/happiness (last visited Apr. 28, 2017).

**FIRST AMENDED CLASS ACTION COMPLAINT**

62.     Most importantly, however, the MAKE GOOD Program does <u>not</u> provide any remedy for purchases of the Products made <u>prior to</u> January 1, 2016.

63.     Like the Limited Warranty Program, the MAKE GOOD Program "does not cover damage caused by accident, improper care, negligence, abuse, normal wear and tear, and the natural breakdown of colors and materials that occurs by extended use."[13]

64.     Likewise, the MAKE GOOD Program hinges on Defendants' sole discretion. Under such a policy, Defendants can easily refuse returns for the defects in the Products described above as being the results of normal wear and tear or the natural breakdown of materials and thus not covered under the program.

65.     Also, Defendants still cannot guarantee exchanges for the exact same product because they still manufacture and distribute limited amounts of each product style/color.

66.     Defendants continue to direct customers to return their product and proof of purchase to the Fashion Consultant who sold them the product.  The Fashion consultant will process the return and exchange or refund, if Defendants find that the product was defective.

67.     Despite Defendants' recent implementation of these three Programs, there is no guarantee that Defendants will modify their unlawful practices to ensure that customers are no longer subject to defective leggings Product purchases in the future. This is compounded by Mr. Winget's admission in a January 17, 2017 email regarding the Products, that "[w]e have done all we can to fix them."

## <u>CLASS ACTION ALLEGATIONS</u>

68.     Plaintiffs bring this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of themselves and all persons in the United States who purchased the Products within the relevant statute of limitations

---

[13] http://www.lularoe.com/makegood (last visted Apr. 28, 2017).

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    periods ("Nationwide Class").

2         69.    Plaintiffs also seek to represent a subclass defined as all persons in the

3    United States, who purchased the Products for personal, family, or household purposes

4    during the relevant statute of limitations periods ("Nationwide Consumer Subclass").

5         70.    Plaintiff Mack also seeks to represent a subclass defined as all persons,

6    who are California residents who purcashed the Products, or who purchased the

7    Products within the State of California, during the relevant statute of limitations periods

8    ("California Subclass").

9         71.    Plaintiff Mack also seeks to represent a subclass defined as all persons,

10   who are California residents who purchased the Products, or who purchased the

11   Products within the State of California, for personal, family, or household purposes

12   during the relevant statute of limitations periods ("California Consumer Subclass").

13        72.    Plaintiff Benjamin also seeks to represent a subclass defined as all

14   persons, who are Texas residents who purchased the Products, or who purchased the

15   Products within the State of Texas, for personal, family, or household purposes during

16   the relevant statute of limitations periods ("Texas DTPA Subclass").

17        73.    Excluded from the Classes are Defendants, the officers and directors of

18   Defendants at all relevant times, members of their immediate families and their legal

19   representatives, heirs, successors or assigns and any entity in which Defendants have

20   or had a controlling interest.  Any judge and/or magistrate judge to whom this action is

21   assigned and any members of such judges' staffs and immediate families are also

22   excluded from the Classes.

23        74.    Plaintiffs hereby reserve the right to amend or modify the class definitions

24   with greater specificity or division after having had an opportunity to conduct

25   discovery.

26        75.    Plaintiff Mack is a member of the Nationwide Class, Nationwide

27   Consumer Subclass, California Subclass and California Consumer Subclass.

28

**FIRST AMENDED CLASS ACTION COMPLAINT**

76.     Plaintiff Benjamin is a member of the Nationwide Class, Nationwide Consumer Subclass, and the Texas DTPA Subclass.

77.     <u>Numerosity</u>:     Through approximately 80,000 Fashion Consultants, Defendants have sold at least thousands of units of the Products.   Accordingly, members of the Classes are so numerous that their individual joinder herein is impractical.   While the precise number of Class members and their identities are unknown to Plaintiffs at this time, the number may be determined through discovery.

78.     <u>Common Questions Predominate</u>:   Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual Class members.   Common legal and factual questions include, but are not limited to whether the Products were defective and whether Defendants concealed material facts regarding the quality of the Products.

79.     <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the Classes they seek to represent in that Plaintiffs and members of the Classes purchased Defendants' defective Products.

80.     <u>Adequacy</u>:  Plaintiffs are adequate representative of the Classes because their interests do not conflict with the interests of the members of the Classes they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.   The interests of the members of the Classes will be fairly and adequately protected by the Plaintiffs and their counsel.

81.     <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the members of the Classes.   The size of each claim is too small to pursue individually and each individual Class member will lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies

**FIRST AMENDED CLASS ACTION COMPLAINT**

the burden on the judicial system presented by the complex legal and factual issues of this case.   Individualized litigation also presents a potential for inconsistent or contradictory judgments.   The class action mechanism is designed to remedy harms like this one that are too small in value, although not insignificant, to file individual lawsuits for.

82.   This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds that are generally applicable to the Class members, thereby making final injunctive relief appropriate with respect to all Classes.

83.   This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the questions of law and fact common to the members of the Classes predominate over any questions that affect only individual members, and because the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIRST CLAIM FOR RELIEF
### Violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*
### (*for the California Consumer Subclass and Nationwide Consumer Subclass*)

84.   Plaintiff Mack repeats the allegations contained in paragraphs 1-83 above as if fully set forth herein.

85.   Plaintiff Mack brings this claim individually and on behalf of the members of the proposed California Consumer Subclass and Nationwide Consumer Subclass against Defendants.

86.   Defendant is a "person" within the meaning of section 1761(c) of the California Civil Code.

87.   The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such Products by Plaintiff Mack and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code §

**FIRST AMENDED CLASS ACTION COMPLAINT**

1761(e).

88.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing and selling the Products as leggings, and stating that the Products are made "from materials that will last even the longest week of wear," Defendants have represented and continue to represent that the Products have characteristics – that they will be fit for ordinary use – when they do not have such characteristics.  Therefore, Defendants have violated section 1770(a)(5) of the CLRA.

89.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing and selling the Products as leggings, and stating that the Products are made "from materials that will last even the longest week of wear," Defendants have represented and continue to represent that the Products are of a particular standard or quality – defect free and fit for ordinary use – when they are not of such standard or quality. Therefore, Defendants have violated section 1770(a)(7) of the CLRA.

90.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By marketing and selling the Products as leggings, and stating that the Products are made "from materials that will last even the longest week of wear," but then selling the Products with defects, Defendants have violated section 1770(a)(9) of the CLRA.

91.     Cal. Civ. Code  § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." By marketing and selling the Products as leggings, and stating that the Products are made "from materials that will last even the longest week of wear," but then selling the Products with defects, Defendants have violated section 1770(a)(16) of the CLRA

92.     At all relevant times, Defendants have known or reasonably should have

**FIRST AMENDED CLASS ACTION COMPLAINT**

known that the Products were defective and not fit for ordinary use, and that Plaintiff Mack and other members of the California Consumer Subclass and Nationwide Consumer Subclass would reasonably and justifiably rely on Defendants and their expertise in design and manufacturing to provide Products free of defect and fit for ordinary use.

93.    Plaintiff Mack and other members of the California Consumer Subclass and Nationwide Consumer Subclass reasonably and justifiably relied on Defendants and their expertise in design and manufacturing to provide Products free of defect and fit for ordinary use.

94.    Plaintiff Mack and members of the California Consumer Subclass and Nationwide Consumer Subclass have suffered and continue to suffer injuries caused by Defendants because they would not have purchased the Products or would have paid significantly less for the Products had they known that Defendants' conduct was unlawful and fraudulent.

95.    Under Cal. Civ. Code § 1780(a), Plaintiff Mack and members of the California Consumer Subclass and Nationwide Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendants from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

96.    Pursuant to Cal. Civ. Code § 1782, on April 28, 2017, counsel for Plaintiff Mack mailed a notice and demand letter by certified mail, with return receipt requested, to Defendants. Defendants received the notice and demand letter on April 28, 2017.[14] Defendant was further advised that in the event that the relief requested has not been provided within thirty days, Plaintiff Mack would amend her complaint to include a request for monetary damages pursuant to the CLRA.

97.    Wherefore, such time having elapsed, Plaintiff Mack seeks damages for

---

[14] *See* Exhibit A.

**FIRST AMENDED CLASS ACTION COMPLAINT**

1 | violations of the CLRA.

2 | **SECOND CLAIM FOR RELIEF**
3 | **Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, et seq.**
4 | **(for the California Subclass and the Nationwide Class)**

5 | 98.   Plaintiffs repeat the allegations contained in paragraphs 1-83 above as if
6 | fully set forth herein.

7 | 99.   Plaintiffs bring this claim individually and on behalf of the members of
8 | the proposed California Subclass and the Nationwide Class against Defendants.

9 | 100.   UCL §17200 provides, in pertinent part, that "unfair competition shall
10 | mean and include unlawful, unfair or fraudulent business practices and unfair,
11 | deceptive, untrue or misleading advertising . . . ."

12 | 101.   Under the UCL, a business act or practice is "unlawful" if it violates any
13 | established state or federal law.

14 | 102.   Defendants' manufacturing and sale of the Products therefore was and
15 | continues to be "unlawful" because it violates the CLRA, California's False
16 | Advertising Law ("FAL"), and other applicable laws as described herein.

17 | 103.   As a result of Defendants' unlawful business acts and practices,
18 | Defendants have unlawfully obtained money from Plaintiffs, and members of the
19 | California Consumer Subclass.

20 | 104.   Under the UCL, a business act or practice is "unfair" if the Defendants'
21 | conduct is substantially injurious to consumers, offends public policy, and is immoral,
22 | unethical, oppressive, and unscrupulous, as the benefits for committing such acts or
23 | practices are outweighed by the gravity of the harm to the alleged victims.

24 | 105.   Defendants' conduct was and continues to be of no benefit to purchasers
25 | of the Products, as it is unfair, unlawful, and is injurious to consumers who seek to
26 | purchase a leggings product free of defect.  Selling a defective product is of no benefit
27 | to consumers.  Therefore, Defendants' conduct was and continues to be "unfair."

28 |

24

**FIRST AMENDED CLASS ACTION COMPLAINT**

106.   As a result of Defendants' unfair business acts and practices, Defendants have and continue to unfairly obtain money from Plaintiffs, and members of the California Subclass and the Nationwide Class.

107.   Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

108.   Defendants' conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Products would be fit for ordinary use and defect free, when they are not.  Because Defendants misled Plaintiffs and members of the and California Subclass and the Nationwide Class, Defendants' conduct was "fraudulent."

109.   As a result of Defendants' fraudulent business acts and practices, Defendants have and continue to fraudulently obtain money from Plaintiffs, and members of the California Subclass and the Nationwide Class.

110.   Plaintiffs request that this Court cause Defendants to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of the California Subclass and the Nationwide Class, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the UCL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiffs, and members of the California Subclass and the Nationwide Class, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CLAIM FOR RELIEF
### Violation of California's False Advertising Law ("FAL"),
### California Business & Professions Code §§ 17500, *et seq*
### *(for the California Subclass and the Nationwide Class)*

111.   Plaintiffs repeat the allegations contained in paragraphs 1-83 above as if fully set forth herein.

112.   Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass and the Nationwide Class against Defendants.

113.   California's FAL makes it "unlawful for any person to make or

25

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   disseminate or cause to be made or disseminated before the public . . . in any advertising

2   device . . . or in any other manner or means whatever, including over the Internet, any

3   statement, concerning . . . personal property or services professional or otherwise, or

4   performance or disposition thereof, which is untrue or misleading and which is known,

5   or which by the exercise of reasonable care should be known, to be untrue or

6   misleading."

7        114.   Defendants have represented and continue to represent to the public,

8   including Plaintiffs and members of the California Subclass and the Nationwide Class,

9   through Defendants' website that the Products are made "from materials that will last

10  even the longest week of wear." Furthermore, by selling the Products as "leggings,"

11  Defendants have represented that the Products would be leggings fit for ordinary use

12  and not defective with holes and/or tears.  Defendants' representations are misleading

13  because the Products are defective and not fit for ordinary use. Ordinary use of leggings

14  does not involve dealing with embarrassing tears and holes.  Because Defendants have

15  disseminated misleading information regarding the Products, and Defendants know,

16  knew, or should have known through the exercise of reasonable care that the

17  representations were and continue to be misleading, Defendants violated the FAL.

18       115.   As a result of Defendants' false advertising, Defendants have and continue

19  to fraudulently obtain money from Plaintiffs and members of the California Subclass

20  and the Nationwide Class.

21       116.   Plaintiffs request that this Court cause Defendants to restore this

22  fraudulently obtained money to Plaintiffs and members of the California Subclass and

23  the Nationwide Class, to disgorge the profits Defendants made on these transactions,

24  and to enjoin Defendants from violating the FAL or violating it in the same fashion in

25  the future as discussed herein.  Otherwise, Plaintiffs and members of the California

26  Subclass and the Nationwide Class may be irreparably harmed and/or denied an

27  effective and complete remedy if such an order is not granted.

28

**FIRST AMENDED CLASS ACTION COMPLAINT**

**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**California Commercial Code § 2314**
*(for the California Subclass)*

117.   Plaintiff Mack repeats the allegations contained in paragraphs 1-83 above as if fully set forth herein.

118.   Plaintiff Mack brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

119.   California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

120.   California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as… (c) Are fit for the ordinary purpose for which such goods are used." Cal. Com. Code § 2314(2)(c).

121.   Defendants are merchants with respect to the sale of clothing products, including the Products here. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to Plaintiff and California consumers.

122.   By selling the Products, Defendants made a promise that the Products are fit for their ordinary purpose as leggings. By providing defective Products, Defendants have failed to provide Products fit for their ordinary purpose. Ordinary use of leggings does not involve dealing with embarrassing tears and holes. Plaintiff and California consumers did not receive the goods as impliedly warranted by Defendants to be merchantable.

123.   Therefore, the Products are not merchantable under California law and Defendants have breached their implied warranty of merchantability in regard to the Products.

124.   If Plaintiff Mack and members of the and California Consumer Subclass had known that the Products were defective, they would not have purchased the Products, would have purchased less of them, or would not have been willing to pay as

27

much for them.  Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiff Mack and members of the California Subclass have suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**California Commercial Code § 2313**
***(for the California Subclass)***

125.   Plaintiff Mack repeats the allegations contained in paragraphs 1-83 above as if fully set forth herein.

126.   Plaintiff Mack brings this claim individually and on behalf of the members of the California Subclass against Defendants.

127.   California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Cal. Com. Code § 2313.

128.   Defendants have expressly warranted through their website and other advertising platforms, including their social media accounts, that the Products are fit for their ordinary use as leggings. These representations about the Products: (1) are affirmations of fact or promises made by Defendants to consumers that the Products are defect free (2) became part of the basis of the bargain to purchase the Products; and (3) created an express warranty that the Products would conform to these affirmations of fact or promises.  In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

129.   Plaintiff Mack and members of the California Subclass reasonably and

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    justifiably relied on the foregoing express warranties, believing that that the Products

2    would in fact conform to these warranties.

3        130.   Defendants have breached the express warranties by manufacturing and

4    selling the Products with defects.

5        131.   Plaintiff Mack and members of the California Subclass have been harmed.

6    If Plaintiff Mack and members of both the California Subclass had known of the true

7    nature of the Products, they would not have purchased the Products or would not have

8    been willing to pay the price associated with Products.

9        132.   As a result, Plaintiff Mack and members of the California Subclass

10    suffered injury and deserve to recover all damages afforded under the law.

11

**SIXTH CLAIM FOR RELIEF**
**Violation of Texas Deceptive Trade Practices Act**
*(for the the Texas DTPA Subclass)*

12

13        133.   Plaintiff Benjamin repeats the allegations contained in paragraphs 1-83

14    avove as if fully set forth herein.

15        134.   Plaintiff Benjamin and each member of the Texas DTPA Subclass is a

16    "consumer" as defined in the Texas Deceptive Trade Practices Act ("DTPA").

17        135.   Defendants violated the following provisions of the DTPA:

18           a.   Tex. Bus. & Com. Code §17.50(1): the use or employment of a false,

19             misleading, or deceptive acts or practices as defined in §17.46(b)(5),

20             §17.46(b)(7), §17.46(b)(9), §17.46(b)(20), and §17.46(b)(24) of the

21             DTPA that were detrimentally relied upon by Plaintiff Benjamin and

22             each member of the Texas DTPA Subclass; and

23           b.   Tex. Bus. & Com. Code §17.50(3): an unconscionable action or

24             course of action as defined by §17.45(5).

25        136.   Defendants' violations of the DTPA were committed knowingly and

26    intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA.

27

28

29

**FIRST AMENDED CLASS ACTION COMPLAINT**

137. Defendants' conduct was a producing and/or proximate cause of actual damages to Plaintiff Benjamin and each member of the Texas DTPA Subclass.

138. Plaintiff Benjamin and Texas DTPA Subclass members demand judgment against Defendants for compensatory damages in an amount to be determined at trial (Plaitniff Benjamin and Texas DTPA Subclass members will seek treble damages for the intentional and knowing conduct of Defendant), together with reasonable attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF
#### Common Law Fraud
##### *(for the Classes)*

139. Plaintiffs repeat the allegations contained in paragraphs 1-83 above as if fully set forth herein.

140. Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendants.

141. Defendants have marketed the Products in a manner indicating that the Products were defect free and fit for ordinary use. Furthermore, Defendants have willfully, falsely, or knowingly concealed and suppressed the material fact that the Products were defective and not fit for ordinary use. The Products, however, are defective contrary to Defendants' representations and omissions. Therefore, Defendants have made misrepresentations regarding the Products.

142. Defendants' misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions), because they relate to where the quality of the Products.

143. Defendants knew or recklessly disregarded the fact that the Products were defective.

144. Defendants intended and continue to intend that Plaintiff and other consumers rely on their expertise in providing quality leggings products, in purchasing

30

the Products.

145.   Plaintiffs and members of the Classes have reasonably and justifiably relied on Defendants to provide defect free Products and had the correct facts been known, would not have purchased the Products, would have purchased less of them, or would not have purchased them at the prices at which they were offered.

146.   Therefore, as a direct and proximate result of Defendants' fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
(*for the Classes*)

147.   Plaintiffs repeat the allegations contained in paragraphs 1-83 above as if fully set forth herein.

148.   Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendants.

149.   As alleged herein, Plaintiffs and members of the Classes have reasonably relied on Defendants to provide defect free Products but have not received all of the benefits promised by Defendants.   Plaintiffs and members of the Classes have conferred a benefit upon Defendants as Defendants have retained monies paid to them by Plaintiff and members of the Classes.

150.   The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the Classes – i.e., Plaintiffs and members of the Classes did not receive the full value of the benefit conferred upon Defendants.

151.   Therefore, it is inequitable and unjust for Defendants to retain the profit, benefit, or compensation conferred upon them without paying Plaintiffs and the

31

**FIRST AMENDED CLASS ACTION COMPLAINT**

members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

152.   As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendants, as follows:

a)   For an order certifying the Nationwide Class, the Nationwide Consumer Subclass, the California Subclass, the California Consumer Subclass, and the Texas DTPA Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff Mack as representative of the Nationwide Class, the Nationwide Consumer Subclass, the California Subclass and California Consumer Subclass, and Plaintiff Benjamin as representative of the Nationwide Class and the Texas DTPA Subclass ; and naming Plaintiffs' attorneys as Class Counsel to represent all Classes.

b)   For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

c)   For an order finding in favor of Plaintiffs, and all Classes, on all counts asserted herein;

d)   For an order awarding damages on behalf of the Classes, in amounts to be determined by the Court and/or jury;

e)   For prejudgment interest on all amounts awarded;

f)   For interest on the amount of any and all economic losses, at the prevailing legal rate;

**FIRST AMENDED CLASS ACTION COMPLAINT**

g)     For an order of restitution and all other forms of equitable monetary relief;

h)     For injunctive relief as pleaded or as the Court may deem proper;

i)      For an order awarding Plaintiffs and all Classes their reasonable attorneys' fees, expenses and costs of suit, including as provided by statute such as under California Code of Civil Procedure section 1021.5; and

j)      For any other such relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

Dated: July 5, 2017                          **FARUQI & FARUQI, LLP**

By: */s/ Barbara A. Rohr*
Barbara A. Rohr, Bar No. 273353
Benjamin Heikali, Bar No. 307466
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: 424.256.2884
Fax: 424.256.2885
E-mail: brohr@faruqilaw.com
           bheikali@faruqilaw.com

Bonner Walsh (OSB No.131716)
 (admitted *pro hac vice*)
WALSH PLLC
PO Box 7
Bly, Oregon 97622
Telephone:  (541) 359-2827
Facsimile:  (866) 503-8206
Email:  bonner@walshpllc.com

Michael Fuller (OSB No. 09357)
 (admitted *pro hac vice*)
OLSEN DAINES PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
Email: michael@underdoglawyer.com
Telephone: (503) 201-4570

*Counsel for Plaintiffs*

33

**FIRST AMENDED CLASS ACTION COMPLAINT**

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Tanya Mack, declare as follows:

1.       I am the Plaintiff in this action and a citizen of the State of California. To extent the allegations in the complaint are based on my personal knowledge, they are true and, if called as a witness, I could testify competently thereto.

2.       This Class Action Complaint is filed in the proper place for trial because I purchased the Products in this District, and Defendant conducts a substantial amount of business in this District.

3.       Between May 2016 and March 2017, I purchased the Products from in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on April 30, 2017 at Los Angeles, California.

_____
Tanya Mack

EXHIBIT A



FARUQI & FARUQI
LLP
ATTORNEYS AT LAW                    NEW YORK      CALIFORNIA      DELAWARE      PENNSYLVANIA

BARBARA A. ROHR
brohr@faruqilaw.com

April 28, 2017

**<u>Via Certified U.S. Mail</u>**
**<u>Return Receipt Requested</u>**

LuLaRoe, LLC
1375 Sampson Ave
Corona, CA 92879

LLR, Inc.
1375 Sampson Ave
Corona, CA 92879

Re:   *Class Action Notification and Pre-Lawsuit Demand Pursuant to California Civil*
*Code Section 1782 and All Other Applicable Laws Requiring Pre-Suit Notice*
*Concerning LuLaRoe Leggings*

To Whom It May Concern:

Please be advised that Faruqi & Faruqi, LLP represents Tanya Mack ("Client"), purchaser of LuLaRoe leggings.  Our Client seeks to represent a class of consumers ("Class") who, within the relevant time period,[1] purchased any LuLaRoe brand of leggings (the "Products").  This letter provides LuLaRoe, LLC and LLR, Inc. ("Defendants") with notice and demand for corrective action.  All further communications intended for our Client must be directed through this office. Furthermore, this demand and notice letter is meant to comply with the requirements of *California Civil Code* § 1782, and all other laws requiring a pre-suit demand and notice prior to litigation, on behalf of our Client and all others similarly situated should this matter proceed to litigation.

During the relevant time period, Defendants have marketed, advertised, and sold the Products as leggings for regular, or even athletic, use.  However, the Products are defective and unfit for normal and athletic use because they arrive with holes or tears, and/or rip, tear, or develop holes after limited use. Other problems with the Products include mismatching leg sizes on the leggings as well as leggings that are that are sold for adults but instead only fit a child.

Ms. Mack, a consumer residing in California, has purchased the Products in Wildomar, California, based on the implied warranty that the Products would be fit for regular use and would be free of defect.  Before making her purchases, Ms. Mack did not know, and had no reason to

---

[1] From four years prior to the date of a prospective complaint filed by our Client.



**FARUQI & FARUQI** LLP

ATTORNEYS AT LAW

LuLaRoe, LLC
LLR, Inc.
Page 2
April 28, 2017

know, that the Products were or would become defective. However, when she received the Products, the Products either had holes in them or developed holes within her first wear of them. Additionally, some of the Products were mis-sized. Had Ms. Mack known that the Products were or would become defective, she would not have purchased them, would have purchased less of them, or would have paid less for them.

These business practices violate several California consumer protection statutes and laws. Pursuant to *California Civil Code* § 1782(a)(1), our Client and the Class further provide notice that they believe Defendants have violated, and continue to violate the California Consumers Legal Remedies Act ("CLRA"), and specifically *California Civil Code* § 1770, in at least the following manner:

1. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have (Section 1770(a)(5));

2. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another (Section 1770(a)(7));

3. Advertising goods or services with intent not to sell them as advertised (Section 1770(a)(9)); and

4. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Section 1770(a)(16)).

It is our opinion that Defendants have also violated and continue to violate California Business and Professions Code Sections 17200 and 17500, in addition to common law and other statutory violations.

This letter not only serves as notification of Defendants' alleged violations of *California Civil Code* § 1770 as outlined above, but also as our Client's demand, and all others similarly situated, that Defendants immediately correct, repair, refund and otherwise rectify the violations of § 1770 and the other statutes and causes of action referenced above, on a class-wide basis.

To cure the harmful conduct noted herein, we demand that Defendants: (1) cease and desist from advertising and selling of the Products in a false and misleading manner; (2) issue an



LuLaRoe, LLC
LLR, Inc.
Page 3
April 28, 2017

immediate recall of the Products; and (3) make full restitution to the Class of all money obtained from the sales thereof.

We further demand that Defendants preserve all documents, emails, other electronically stored information and other evidence which refer or relate to any of the above-described practices, including, but not limited to:

1.   All documents concerning the development and/or testing of the Products;

2.   All documents concerning the manufacturing, advertisement, promotion, marketing and sale of the Products;

3.   All documents concerning communications with any individual involved in the development, testing, advertisement, promotion, marketing and sale of the Products;

4.   All documents concerning communications, including customer complaints, with purchasers of the Products;

5.   All documents concerning the sales volume of the Products (in units and/or dollars), and the revenues derived therefrom; and

6.   All documents concerning the identities and location of potential class members who purchased the Products.

Further, this letter serves as a thirty (30) day notice and demand requirement under § 1782 for damages. Accordingly, should Defendants fail to rectify the unfair and deceptive scheme within thirty (30) days of receipt of this letter, our Client will file a class action complaint for actual damages, punitive damages, and all other damages permitted under the CLRA and the other statutes and causes of action available to her, along with interest, attorneys' fees and costs for Defendants' violations.

We are willing to discuss an appropriate way to remedy the demands asserted in this letter. If Defendants wish to enter into such a discussion, please contact our firm immediately. If we do not hear from Defendants promptly, we will conclude that Defendants are not interested in resolving this dispute short of litigation in the form of a class action lawsuit. If Defendants contend that any statement in this letter is inaccurate in any respect, please provide our firm with Defendants' contentions and supporting documents promptly.



LuLaRoe, LLC
LLR, Inc.
Page 4
April 28, 2017

Please contact the undersigned if there are any questions or concerns.

Sincerely,

Barbara A. Rohr

cc:     Timothy J. Peter
        Ben Heikali

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

CORONA, CA 92879

| | |
|---|---|
| Certified Mail Fee | $3.35 |
| $ | |
| Extra Services & Fees *(check box, add fee as appropriate)* | $2.75 |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $0.70 |
| $ | |
| Total Postage and Fees | |
| $ | $6.80 |

Sent To  LLR, Inc.

Street and Apt. No., or PO Box No.  1375  SAMPSON  AVE

City, State, ZIP+4®  CORONA, CA  92879

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 3560 0000 7066 2182

# USPS Tracking® Results

**Track Another Package** ✛

Remove ✕

**Tracking Number:** 70163560000070662182

▶      ▶      ▶    Delivered

**Expected Delivery Day:** Monday, May 1, 2017 ⓘ

## Product & Tracking Information

See Available Actions

| | | |
|---|---|---|
| **Postal Product:**<br>First-Class Mail® | **Features:**<br>Certified Mail™<br>Return Receipt | |
| | See tracking for related item: 9590940223486225907475 (/go/TrackConfirmAction?tLabels=9590940223486225907475) | |

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **May 1, 2017, 10:34 am** | **Delivered, Left with Individual**<br>▲ | **CORONA, CA 92879** |
| | Your item was delivered to an individual at the address at 10:34 am on May 1, 2017 in CORONA, CA 92879. | |
| April 30, 2017, 4:21 pm | Departed USPS Facility | ANAHEIM, CA 92899 |
| April 30, 2017, 1:26 pm | In Transit to Destination | |
| April 29, 2017, 1:26 pm | Arrived at USPS Facility | ANAHEIM, CA 92899 |

See More ⌄

## Available Actions

| Text Updates | ⌄ |
|---|---|
| Email Updates | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

**F&F** **FARUQI & FARUQI**
LLP
A T T O R N E Y S   A T   L A W          NEW YORK     CALIFORNIA     DELAWARE     PENNSYLVANIA

BARBARA A. ROHR
brohr@faruqilaw.com

April 28, 2017

**Via Certified U.S. Mail**
**Return Receipt Requested**

LuLaRoe, LLC
1375 Sampson Ave
Corona, CA 92879

LLR, Inc.
1375 Sampson Ave
Corona, CA 92879

> Re:     *Class Action Notification and Pre-Lawsuit Demand Pursuant to California Civil*
> *Code Section 1782 and All Other Applicable Laws Requiring Pre-Suit Notice*
> *Concerning LuLaRoe Leggings*

To Whom It May Concern:

Please be advised that Faruqi & Faruqi, LLP represents Tanya Mack ("Client"), purchaser of LuLaRoe leggings.  Our Client seeks to represent a class of consumers ("Class") who, within the relevant time period,[1] purchased any LuLaRoe brand of leggings (the "Products").  This letter provides LuLaRoe, LLC and LLR, Inc. ("Defendants") with notice and demand for corrective action.  All further communications intended for our Client must be directed through this office. Furthermore, this demand and notice letter is meant to comply with the requirements of *California Civil Code* § 1782, and all other laws requiring a pre-suit demand and notice prior to litigation, on behalf of our Client and all others similarly situated should this matter proceed to litigation.

During the relevant time period, Defendants have marketed, advertised, and sold the Products as leggings for regular, or even athletic, use.  However, the Products are defective and unfit for normal and athletic use because they arrive with holes or tears, and/or rip, tear, or develop holes after limited use. Other problems with the Products include mismatching leg sizes on the leggings as well as leggings that are that are sold for adults but instead only fit a child.

Ms. Mack, a consumer residing in California, has purchased the Products in Wildomar, California, based on the implied warranty that the Products would be fit for regular use and would be free of defect..  Before making her purchases, Ms. Mack did not know, and had no reason to

_____

[1] From four years prior to the date of a prospective complaint filed by our Client.



FARUQI & FARUQI LLP
ATTORNEYS AT LAW

LuLaRoe, LLC
LLR, Inc.
Page 2
April 28, 2017

know, that the Products were or would become defective. However, when she received the Products, the Products either had holes in them or developed holes within her first wear of them. Additionally, some of the Products were mis-sized. Had Ms. Mack known that the Products were or would become defective, she would not have purchased them, would have purchased less of them, or would have paid less for them.

These business practices violate several California consumer protection statutes and laws. Pursuant to *California Civil Code* § 1782(a)(1), our Client and the Class further provide notice that they believe Defendants have violated, and continue to violate the California Consumers Legal Remedies Act ("CLRA"), and specifically *California Civil Code* § 1770, in at least the following manner:

1.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have (Section 1770(a)(5));

2.  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another (Section 1770(a)(7));

3.  Advertising goods or services with intent not to sell them as advertised (Section 1770(a)(9)); and

4.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Section 1770(a)(16)).

It is our opinion that Defendants have also violated and continue to violate California Business and Professions Code Sections 17200 and 17500, in addition to common law and other statutory violations.

This letter not only serves as notification of Defendants' alleged violations of *California Civil Code* § 1770 as outlined above, but also as our Client's demand, and all others similarly situated, that Defendants immediately correct, repair, refund and otherwise rectify the violations of § 1770 and the other statutes and causes of action referenced above, on a class-wide basis.

To cure the harmful conduct noted herein, we demand that Defendants: (1) cease and desist from advertising and selling of the Products in a false and misleading manner; (2) issue an



**FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

LuLaRoe, LLC
LLR, Inc.
Page 3
April 28, 2017

immediate recall of the Products; and (3) make full restitution to the Class of all money obtained from the sales thereof.

    We further demand that Defendants preserve all documents, emails, other electronically stored information and other evidence which refer or relate to any of the above-described practices, including, but not limited to:

1.    All documents concerning the development and/or testing of the Products;

2.    All documents concerning the manufacturing, advertisement, promotion, marketing and sale of the Products;

3.    All documents concerning communications with any individual involved in the development, testing, advertisement, promotion, marketing and sale of the Products;

4.    All documents concerning communications, including customer complaints, with purchasers of the Products;

5.    All documents concerning the sales volume of the Products (in units and/or dollars), and the revenues derived therefrom; and

6.    All documents concerning the identities and location of potential class members who purchased the Products.

    Further, this letter serves as a thirty (30) day notice and demand requirement under § 1782 for damages. Accordingly, should Defendants fail to rectify the unfair and deceptive scheme within thirty (30) days of receipt of this letter, our Client will file a class action complaint for actual damages, punitive damages, and all other damages permitted under the CLRA and the other statutes and causes of action available to her, along with interest, attorneys' fees and costs for Defendants' violations.

    We are willing to discuss an appropriate way to remedy the demands asserted in this letter. If Defendants wish to enter into such a discussion, please contact our firm immediately. If we do not hear from Defendants promptly, we will conclude that Defendants are not interested in resolving this dispute short of litigation in the form of a class action lawsuit. If Defendants contend that any statement in this letter is inaccurate in any respect, please provide our firm with Defendants' contentions and supporting documents promptly.



LuLaRoe, LLC
LLR, Inc.
Page 4
April 28, 2017


Please contact the undersigned if there are any questions or concerns.

Sincerely,

Barbara A. Rohr

cc:     Timothy J. Peter
        Ben Heikali

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

CORONA, CA 92879

Certified Mail Fee  $3.35

$2.75    0024    15

Extra Services & Fees (check box, add fee)
☐ Return Receipt (hardcopy)         $ $0.00
☐ Return Receipt (electronic)       $ $0.00      Postmark
☐ Certified Mail Restricted Delivery $ $0.00       Here
☐ Adult Signature Required          $ $0.00
☐ Adult Signature Restricted Delivery $

Postage
$ $0.70

Total Postage and Fees
$ $6.80

APR 28 2017

04/28/2017

Sent To  LuLaRoe , LLC
Street and Apt. No., or PO Box No.  1375  SAMPSON AVE
City, State, ZIP+4®  CORONA , CA 92879

PS Form 3800, April 2015 PSN 7530-02-000-9047       See Reverse for Instructions

# USPS Tracking® Results

FAQs ❭ (http://faq.usps.com/?articleId=220900)

**Track Another Package +**

Remove ✕

**Tracking Number:** 70163560000070662199

▶      ▶      ❭    Delivered

**Expected Delivery Day:** Monday, May 1, 2017 ⓘ

## Product & Tracking Information

See Available Actions

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™
Return Receipt

See tracking for related item: 9590940223486225907468 (/go/TrackConfirmAction?
tLabels=9590940223486225907468)

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **May 1, 2017, 10:34 am** | **Delivered, Left with Individual** | **CORONA, CA 92879** |

▲

Your item was delivered to an individual at the address at 10:34 am on May 1, 2017 in CORONA, CA 92879.

| | | |
|---|---|---|
| April 30, 2017, 4:21 pm | Departed USPS Facility | ANAHEIM, CA 92899 |
| April 30, 2017, 1:26 pm | In Transit to Destination | |
| April 29, 2017, 1:26 pm | Arrived at USPS Facility | ANAHEIM, CA 92899 |

See More ⌄

## Available Actions

| Text Updates | ⌄ |
|---|---|
| Email Updates | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Dated: July 5, 2017                                      By: */s/ Barbara A. Rohr*
                                                              Barbara A. Rohr

**FIRST AMENDED CLASS ACTION COMPLAINT**