Michael T. Hornak (State Bar No. 81936)
mhornak@rutan.com
Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Kathryn D.Z. Domin (State Bar No. 274771)
kdomin@rutan.com
Samantha L. Goates (State Bar No. 310610)
sgoates@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendants
LULAROE, LLC and LLR, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| TANYA MACK and MINA NICOLLE ULASZEK BENJAMIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LULAROE, LLC and LLR, INC.,<br><br>Defendants. | Case No. 5:17-cv-00853-JGB-DTB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Assigned for all purposes to Hon. Jesus G. Bernal<br><br>Date:               August 28, 2017<br>Time:               9:00 a.m.<br>Courtroom.:       1<br><br>Date Action Filed:  May 2, 2017<br>Trial Date:          Not Scheduled |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 28, 2017, at 9:00 a.m., or as soon thereafter as counsel may be heard in Department 1 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, CA 92501, defendants LLR, Inc. and LuLaRoe, LLC (together, "Defendants") will and hereby do move the Court to dismiss all claims in the First Amended Class Action Complaint of Plaintiffs Tanya Mack and Mina Nicolle Ulaszek Benjamin ("Plaintiffs").

This motion is brought pursuant to the Federal Rules of Civil Procedure, Rules 1, 8(a)(2), 9(b), 12(b)(6), and 12(b)(1). Plaintiffs' claims are fraud-based, and Plaintiffs have failed to plead facts with sufficient particularity to state any claim on which relief can be granted. Further, Plaintiffs lack standing to pursue claims for injunctive relief.

Defendants' motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all records and pleadings filed in this action, and upon such matters as may be provided at oral argument.

This motion is made following the conference of counsel pursuant to Central District Rule 7-3, which took place on July 12, 2017, as memorialized in the joint stipulation addressing matters relevant to the scheduling of this motion. Dkt. 23.

Dated: July 26, 2017                                RUTAN & TUCKER, LLP


                                                    By: */s/ Michael T. Hornak*
                                                        Michael T. Hornak
                                                        Attorneys for Defendants
                                                        LULAROE, LLC and LLR, INC.

Rutan & Tucker, LLP
*attorneys at law*

2610/033910-0005
11089517.8 a07/26/17

-2-
NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................1

II.   FACTUAL BACKGROUND ...............................................................2

III.  LEGAL ARGUMENT ........................................................................4

   A.   Plaintiff Mack Does Not State A Claim for Violation of
        the CLRA ..................................................................................4

        1.   Plaintiff Mack Fails to Plead Reliance On Any
             Misrepresentation By LLR with Specificity.....................5

        2.   Plaintiff Mack Has Not Alleged an Actionable
             Statement .........................................................................7

        3.   Plaintiff Mack Has Not Alleged a "Deceptive Act." .........9

        4.   Plaintiff Mack Has Not Alleged Pre-Sale Notice of
             A Defect ...........................................................................9

        5.   Plaintiff Mack Has Not Alleged A CLRA
             "Transaction." ................................................................11

   B.   Plaintiffs Do Not State A Claim for Violation of the UCL ...............12

        1.   Plaintiffs Have Not Alleged Pre-Sale Notice of A
             Defect .............................................................................12

        2.   Plaintiffs Do Not State A UCL "Fraudulent" Claim ...............12

        3.   Plaintiffs Do Not State A UCL "Unlawful" Claim .................13

        4.   Plaintiffs Do Not State A UCL "Unfair" Claim ......................13

   C.   Plaintiffs Do Not State A Claim for Violation of the FAL.................14

   D.   Alternatively, UCL or FAL Equitable Relief Is Not
        Available Because Plaintiffs Have An Adequate Legal
        Remedy ...................................................................................15

   E.   Plaintiff Mack Does Not State An Implied Warranty
        Claim Because Plaintiff Mack Fails to Plead Privity with
        Defendants..............................................................................16

   F.   Plaintiff Mack Does Not State An Express Warranty
        Claim Because She Has Alleged No Express Promise.....................17

   G.   Plaintiff Benjamin Does Not State a Claim Under the
        DTPA ......................................................................................19

        1.   The DTPA Claim Suffers Many of the Same

Rutan & Tucker, LLP
*attorneys at law*

**Page**

Defects That Are Fatal to Plaintiffs' California Claims ................................................................................19

2. Plaintiff Benjamin Does Not Adequately Allege Intent ...........................................................................20

3. The FAC Does Not Plead "Unconscionable" Conduct ..........................................................................21

H. Plaintiffs Do Not State a Claim for Common Law Fraud ..................22

I. Unjust Enrichment Is Not A Cause of Action ....................................23

J. Plaintiffs Do Not Have Standing To Seek Injunctive Relief ..............24

IV. CONCLUSION ..............................................................................25

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-ii-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Annunziato v. eMachines, Inc.*,
402 F. Supp. 2d 1133 (C.D. Cal. 2005, Selna, J.) ............................................. 8, 13

*Apodaca v. Whirlpool Corp.*,
2013 WL 6477821 (C.D. Cal. Nov. 8, 2013, Selna, J.)........................................ 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................ 4, 21

*Avila v. Vital Pharmaceuticals, Inc.*,
2013 WL 12124054 (C.D. Cal. Feb. 7, 2013, Bernal, J.).................................... 6

*Baba v. Hewlett-Packard Co.*,
2010 WL 2486353 (N.D. Cal. June 16, 2010, Seeborg, J.).................................7

*Bah. Surgery Ctr., LLC v. Kimberly-Clark Corp.*,
2017 WL 2120062 (C.D. Cal. May 15, 2017, Gee, J.)...................................... 16

*Barakezyan v. BMW of N. Am., LLC*,
2016 WL 2840803 (C.D. Cal. Apr. 7, 2016, Otero, J.) ...................................... 19

*Berenblat v. Apple, Inc.*,
2010 WL 1460297 (N.D. Cal. Apr. 7, 2010, Fogel, J.)...................................... 10

*Bruce v. Harley-Davidson*,
2010 WL 3521775 (C.D. Cal. Jan. 15, 2010, Synder, J.)..................................... 6

*Castagnola v. Hewlett-Packard Co.*,
2012 WL 2159385 (N.D. Cal. June 13, 2012, White, J.) .................................... 24

*Chambers v. CVS Pharm., Inc.*,
2009 WL 2579661 (S.D. Cal. Aug. 19, 2009, Houston, J.) ............................... 24

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ...................................................................... 16, 17

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*,
911 F. 2d 242 (9th Cir. 1990) ............................................................................. 8

-iii-

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

**Page(s)**

**FEDERAL CASES (CONT.)**

*Dana v. Hershey Co.*,
180 F. Supp. 3d 652 (N.D. Cal. 2016, Spero, Mag. J.) ........................................... 5

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.*,
2015 WL 4941780 (N.D. Cal. Aug. 19, 2015, Gilliam, J.) .................................. 16

*Frenzel v. Aliphcom*,
2015 WL 4110811 (N.D. Cal. July 7, 2015, Orrick, J.) ......................................... 8

*Gold v. Lumber Liquidators, Inc.*,
2015 WL 7888906 (N.D. Cal. Nov. 30, 2015, Henderson, J.).............................. 8

*Green v. Canidae Corp.*,
2009 WL 9421226 (C.D. Cal. June 9, 2009, Feess, J.) ....................................... 12

*Grodzitsky v. Am. Honda Motor Co.*,
2013 WL 690822 (C.D. Cal. Feb. 19, 2013, Wilson, J.)........................... 9, 10, 12

*Herremans v. BMW of N. Am., LLC*,
2014 WL 5017843 (C.D. Cal. Oct. 3, 2014, Morrow, J.) .................................... 10

*Herron v. Best Buy Co.*,
924 F. Supp. 2d 1161 (E.D. Cal. 2013, Burrell J.) .............................................. 14

*Hitek Software, LLC v. Sunrise Broadcasting of N.Y., Inc.*,
2013 WL 12137879 (C.D. Cal. Feb. 21, 2013, Bernal, J.)..................................... 6

*Hodgers-Durgin v. de la Vina*,
199 F.3d 1037 (9th Cir. 1999) ........................................................................... 24

*Hodges v. Apple Inc.*
2013 WL 4393545 (N.D. Cal. Aug. 12, 2013, Orrick, J.).................................... 13

*Hodsdon v. Mars, Inc.*,
162 F. Supp. 3d 1016 (N.D. Cal. 2016, Seeborg, J.)............................................. 5

*In re Conagra Foods, Inc.*,
90 F. Supp.3d 919 (C.D. Cal. 2015, Morrow J.) ................................................ 17

*In re First Alliance Mortg. Co.*,
471 F.3d 977 (9th Cir. 2006) .............................................................................. 15

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

**Page(s)**

**FEDERAL CASES (CONT.)**

*In re iPhone 4S Consumer Litig.*,
   2014 WL 589388 (N.D. Cal. Feb. 14, 2014, Wilken, J.) ...................................... 18

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010, Gonzalez, J.) ......................................... 15

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................. 5, 6, 22

*Khasin v. R.C. Bigelow*,
   2013 WL 2403579 (N.D. Cal. May 31, 2013, White J.) ...................................... 23

*Long v. Hewlett-Packard Co.*,
   2007 WL 2994812 (N.D. Cal. July 27, 2007, Ware, J.) ........................................ 7

*Marcus v. Apple Inc.*,
   2015 WL 151489 (N.D. Cal. Jan. 8, 2015, Alsup, J.) ......................................... 20

*McAdam v. State Nat'l Ins. Co.*,
   2012 WL 4364655 (S.D. Cal. Sep. 24, 2012, Moskowitz, C.J.) ......................... 16

*McCrary v. Elations Co., LLC*,
   2013 WL 6403073 (C.D. Cal. July 12, 2013, Bernal, J.) ...................................... 6

*McFarland v. JP Morgan Chase Bank*,
   2014 WL 1705968 (C.D. Cal. Apr. 28, 2014, Bernal, J.) ................................... 14

*Nguyen v. Bank of Am. Nat'l Ass'n*,
   2011 WL 5574917 (N.D. Cal. Nov. 15, 2011, Koh, J.) ...................................... 23

*O'Shea v. Epson Am., Inc.*,
   2011 WL 3299936 (C.D. Cal. July 29, 2011, Gutierrez, J.)................................ 23

*Oestreicher v. Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008, Patel, J.) ........................................... 10, 11

*Pelayo v. Nestle USA, Inc.*,
   989 F. Supp. 2d 973 (C.D. Cal. 2013, Walter, J.) .................................................. 5

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-v-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

**Page(s)**

**FEDERAL CASES (CONT.)**

*Rahman v. Mott's LLP*,
  2014 WL 5282106 (N.D. Cal. Oct. 15, 2014, Illston, J.) .................................... 24

*Rasmussen v. Apple Inc.*,
  27 F. Supp. 3d 1027 (N.D. Cal. 2014, Chen, J.) ..................................................... 8

*Resnick v. Hyundai Motor Am., Inc.*,
  16-CV-00593, 2016 U.S. Dist. LEXIS 160179 ................................................... 18

*Rice v. Sunbeam Prods.*
  2013 WL 146270 (C.D. Cal. Jan. 7, 2013, Synder, J.) ................................... 7, 15

*Romero v. HP, Inc.*,
  2017 WL 386237 (N.D. Cal. Jan. 27, 2017, Koh, J.) ......................................... 19

*Schwartz v. Wright Med. Tech., Inc.*,
  2014 WL 11320637 (C.D. Cal. Sep. 11, 2014, Bernal, J.) ........................... 16, 17

*Shroyer v. New Cingular Wireless Serv.*,
  622 F.3d 1035 (9th Cir. 2010) ............................................................................. 10

*Spokeo, Inc. v. Robins*,
  136 S.Ct. 1540 (2016) ......................................................................................... 24

*Strauss v. Ford Motor Co.*,
  439 F. Supp. 2d 680 (N.D. Tex. 2006, Fish, C.J.) ............................................... 22

*Taylor v. Nike, Inc.*,
  2017 WL 663056 (D. Or. Feb. 17, 2017, Mosman, C.J.) ................................... 24

*Tipton v. Zimmer, Inc.*,
  2016 WL 3452744 (C.D. Cal. June 23, 2016, O'Connell, J.) ............................. 18

*Vaccarino v. Midland Nat. Life Ins., Co.*,
  2011 WL 5593883 (C.D. Cal. Nov. 14, 2011, Synder, J.) ................................... 12

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................................... 5

*Williamson v. Apple, Inc.*,
  2012 WL 3835104 (N.D. Cal. Sep. 4, 2012, Davila, J.) ....................................... 4

Rutan & Tucker, LLP
attorneys at law

-vi-

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

**Page(s)**

**FEDERAL CASES (CONT.)**

*Wilson v. Hewlett-Packard Co.*,
 668 F.3d 1136 (9th Cir. 2012) ...................................................................... 4, 5, 10

*Wolph v. Acer Am. Corp.*,
 2009 WL 2969467 (N.D. Cal. Sept. 14, 2009, White, J.) .............................. 16, 23

*Zeppeiro v. Green Tree Servicing, LLC*,
 2015 WL 12660398 (C.D. Cal. Apr. 15, 2015, Morrow, J.) ................................ 13

*ZL Techs. Inc. v. Gartner, Inc.*,
 2009 WL 3706821 (N.D. Cal. Nov. 4, 2009, Fogel J.) ......................................... 15

**CALIFORNIA CASES**

*Prudential Home Mortg. Co. v. Superior Court*,
 66 Cal. App. 4th 1236 (1998) .............................................................................. 15

**OTHER STATE CASES**

*Amstadt v. United States Brass Corp.*,
 919 S.W.2d 644 (Tex. 1996) ................................................................................. 20

*Chastain v. Koonce*,
 700 S.W.2d 579 (Tex. 1985) ............................................................................ 21, 22

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
 907 S.W.2d 472 (Tex. 1995) ................................................................................. 20

*Patterson v. McMickle*,
 191 S.W.3d 819 (Tex. App. 2006) ........................................................................ 20

**CALIFORNIA STATUTES**

Business & Professions Code
 section 17200, *et seq.* (Unfair Competition Law ["UCL"]) ........................Passim
 section 17500, *et seq.* (False Advertising Law ["FAL"]) ...........................Passim

Civil Code
 section 1750, *et seq.* (Consumer Legal Remedies Act ["CLRA"])..............Passim
 section 1761(e) ..................................................................................................... 11
 section 1770(a) .............................................................................................. 4, 11

Rutan & Tucker, LLP
*attorneys at law*

2610/033910-0005
11089517.8 a07/26/17

-vii-

**Page(s)**

**CALIFORNIA STATUTES (CONT.)**

Commercial Code
    section 2103 ........................................................................................ 18
    section 2103(1)(d) ............................................................................... 18
    section 2104 ........................................................................................ 18
    section 2313 ................................................................................ 17, 18

**OTHER STATE STATUTES**

Texas Business & Commerce Code
    section 17.01, *et seq.* (Deceptive Trade Practices Act ["DTPA"]) .............. Passim
    section 17.45(5) ................................................................................. 21
    section 17.45(13) ............................................................................... 20
    section 17.46 ..................................................................................... 20
    section 17.46(b)(5) ............................................................................ 19
    section 17.46(b)(7) ............................................................................ 19
    section 17.46(b)(9) ............................................................................ 19
    section 17.46(b)(24) ............................................................... 19, 20, 21
    section 17.50(a)(1) ..................................................................... 19, 20
    section 17.50(a)(3) ............................................................................ 19

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure
    Rule 8 ................................................................................................ 21
    Rule 8(a)(2) ......................................................................................... 4
    Rule 9 ........................................................................................... 15, 19
    Rule 9(b) .................................................................................... Passim
    Rule 12(1)(b) ..................................................................................... 24
    Rule 12(b)(6) ...................................................................................... 8

United States Constitution, Article III ....................................................... 24

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION.

The top priority of Defendants LuLaRoe, LLC and LLR, Inc. (together, "Defendants" or "LLR") is satisfying every purchaser of clothing. The First Amended Complaint ("FAC") of Plaintiffs Tanya Mack and Mina Nicolle Ulaszek Benjamin (together, "Plaintiffs") itself references Defendants' achievements, alleging that LLR has become very successful, with "80,000 independent Fashion Consultants" who sell product. FAC ¶ 18. This success is due in large part to LLR's dedication to consistently providing high-quality, stylish, and affordable apparel. Nonetheless, Plaintiffs now assert that LLR "misrepresented" and "concealed" facts relating to leggings, which Plaintiffs falsely assert are "defective."

Plaintiffs do not have any legitimate dispute with LLR. Instead, the motivation behind their lawsuit is a class action pay-out. Tellingly, rather than explain their *personal* claims in any detail, Plaintiffs spill a good deal of ink on broad statements ostensibly related to Defendants' business practices, including criticisms of the multi-level marketing model as a whole and descriptions of customer complaints purportedly lodged by purchasers *other than Plaintiffs*. *See* FAC ¶¶ 16-21; 33-36. Parsing through Plaintiffs' irrelevant allegations, the FAC fails to adequately plead any viable claim.

While Plaintiffs allege consumer claims sounding in fraud, they do not plead that they individually saw or relied on any misrepresentation, and certainly not with the specificity required to satisfy Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"). Plaintiffs only assert that the "LuLaRoe website" contains various non-actionable statements. FAC ¶ 23. But the FAC does not allege that Plaintiffs were exposed to that webpage or otherwise saw the challenged materials. Additionally, as explained below, Plaintiffs' fraud-based claims also fail because Plaintiffs (1) do not allege Defendants had pre-sale notice of the ostensible defects; (2) improperly assert equitable claims where a legal remedy exists; and (3) ignore

Rutan & Tucker, LLP
attorneys at law

-1-

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1  the very benefits of the business practices that they raise in their pleading.

2      Plaintiff Mack's warranty claims are similarly defective because the FAC

3  fails to allege privity (a necessary element for an implied warranty) or a written

4  guarantee (a necessary element for an express warranty).  Further, while Plaintiffs

5  purport to assert a claim for "quasi contract/unjust enrichment/restitution," those

6  concepts describe a theory of recovery, not an independent claim.  Lastly, Plaintiffs,

7  who are well aware of the disputed practices, lack standing to seek injunctive relief.

8  As a result, LLR respectfully requests that the Court dismiss the entire FAC.

9  ## II.    FACTUAL BACKGROUND.

10      Plaintiff Mack filed her initial Class Action Complaint on May 2, 2017.

11  Dkt. 1.  Plaintiff Benjamin was not originally a named party.  *Id.*  On July 5, 2017,

12  following LLR's request to meet and confer with respect to deficiencies in the initial

13  Complaint, Plaintiffs jointly filed the FAC.  Dkt. 22.  That pleading introduced

14  Plaintiff Benjamin, and her claim under Texas consumer statutes, for the first time.

15  *See* FAC ¶¶ 13; 133-138.  It also purported to expand Plaintiffs' class allegations,

16  which Defendants address in the concurrently filed Motion to Strike.

17      In the FAC, Plaintiffs claim that Defendants sell "defective" leggings that

18  "arrive with holes or tears, and/or rip, tear, or develop holes after limited use."  FAC

19  ¶ 2.[1]  While Plaintiffs assert that LLR "manufacturers" clothing, *id.* ¶ 16, they state

20  that Defendants "foregoe [sic] selling . . . clothing directly to consumers," instead

21  selling "at wholesale to recruited members of the general public, known as 'Fashion

22  Consultants'" who "in turn sell the clothing directly to consumers . . . ."  *Id.* ¶ 17.

23      Plaintiffs' allegations related to their own experiences with LLR products are

24  very limited and vague.  Plaintiff Mack asserts only that "[b]etween approximately

25  May 2016 and March 2017, [she] purchased the Products in Wildomar, CA and

26

27  _____

28  [1]    Plaintiffs bring claims against both "LuLaRoe, LLC" and "LLR, Inc."  LuLaRoe, LLC is not a proper defendant.  Defendants reserve the right to demand dismissal of LuLaRoe, LLC if any of Plaintiffs' claims survive the pleading stage.

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

Murrieta, CA." FAC ¶ 12. Similarly, Plaintiff Benjamin claims that "[b]etween approximately August 2016 and February 2017, [she] purchased the Products from her home," which she alleges to be in Bandera, Texas. *Id.* ¶ 13. Plaintiffs do not allege that they relied on any specific representation made by LLR in buying leggings. Instead, they state only that they "reasonably believed at the time of purchase that the Products would be free of defect and fit for ordinary use." *Id.* ¶¶ 12, 13. After purchasing leggings, Plaintiffs allege that they arrived with holes, or developed holes within Plaintiffs' first use. *Id.* ¶¶ 12, 13. Plaintiffs also allege that "some of the Products [they] purchased were mis-sized." *Id.* ¶¶ 12, 13.

Plaintiffs assert "upon information and belief" that Defendants "know, knew, or should have known" that the leggings were defective. FAC ¶ 31; *Preamble* ("all other matters" beyond Plaintiffs "own actions" are alleged "upon information and belief"). In support of this claim, Plaintiffs cite to a "reported" January 17, 2017 "e-mail" from an agent of LLR purportedly recognizing that Defendants weaken fabric fibers to create comfortable products; unspecified "customer complaints" ostensibly "received directly by Defendants on a daily basis;" a "Facebook Group;" three undated complaints allegedly filed "with the FTC;" and three undated complaints allegedly submitted to the Better Business Bureau ("BBB"). *Id.* ¶¶ 32-36.

Plaintiffs further claim that LLR had, in the past, a "poor return/refund policy." FAC ¶¶ 43-46. Plaintiffs allege that consumers were directed to Fashion Consultants to return product, but they assert that those consultants "often" did not provide refunds, and "typically" would exchange only "unworn, unwashed products." *Id.* ¶¶ 44, 46. In connection with her purchase, Plaintiff Mack vaguely contends that she was "unable to return the defective product" and "threw [it] away." *Id.* ¶ 29. Plaintiff Benjamin alleges no effort to return Defendants' products, but states that she "retained many of her defective products . . . ." *Id.*

Based on these allegations, Plaintiffs assert the following claims: (1) on behalf of Plaintiff Mack only, violation of California's Consumer Legal Remedies

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1   Act (the "CLRA," Cal. Civ. Code section 1750, *et seq.*); (2) on behalf of both

2   Plaintiffs, violation of California's Unfair Competition Law (the "UCL," Cal. Bus.

3   & Prof. Code section 17200, *et seq.*); (3) on behalf of both Plaintiffs, violation of

4   California's False Advertising Law (the "FAL," Cal. Bus. & Prof. Code section

5   17500, *et seq.*); (4) on behalf of Plaintiff Mack only, breach of implied warranty;

6   (5) on behalf of Plaintiff Mack only, breach of express warranty; (6) on behalf of

7   Plaintiff Benjamin only, violation of Texas' Deceptive Trade Practices Act (the

8   "DTPA," Tex. Bus. & Com. Code section 17.01, *et seq.*); (7) on behalf of both

9   Plaintiffs, common law fraud; and (8) on behalf of both Plaintiffs, "quasi contract /

10  unjust enrichment / restitution." FAC ¶¶ 84-152.

11  ## III.   **LEGAL ARGUMENT.**

12      "A pleading that states a claim for relief must contain . . . a short and plain

13  statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

14  Civ. P. 8(a)(2).  A complaint must provide factual allegations to "state a claim to

15  relief that is plausible on its face." *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S. 662, 678

16  (2009) (*quoting Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

17      ### A.   **Plaintiff Mack Does Not State A Claim for Violation of the CLRA.**

18      The CLRA prohibits a list of "deceptive acts or practices undertaken by any

19  person in a transaction intended to result or that results in the sale . . . of goods or

20  services to any consumer." Cal. Civ. Code § 1770(a).  Plaintiffs' statutory claims,

21  including Plaintiff Mack's claim under CLRA, each sound in fraud.  Plaintiffs assert

22  that LLR made misrepresentations to induce sales.  *See, e.g.*, FAC ¶¶ 12, 13 (stating

23  Defendants' practices are "misleading, false, unfair, and fraudulent").[2]  Pursuant to

24  _____

25  [2]   Plaintiffs' claims under California consumer laws, including the CLRA, FAL,
    and UCL, do not assert omissions-based theories. *See* FAC ¶¶ 84-116. Even if they

26  did, however, such theories could not proceed. In *Wilson v. Hewlett-Packard Co.*
    ("*Wilson*"), 668 F.3d 1136, 1141 (9th Cir. 2012), the Ninth Circuit held that absent

27  affirmative misrepresentations, an obligation to disclose under California law
    extends only to matters of product safety. *Id.* at 1141-43; *see also Williamson v.*

28  *Apple, Inc.*, 2012 WL 3835104, at *6 (N.D. Cal. Sept. 4, 2012, Davila, J.) (*citing*
    *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 939 (C.D. Cal. 2012,

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17
-4-
NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1  Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the

2  circumstances constituting fraud and mistake." Fed. R. Civ. P. 9(b).  This means

3  that "[a]verments of fraud must be accompanied by 'the who, what, when, where,

4  and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA* ("*Vess*"),

5  317 F.3d 1097, 1106 (9th Cir. 2003).  Rule 9(b) applies to all fraud-based claims

6  under the UCL, the CLRA, and the FAL.  *Kearns v. Ford Motor Co.* ("*Kearns*"),

7  567 F.3d 1120, 1125 (9th Cir. 2009).  Claims under these statutes are governed by

8  the "reasonable consumer" standard, which requires a probability that a "significant

9  portion" of the public acting reasonably could be misled.  *Pelayo v. Nestle USA,*

10  *Inc.*, 989 F. Supp. 2d 973, 977-78 (C.D. Cal. 2013, Walter, J.).

11  **1.  Plaintiff Mack Fails to Plead Reliance On Any**

12  **Misrepresentation By LLR with Specificity.**

13  Plaintiffs' allegations do not come close to satisfying Rule 9(b).

14  Fundamentally, Plaintiffs do not allege that they were exposed to any specific

15  representation made by Defendants (or anyone else).  Instead, they only vaguely

16  assert that between "approximately May 2016 and March 2017" in Plaintiff Mack's

17  case, and between "approximately August 2016 and February 2017" in Plaintiff

18  Benjamin's case, Plaintiffs "relied on Defendants to provide Products free of

19  defect." FAC ¶¶ 12, 13.  Because Plaintiffs have not alleged that they were exposed

20  to any specific representation, they correspondingly cannot assert the "'the who,

21  what, when, where, and how' of the misconduct charged" as required by Rule 9(b).

22  *Vess*, 317 F.3d at 1106.  Lacking essential details, their fraud claims, including

23

24  Morrow J.)) ("Omissions are actionable under the CLRA only when the omission is
   contrary to a representation actually made by the defendant or where a duty to

25  disclose exists."); *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1026 (N.D. Cal.
   2016, Seeborg, J.) ("Absent a duty to disclose, the failure to do so does not support a

26  claim under the fraudulent prong of the UCL."); *Dana v. Hershey Co.*, 180 F. Supp.
   3d 652, 668 (N.D. Cal. 2016, Spero, Mag. J.) ("[T]here can be no FAL [omission]

27  claim where there is no 'statement' at all.").  As set forth in Section III.A, Plaintiffs
   have not alleged any affirmative misrepresentation.  Further, no duty to disclose

28  exists where the alleged defect unquestionably does not involve a safety issue.
   *Wilson*, 668 F.3d at 1141-1143.  Therefore, no omissions claim can proceed.

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

1   Plaintiff Mack's CLRA claim, are inadequately alleged. *See Kearns*, 567 F.3d at

2   1127; *Avila v. Vital Pharmaceuticals, Inc.*, 2013 WL 12124054, at *2 (C.D. Cal.

3   Feb. 7, 2013, Bernal, J.) (Plaintiff's first amended complaint did not meet the Rule

4   9(b) standard because "Plaintiff does not allege any facts regarding what

5   advertisements he saw, when he was exposed to them, or which ones he found

6   material and relied on in making his purchase"). This issue is compounded by

7   Plaintiffs' attempt to group together the defendants (LLR, Inc. and LuLaRoe, LLC)

8   in asserting fraud claims, which is improper under Rule 9(b). *See Bruce v. Harley-*

9   *Davidson*, 2010 WL 3521775, at *4 (C.D. Cal. Jan. 15, 2010, Snyder, J.) ("Because

10  plaintiffs do not distinguish between defendants in the FAC, the Court finds that

11  plaintiffs do not plead with sufficient particularity . . . .").

12      To the extent that they allege any affirmative misrepresentations on

13  Defendants' behalf whatsoever, Plaintiffs rely only on various statements allegedly

14  found on "the LuLaRoe website." FAC ¶ 23. These include statements (1) that

15  Defendants' leggings are "ultra-stretchy;" (2) that the leggings are made from

16  "materials" that will "last even the longest week of wear," and (3) that the leggings

17  can be "sport[ed]" at "Pilates class" or "for a girl's night." *Id.* ¶ 23(a)-(c).

18      Again, however, Plaintiffs fail to allege when (if ever) they saw these alleged

19  representations, or how they relied on them to their detriment. Presumably, this is

20  because Plaintiffs *did not* in fact view any alleged misrepresentation before buying

21  product. Their failure to assert reliance with the specificity that Rule 9(b) requires is

22  fatal to their claims. *McCrary v. Elations Co., LLC*, 2013 WL 6403073, at *8 (C.D.

23  Cal. July 12, 2013, Bernal, J.) ("In order to assert a claim under the UCL, FAL, or

24  CLRA, the plaintiff must demonstrate actual reliance. [citation] As such, Plaintiff

25  must actually rely on the allegedly false or misleading statements prior to

26  purchasing the product."); *Hitek Software, LLC v. Sunrise Broadcasting of N.Y.,*

27  *Inc.*, 2013 WL 12137879, at *4 (C.D. Cal. Feb. 21, 2013, Bernal, J.) (finding

28  plaintiff's allegations insufficient where plaintiff did "not allege it saw any of [the

Rutan & Tucker, LLP
*attorneys at law*

2610/033910-0005
11089517.8 a07/26/17

-6-
NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1  defendant's] advertisements on its website or elsewhere and then relied on those ads

2  prior to making a decision to download the program or purchase the license").

3                **2.    Plaintiff Mack Has Not Alleged an Actionable Statement.**

4         Even assuming that Plaintiffs met Rule 9(b)'s pleading requirements (they did

5  not), the only ostensible "representations" that they cite, including in support of the

6  CLRA claim, are not actionable.  To allege a misrepresentation under the CLRA, "a

7  plaintiff must allege a plausible interpretation of a representation that defendant

8  actually made . . . ."  *Rice v. Sunbeam Prods.* ("*Rice*") 2013 WL 146270, at *6 (C.D.

9  Cal. Jan. 7, 2013, Synder, J.) (dismissing CLRA claims against crock-pot merchant).

10  Here, Plaintiff Mack's CLRA allegations assert that Defendants engaged in

11  wrongdoing by (1) "marketing and selling the Products as leggings;" and

12  (2) representing that the "materials" used "will last even the longest week of wear."

13  FAC ¶¶ 88-91.  Neither statement could mislead a reasonable consumer.

14         First, Ninth Circuit courts have made clear that a description of a product—

15  i.e., "marketing and selling" leggings as leggings—does not constitute a

16  representation regarding the quality of the product.  *Baba v. Hewlett-Packard Co.*

17  ("*Baba*"), 2010 WL 2486353, at *4 (N.D. Cal. June 16, 2010, Seeborg, J.) ("The

18  word 'tablet' merely describes the product being sold and does not constitute a

19  representation of the quality of the product, nor does it become a misrepresentation

20  if the product malfunctions."); *Long v. Hewlett-Packard Co.*, 2007 WL 2994812, at

21  *7, n.5 (N.D. Cal. July 27, 2007, Ware, J.) ("[I]t would strain credibility to contend

22  that an automobile manufacturer has committed an actionable misrepresentation

23  simply by characterizing its product as an 'automobile' . . . .").  Plaintiffs do not

24  assert that Defendants sold the at-issue products as anything other than "leggings."

25  An accurate product description cannot give rise to a fraud-based claim.

26         Second, the alleged representation that the leggings can last even the "longest

27  week" of wear is classic puffery, and not actionable.  "Generalized, vague, and

28  unspecified assertions constitute 'mere puffery' upon which a reasonable consumer

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-7-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

could not rely, and hence are not actionable." *Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005, Selna, J.). "'Puffery' statements cannot support a claim under the CLRA." *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1039 (N.D. Cal. 2014, Chen, J.); *see Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F. 2d 242, 245 (9th Cir. 1990) ("District courts often resolve whether a statement is puffery when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and we can think of no sound reason why they should not do so."). Numerous courts have determined that vague statements about longevity do not support misrepresentation claims. *See Apodaca v. Whirlpool Corp.*, 2013 WL 6477821, at *6 (C.D. Cal. Nov. 8, 2013, Selna, J.) ("The Court agrees with Defendant that the statements about dependability and superiority ('built to last,' 'dependable,' 'unequaled tradition of quality production,' 'unrivaled performance') are too vague to be actionable."); *Gold v. Lumber Liquidators, Inc.*, 2015 WL 7888906, at *7 (N.D. Cal. Nov. 30, 2015, Henderson, J.) ("[S]tatements that the Product is 'long lasting,' 'harder than hardwood,' and 'free of defects,' amount to nonactionable puffery."). Correspondingly, a reasonable consumer could not rely on the vague alleged statement that the leggings can last the "longest week."

The FAC also asserts that the "LuLaRoe website" says that the leggings are "ultra-stretchy" and can be worn at "Pilates class" or "girl's night." FAC ¶ 23. Plaintiff Mack does not base her CLRA claim on these statements. *See id.* ¶¶ 88-91. To the extent that she had, the vague allegations related to the at-issue products' characteristics are similarly non-actionable. "[G]eneral statements about a product's functionality—as opposed to statements regarding the product's quality or reliability—do not become actionable on an affirmative misrepresentation theory merely because the product fails to work perfectly." *Frenzel v. Aliphcom*, 2015 WL 4110811, at *12 (N.D. Cal. July 7, 2015, Orrick, J.). The reasonable consumer could not interpret the words "ultra-stretchy" or "for a girl's night" as representations regarding the legging's reliability. As a result, Plaintiffs have

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-8-
NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1    alleged no actionable misrepresentation.[3]

2    ### 3.    Plaintiff Mack Has Not Alleged a "Deceptive Act."

3    Even if the alleged puffery summarized above was actionable (it is not), it

4    would not fall under any of the cited proscriptions of the CLRA.  FAC ¶¶ 88-91.

5    Plaintiff Mack alleges that LLR committed four "deceptive practices" listed in the

6    CLRA.  *Id.*  One such practice, namely, misrepresenting that the leggings had been

7    supplied in accordance with *prior representations*, is not supported by any facts in

8    the FAC, as Plaintiffs base their claims on statements on "LuLaRoe's website"

9    without alleging any "prior representations."  *Id.* ¶ 91 (*citing* Cal. Civ. Code

10   § 1770(a)(16)).  The other three alleged practices involve representations regarding

11   the "characteristics" or "quality" of the leggings.  *Id.* ¶¶ 88-90 (*citing* Cal. Civ. Code

12   §§ 1770(a)(5); (a)(7); (a)(9)).  Plaintiff Mack does not explain with any specificity

13   how the alleged statements (i.e., "marketing and selling the Products as leggings"

14   and "materials" last the "longest week of wear") misstated the "benefits," "uses,"

15   "quality," or "grade" of LLR's leggings.  She does not claim that she received a

16   product other than "leggings," or that she relied on any statement regarding the

17   "benefits" or "uses" of the product.  Her CLRA claim is therefore not proper.

18   ### 4.    Plaintiff Mack Has Not Alleged Pre-Sale Notice of A Defect.

19   Plaintiff Mack's CLRA claim fails for the additional reason that an alleged

20   manufacturer is not liable for defective products under the CLRA where it did not

21   have notice of the defect before the alleged purchase.  *Grodzitsky v. Am. Honda*

22   *Motor Co.* ("*Grodzitsky*"), 2013 WL 690822, at *6 (C.D. Cal. Feb. 19, 2013,

23   Wilson, J.) ("Under the CLRA, 'plaintiffs must sufficiently allege that a defendant

24   was aware of a defect *at the time of sale* to survive a motion to dismiss.'" (emphasis

25   original)).  The FAC does not allege facts sufficient to show that LLR had notice of

26

27   [3]   In addition to allegations relating to tearing and holes, Plaintiffs also claim in
     passing that Defendants' products were "mis-sized."  FAC ¶¶ 12, 13, 30.  They
28   allege no misrepresentation or omission, however, related to that purported defect.
     As a result, claims based on "mis-sizing" cannot proceed.

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-9-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1   the claimed defects at the time of sales to Plaintiffs, which ostensibly occurred at

2   some unstated time between May 2016 and March 2017.  FAC ¶¶ 12, 13.

3         To support the conclusion that the Defendants knew of the alleged defects,

4   Plaintiffs rely primarily on online customer complaints about legging products, and

5   specifically, certain BBB and FTC complaints regarding the tendency of the

6   leggings to tear.  FAC ¶¶ 35, 36.  They do not, however, provide dates for any

7   specific complaints.  *Id.*  "[C]ourts have rejected undated customer complaints

8   offered as a factual basis for a manufacturer's knowledge of a defect because they

9   provide no indication whether the manufacturer was aware of the defect at the time

10   of sale."  *Herremans v. BMW of N. Am., LLC*, 2014 WL 5017843, at *16 (C.D. Cal.

11   Oct. 3, 2014, Morrow, J.).  This shortcoming is exacerbated by the fact that

12   Plaintiffs' allegations regarding notice are improperly made on "information and

13   belief," rendering them defective.  FAC, *Preamble*; *Shroyer v. New Cingular*

14   *Wireless Serv.*, 622 F.3d 1035, 1042 (9th Cir. 2010) ("Claims made on information

15   and belief are usually not sufficiently particular, unless they accompany a statement

16   of facts on which the belief is founded.").

17         Even if Plaintiffs had connected the alleged complaints to concrete dates,

18   courts have rejected the conclusion that customer complaints are tantamount to

19   knowledge of a defect.  In *Wilson*, for example, the Ninth Circuit held that consumer

20   complaints could "not support an inference" that Hewlett-Packard was aware of an

21   alleged defect at the time it sold laptop devices to the class plaintiffs.  *Wilson*,

22   668 F.3d at 1148.  *Wilson* cited with approval *Berenblat v. Apple, Inc.*, 2010 WL

23   1460297 (N.D. Cal. Apr. 7, 2010, Fogel, J.), which similarly concluded that 350

24   alleged "complaints posted on Apple's consumer website merely establish the fact

25   that some consumers were complaining" and were "themselves . . . insufficient to

26   show that Apple had knowledge that the memory slot in fact was defective and

27   sought to conceal that knowledge . . . ."  *Id.* at *9; *see also Oestreicher v. Alienware*

28   *Corp.*, 544 F. Supp. 2d 964, 974 n.9 (N.D. Cal. 2008, Patel, J.) ("Random anecdotal

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-10-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1  examples of disgruntled customers posting their views on websites at an unknown

2  time is not enough to impute knowledge upon defendants.").

3     Here, Plaintiffs' allegations are even less adequate than those rejected in

4  *Berenblat*. Unlike in *Berenblat*, where the plaintiffs asserted complaints had been

5  posted on Apple's website, Plaintiffs have not plausibly alleged that any complaints

6  were made directly to LLR. They instead rely on alleged postings with the BBB and

7  FTC. FAC ¶¶ 35, 36. They do not assert, though, that such complaints were

8  forwarded to, or received by, Defendants. *See id.* As a result, they have not

9  adequately alleged that Defendants were on notice of the alleged defects.

10     Other than complaints to the BBB and FTC, Plaintiffs allege that LLR was on

11  notice of the asserted defects based only on (1) a "reported" January 17, 2017 "e-

12  mail" from an agent of LLR purportedly recognizing that Defendants weaken fabric

13  fibers to create more comfortable products; (2) unspecified "customer complaints"

14  ostensibly "received directly by Defendants on a daily basis;" and (3) a "Facebook

15  Group." FAC ¶¶ 32-34. Again, Plaintiffs provide no dates for these complaints or

16  communications, except to claim that LLR addressed the "defects" in a January

17  2017 e-mail, *after* Plaintiffs' alleged purchases. *Id.* ¶¶ 32, 12, 13 (Plaintiffs'

18  purchases between May 2016 and March 2017). Plaintiffs thus fail to adequately

19  allege that LLR knew of the ostensible defects when Plaintiffs made purchases.

20       **5.  Plaintiff Mack Has Not Alleged A CLRA "Transaction."**

21     Although Plaintiff Mack has neither adequately alleged a misrepresentation

22  nor Defendants' pre-sale knowledge of a defect, her CLRA claim also fails for the

23  separate reason that the FAC fails to allege any "transaction" within the meaning of

24  the CLRA. The CLRA proscribes certain acts and practices "undertaken by any

25  person in a transaction intended to result or that results in the sale or lease of goods

26  or services to any consumer." Cal. Civ. Code § 1770(a). It defines a transaction as

27  "an agreement between a consumer and another person." Cal. Civ. Code § 1761(e).

28  Given this statutory language, "[t]he CLRA does not provide a cause of action for

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1  consumers against the supplier of goods and services to a retailer from whom the

2  consumer purchased." *Green v. Canidae Corp.*, 2009 WL 9421226, at *4 (C.D. Cal.

3  June 9, 2009, Feess, J.). This is because "the manufacturer never transacted

4  business or intended to transact business with the consumer." *Id.* Here, the FAC

5  affirmatively alleges that Plaintiffs *did not* transact business with Defendants. *See*

6  FAC ¶ 17 ("Defendants foregoe [sic] selling LuLaRoe clothing directly to

7  consumers . . . ."). As a result, Plaintiff Mack cannot allege a "transaction" between

8  herself and Defendants, undermining her claim.

9             **B.    Plaintiffs Do Not State A Claim for Violation of the UCL.**

10                    **1.    Plaintiffs Have Not Alleged Pre-Sale Notice of A Defect.**

11            As with the CLRA, Plaintiffs' joint claim under the UCL may be dismissed in

12  its entirely—even before considering the individual fraudulent, unlawful, and unfair

13  "prongs" of the UCL—because Plaintiffs fail to allege that Defendants had pre-sale

14  notice of the alleged defects. "'[T]he failure to disclose a fact that a manufacturer

15  does not have a duty to disclose, i.e., a defect of which it is not aware, does not

16  constitute an unfair or fraudulent practice' under the UCL." *Grodzitsky*, 2013 WL

17  690822, at *8 (*citing Wilson*, 668 F.3d at 1146). As explained above in connection

18  with LLR's request to dismiss Plaintiff Mack's CLRA claim, the FAC does not

19  adequately allege that LLR had pre-sale notice of the alleged defects.

20  Section III.A.4, *supra.* Plaintiffs thus cannot properly assert LLR violated the UCL.

21  *Grodzitsky*, 2013 WL 690822, at *8.

22                    **2.    Plaintiffs Do Not State A UCL "Fraudulent" Claim.**

23            Even if Plaintiffs could overcome their failure to allege Defendants' pre-sale

24  notice (they cannot), each of their claims under the individual prongs of the UCL

25  likewise fail. First, Plaintiffs have not alleged any "fraudulent" practice under the

26  UCL. "A plaintiff who alleges that conduct is fraudulent under the UCL must

27  satisfy rule 9(b)'s particularity standard." *Vaccarino v. Midland Nat. Life Ins., Co.*,

28  2011 WL 5593883, at *7 (C.D. Cal. Nov. 14, 2011, Synder, J.). As set forth above,

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-12-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1   the FAC (1) fails to allege claims of fraud with the specificity required to satisfy

2   Rule 9(b); (2) fails to allege any statement relied on by Plaintiffs; and (3) fails to

3   allege any actionable misrepresentation or misstatement.  *See Annunziato,* 402 F.

4   Supp. 2d at 1139 (reasonable consumer cannot rely upon puffery).

5               **3.      Plaintiffs Do Not State A UCL "Unlawful" Claim.**

6          To state an "unlawful" UCL claim, a plaintiff must assert a violation of some

7   other law.  *See Hodges v. Apple Inc.* ("*Hodges*") 2013 WL 4393545, at *6 (N.D.

8   Cal. Aug. 12, 2013, Orrick, J.).  Here, Plaintiffs accuse LLR only of "violat[ing] [1]

9   the CLRA, [2] California's False Advertising Law . . . and [3] other applicable laws

10  as described herein."  FAC ¶ 102.  Plaintiffs' wholesale citation to the "CLRA,"

11  "FAL," and "other applicable laws" runs afoul of the principle that a plaintiff "'must

12  identify the particular section of the statute that was violated' and 'plead with

13  particularity how the facts of this case pertain to that specific statute.'"  *Id.* (*citing*

14  *Baba*, 2010 WL 2486353, at *6); *see also Zeppeiro v. Green Tree Servicing, LLC*,

15  2015 WL 12660398, at *7 (C.D. Cal. Apr. 15, 2015, Morrow, J.) (*citing Hodges*,

16  *supra*).  Further, as explained herein, Plaintiffs do not state a violation of the laws

17  relied upon as a predicate for their UCL claim (i.e., the CLRA or FAL).  *See* FAC

18  ¶ 102.  In the absence of an underlying violation, the claim must be dismissed.

19              **4.      Plaintiffs Do Not State A UCL "Unfair" Claim.**

20         To the extent that Plaintiffs' claim under the UCL's "unfair" prong is based

21  on misrepresentation and fraud, *see* FAC ¶ 104-105, it cannot proceed for the

22  reasons stated above, namely, (1) it is not pled with specificity; (2) no reliance is

23  alleged; and (3) it is not based on an actionable misrepresentation.  Sections III.A.1

24  and III.A.2, *supra*.  Given their inadequate pleadings, Defendants anticipate that

25  Plaintiffs will attempt to salvage their "unfair" claim prong by asserting it is based

26  on product defects, rather than fraud, such that Rule 9(b) does not apply.  Without

27  conceding the point, Plaintiffs' claim is improperly alleged under any theory.

28         "A business practice is 'unfair' under the UCL when it 'offends an

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1  established public policy or when the practice is immoral, unethical, oppressive,

2  unscrupulous or substantially injurious to consumers.'" *McFarland v. JP Morgan*

3  *Chase Bank*, 2014 WL 1705968, at *12 (C.D. Cal. Apr. 28, 2014, Bernal, J.).

4  Plaintiffs' pleadings do not satisfy this test.  According to Plaintiffs' allegations,

5  LLR manufactures its leggings using techniques that ensure softness and a

6  comfortable fit.  FAC ¶ 32 (alleging explanation that LLR "weakens" fibers to make

7  fabric soft).  Based on the allegations of the FAC, LLR's products created with these

8  techniques have been extraordinarily popular with the general public.  *Id.* ¶ 18

9  (alleging sales of "approximately $1 billion as of 2016").  Thus, if there is any truth

10 to Plaintiffs' allegations that the manufacturing processes of Defendants' leggings

11 result in a product that tears easily—which LLR denies—Plaintiffs allege that

12 customers benefit on the whole from Defendants' uniquely comfortable product.

13       Moreover, although Plaintiffs falsely claim that LLR previously had a "poor

14 return/refund policy," FAC ¶¶ 43-46, Plaintiff Benjamin alleges no effort to return

15 Defendants' products, but instead states that she "retained many of her defective

16 products . . . ." *Id.* ¶ 29.  Plaintiff Mack vaguely contends that she was "unable to

17 return the defective product" and "threw [it] away." *Id*.  The FAC itself, however,

18 alleges that consumers were directed to contact a retailer with requests "pertaining

19 to returns." *Id.* ¶ 43.  Neither Plaintiff alleges that she did so.  Where a plaintiff

20 refuses to return a product, she cannot allege that she was the victim of an unfair

21 practice. *Herron v. Best Buy Co.*, 924 F. Supp. 2d 1161, 1178 (E.D. Cal. 2013,

22 Burrell J.) (plaintiff who could have returned laptop failed to allege harm

23 outweighed utility, where harm was avoidable and the product of his own behavior).

24       **C.    Plaintiffs Do Not State A Claim for Violation of the FAL.**

25       The FAL makes it unlawful for any person to "induce the public to enter into

26 any obligation" based on a statement that is "untrue or misleading, and which is

27 known, or which by the exercise of reasonable care should be known, to be untrue

28 or misleading . . . ." Cal. Bus. & Prof. Code § 17500.  As with the CLRA and UCL,

Rutan & Tucker, LLP
attorneys at law

-14-

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1   Rule 9's heightened standard applies to FAL claims based on fraud. *In re Sony*
2   *Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
3   758 F. Supp. 2d 1077, 1093 (S.D. Cal. 2010, Gonzalez, J.) ("[W]here a plaintiff
4   alleges fraud as the basis for a violation of [the FAL], the particularity requirement
5   of Rule 9(b) of the Federal Rules of Civil Procedure applies to the fraud
6   allegations.").  As explained above in Sections III.A.1 and III.A.2, *supra*, Plaintiffs
7   do not assert with specificity that they relied on any misrepresentation by
8   Defendants, and the statements that they do allege are not actionable.  Further, as
9   also set forth above, they fail to allege pre-sale knowledge of the defect, which is
10   also a prerequisite to an FAL claim.  *Rice*, 2013 WL 146270, at *10 (dismissing
11   FAL claim as legally insufficient because "plaintiff fails to adequately allege
12   defendant's knowledge of the purported defect.").  Thus, for the same reasons their
13   CLRA and UCL "fraudulent" claims are defective, their FAL claim should be
14   dismissed.

15       **D.**   **Alternatively, UCL or FAL Equitable Relief Is Not Available**
16       **Because Plaintiffs Have An Adequate Legal Remedy.**

17       An alternative ground also exists to dismiss Plaintiffs' UCL and FAL claims
18   because they seek equitable relief where legal damages are pled.  Relief under the
19   UCL and FAL is equitable.  *In re First Alliance Mortg. Co.*, 471 F.3d 977, 996 (9th
20   Cir. 2006) (*citing Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440 (Cal. Ct. App.
21   2005)) ("[T]he UCL limits the remedies available for UCL violations to restitution
22   and injunctive relief"); *ZL Techs. Inc. v. Gartner, Inc.*, 2009 WL 3706821, at *10
23   (N.D. Cal. Nov. 4, 2009, Fogel J.) (same for FAL).  Equitable relief is not available,
24   however, where there is an adequate remedy at law.  *Prudential Home Mortg. Co. v.*
25   *Superior Court*, 66 Cal. App. 4th 1236, 1249 (1998) (equitable relief "is subject to
26   fundamental equitable principles, including inadequacy of the legal remedy").  Here,
27   Plaintiffs seek legal damages, including under the CLRA, warranty claims, the
28   DTPA, and common law fraud, conceding that they have an adequate remedy

Rutan & Tucker, LLP
attorneys at law

-15-

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1  (regardless of whether they can prove an entitlement to relief).  *See, e.g.*, FAC

2  ¶¶ 84-97 (CLRA); 117-132 (warranties); 133-138 (DTPA); 139-146 (common law

3  fraud).  Nowhere do Plaintiffs allege any facts suggesting the legal remedies they

4  seek are inadequate.  They therefore cannot pursue an equitable remedy.  *Duttweiler*

5  *v. Triumph Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19,

6  2015, Gilliam, J.) ("[I]n order to demonstrate some entitlement to equitable relief,

7  [plaintiff] was required to allege facts suggesting that damages under the CLRA

8  alone would not provide adequate relief."); *McAdam v. State Nat'l Ins. Co.*, 2012

9  WL 4364655, at *2 (S.D. Cal. Sep. 24, 2012, Moskowitz, C.J.) ("Injunctive relief

10  under Cal. Bus. & Prof. Code § 17200 is not available if the plaintiff has other

11  adequate legal remedies."); *Bah. Surgery Ctr., LLC v. Kimberly-Clark Corp.*,

12  2017 WL 2120062, at *5 (C.D. Cal. May 15, 2017, Gee, J.) ("[W]hile [plaintiff]

13  satisfies the elements for a UCL claim based on fraudulent concealment, because it

14  has not shown that it lacks an adequate remedy at law that addresses the harm it

15  suffered, its request for restitution and injunctive relief is denied.").

16      **E.      Plaintiff Mack Does Not State An Implied Warranty Claim**

17              **Because Plaintiff Mack Fails to Plead Privity with Defendants.**

18          Plaintiff Mack's implied warranty claim requires allegations of privity.

19  "Under California law, privity between parties is required for a claim of breach of

20  an implied warranty."  *Schwartz v. Wright Med. Tech., Inc.* ("*Schwartz*"), 2014 WL

21  11320637, at *5 (C.D. Cal. Sep. 11, 2014, Bernal, J.); *Wolph v. Acer Am. Corp.*,

22  2009 WL 2969467, at *2 (N.D. Cal. Sept. 14, 2009, White, J.) (*quoting Burr v.*

23  *Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (1954)) ("The general rule is that 'privity

24  of contract is required in an action for breach of either express or implied warranty

25  and that there is no privity between the original seller and a subsequent purchaser

26  who is in no way a party to the original sale.'").  "A buyer and seller stand in privity

27  if they are in adjoining links of the distribution chain."  *Clemens v. DaimlerChrysler*

28  *Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (*citing Osborne v. Subaru of Am. Inc.*,

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-16-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

198 Cal. App. 3d 646, 656 n.6 (1988)).  "Thus, an end consumer . . . who buys from a retailer is not in privity with a manufacturer."  *Id.* (*citing Osborne*, 198 Cal. App. 3d at 656 n.6).

The FAC does not allege that Plaintiff Mack purchased product from Defendant.  *See, e.g.*, FAC ¶ 12.  To the contrary, the facts recited in the FAC affirmatively establish that *there cannot* be privity between Defendants and the end-purchaser (i.e., Plaintiffs).  Plaintiffs allege that Defendants "manufacture" the leggings, *id.* ¶ 16, and sell the product through "Fashion Consultants" at wholesale prices.  *Id.* ¶ 17.  Plaintiffs allege that the Fashion Consultants, in turn, "sell the [at-issue] clothing directly to consumers through in-home and online boutiques."  *Id.*  Plaintiffs claim that Defendants "foregoe [sic] selling LuLaRoe clothing directly to consumers . . . ."  *Id.*

Based on these allegations, it is clear that LLR and Plaintiffs are not "adjoining links of the distribution chain."  *Clemens*, 534 F.3d at 1023.  Under similar circumstances, the Court determined in *Schwartz*, *supra*, that a plaintiff who purchased an artificial hip component was not in privity with the manufacturer, and thus could not assert a claim for breach of implied warranty against that defendant.  *Schwartz*, 2014 WL 11320637, at *5.  The same is true here, and Plaintiff Mack's implied warranty claim should be dismissed.

**F.**     **Plaintiff Mack Does Not State An Express Warranty Claim Because She Has Alleged No Express Promise.**

To plead breach of express warranty under California Commercial Code section 2313 ("Section 2313"), a plaintiff must allege facts showing (1) the seller's statements constitute an "'affirmation of fact or promise'" or a "'description of the goods;'" (2) the statement was "'part of the basis of the bargain;'" and (3) the warranty was breached.  *See* FAC ¶ 128 (reciting elements); *In re Conagra Foods, Inc.*, 90 F. Supp.3d 919, 984 (C.D. Cal. 2015, Morrow J.) (*citing Weinstat v. Dentsply Int'l., Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (*citing* Cal. Com. Code

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1   § 2313))).  To be actionable, the "affirmation of fact or promise" must be a "specific

2   and unequivocal written statement" about the product that constitutes an "explicit

3   guarantee."  *In re iPhone 4S Consumer Litig.*, 2014 WL 589388, at *8 (N.D. Cal.

4   Feb. 14, 2014, Wilken, J.) (*quoting Maneely v. Gen. Motors Corp.*, 108 F.3d 1176,

5   1181 (9th Cir. 1997)); *Tipton v. Zimmer, Inc.*, 2016 WL 3452744, at *6 (C.D. Cal.

6   June 23, 2016, O'Connell, J.) ("A breach of express warranty requires that a

7   plaintiff identify a specific and unequivocal written statement from the manufacture

8   that demonstrates a guarantee that the manufacture failed to uphold.").

9        Plaintiff Mack's express warranty claim first fails because Section 2313

10  applies only to "sellers," and Defendants are not "sellers" as to Plaintiff Mack.[4]

11  Plaintiff Mack does not allege that she purchased product from Defendants, but

12  asserts that Defendants *avoid* selling product to consumers.  FAC ¶ 17.

13  Correspondingly, Plaintiff Mack alleges that LLR is a "merchant," a term defined in

14  the Code distinctly from "seller."  *Id.* ¶ 121; Cal. Com. Code §§ 2104, 2103.

15       More fundamentally, Plaintiff Mack cannot point to any false "specific and

16  unequivocal written statement" LLR actually made about the leggings.  Plaintiff

17  Mack alleges that LLR warranted that its leggings "are fit for their ordinary use as

18  leggings."  FAC ¶ 128.  The facts pled, however, do not support that Defendants

19  made such a "warranty" to Plaintiffs.  To the contrary, Plaintiff Mack does not

20  allege that she relied on any specific statement by Defendants whatsoever.  On that

21  basis alone, her express warranty claim must fail.  *Resnick v. Hyundai Motor Am.,*

22  *Inc.*, 16-CV-00593, 2016 U.S. Dist. LEXIS 160179, Westlaw unavailable, at *30 n.7

23  (C.D. Cal. Nov. 14, 2016, O'Connell, J.) ("As Plaintiffs fail to establish here that

24  they were aware of the allegedly misleading representations when they purchased

25  their vehicles, it is unclear how these statements could have become a basis of the

26

27  [4]  Cal. Com. Code § 2103(1)(d) defines a "seller" as "a person who sells or
    contracts to sell goods."  Plaintiffs never allege that Defendants sold them anything,
28  but instead assert that Defendants sell goods through "Fashion Consultants."  FAC
    ¶ 17; *see* Section III.E, *supra* (no privity for implied warranty purposes).

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1   bargain."); *Barakezyan v. BMW of N. Am.*, *LLC* ("*Barakezyan*"), 2016 WL 2840803,

2   at *6 (C.D. Cal. Apr. 7, 2016, Otero, J.) ("Plaintiffs cannot base a claim on [an

3   express warranty created by representations in advertisements] in the absence of

4   allegations that they were exposed to them.").  Further, even if Plaintiff Mack had

5   alleged exposure to the few vague statements on "LuLaRoe's website" that the FAC

6   affirmatively alleges (she does not), puffery or "sales talk" are not a "specific and

7   unequivocal written" promise about a product sufficient to create an express

8   warranty.  *Barakezyan*, 2016 WL 2840803, at *6.  As a result, Plaintiff Mack's

9   express warranty claim is inadequate.

10        **G.      Plaintiff Benjamin Does Not State a Claim Under the DTPA.**

11        Plaintiff Benjamin purports to bring a DTPA claim under Texas Business and

12   Commerce Code section 17.50, subdivisions (a)(1) and (a)(3).  FAC ¶ 135.  Those

13   subdivisions prohibit, respectively, (1) the "use or employment by any person of a

14   false, misleading, or deceptive act or practice" that is enumerated in section 17.46 of

15   the DTPA and "relied on by a consumer to the consumer's detriment;" and (2) "any

16   unconscionable action or course of action by any person"  Tex. Bus. & Com. Code

17   § 17.50(a)(1); (a)(3).

18        **1.      The DTPA Claim Suffers Many of the Same Defects That**

19                  **Are Fatal to Plaintiffs' California Claims.**

20        As an initial matter, Plaintiff Benjamin's claim under the DTPA fails for

21   many of the same reasons set forth above.  For each of the following reasons, all of

22   the allegations of wrongful practices under Texas Business & Commerce Code

23   section 17.46, subdivisions (b)(5), (b)(7), (b)(9), (b)(24) and section 17.50(a)(3)

24   must be dismissed:

25        •      The failure to allege any misrepresentation with the specificity required

26   to satisfy Rule 9.  *See Romero v. HP, Inc.*, 2017 WL 386237, at *4 (N.D. Cal. Jan.

27   27, 2017, Koh, J.) (*citing Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785,

28   800 (N.D. Tex. 2009, Boyle, J.)) ("It is well-established that '[c]laims alleging

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1   violations of the DTPA are subject to the requirements of Rule 9(b).'"").

2   •   The failure to allege actionable statements that are not puffery, or that

3   otherwise fall into the cited prohibitions of the DTPA.  *Marcus v. Apple Inc.*, 2015

4   WL 151489, at *6 (N.D. Cal. Jan. 8, 2015, Alsup, J.) (dismissing DTPA claims

5   where "the proffered representations" "all constitute non-actionable puffery").

6   •   The failure to allege reliance on any statement ostensibly made by

7   Defendants, which bars Plaintiff Benjamin's claims based on alleged violations of

8   Texas Business & Commerce Code section 17.46.  *See* Tex. Bus. & Com. Code

9   § 17.50(a)(1) (act or practice must have been "relied on by a consumer to the

10  consumer's detriment"); *see also Amstadt v. United States Brass Corp.*, 919 S.W.2d

11  644, 649 (Tex. 1996) ("A consumer must, in order to prevail on a DTPA claim . . .

12  establish that . . . the violation was a producing cause of the claimant's injury.").

13  •   The failure to allege that Defendants were on pre-sale notice of the

14  alleged defect.  *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 479

15  (emphasis original) (Tex. 1995) ("To be actionable under the DTPA, a failure to

16  disclose material information necessarily requires that the defendant have known the

17  information and have failed to bring it to the plaintiff's attention."); *see also* Tex.

18  Bus. & Com. Code § 17.46(b)(24) (making actionable failure to disclose

19  information "known at the time of the transaction").

20          **2.       Plaintiff Benjamin Does Not Adequately Allege Intent.**

21      Plaintiff Benjamin's DTPA claim also fails for additional reasons.  First,

22  insofar as Plaintiff Benjamin attempts to allege a claim under Texas Business and

23  Commerce Code section 17.46(b)(24) for failure to disclose the alleged defects (i.e.,

24  an omissions claim), she must plausibly allege "that the information was withheld

25  with the intent of inducing the consumer to engage in a transaction." *Patterson v.*

26  *McMickle*, 191 S.W.3d 819, 827 (Tex. App. 2006); *see also* Tex. Bus. & Com. Code

27  § 17.45(13) ("Intentionally' means actual awareness . . . coupled with the specific

28  intent that the consumer act in detrimental reliance on the falsity or deception or in

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-20-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

detrimental ignorance of the unfairness."). While Rule 9(b)'s standard may not apply to pleadings of intent, this does not give a Plaintiff "license to evade the less rigid—though still operative—strictures of Rule 8 [of the Federal Rules of Civil Procedure]." *Iqbal*, 556 U.S. at 686-87. In other words, "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.* at 687.

The FAC fails under Rule 8 and *Iqbal* to sufficiently plead that Defendants had the requisite intent to induce consumers to act to their detriment. In connection with Plaintiff Benjamin's DTPA claim, she alleges in a conclusory manner that Defendants "intended" that "Plaintiff and other consumers rely on their expertise in providing quality legging products [and] in purchasing the Products." FAC ¶ 144. Plaintiffs provide no further facts to support this assertion. To the contrary, they vaguely allege elsewhere in the FAC that Defendants' intent in selling ostensibly defective product was to "recruit[] more Fashion Consultants and sell[] more Onboarding Packages" to those consultants, rather than to deceive end customers. *Id.* ¶ 19. As a result, Plaintiff Benjamin does not appropriately allege the intent required by Texas Business and Commerce Code section 17.46(b)(24).

### 3.     The FAC Does Not Plead "Unconscionable" Conduct.

Plaintiff Benjamin's claim under the "unconscionable" prong of the DTPA is also inadequately pled. FAC ¶ 135(b) (*citing* Tex. Bus. & Com. Code § 17.50(a)(3)). An "unconscionable action or course of conduct" is defined in the DTPA as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." Tex. Bus. & Com. Code § 17.45(5). The Texas Supreme Court, in turn, has interpreted "grossly unfair" in this context to mean "glaringly noticeable, flagrant, complete and unmitigated," a standard that cannot be met with allegations of merely "unfair" conduct. *Chastain v. Koonce*, 700 S.W.2d 579, 584 (Tex. 1985). The allegations of the FAC, as a matter of law, do not meet the standard set

Rutan & Tucker, LLP
attorneys at law

-21-

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1  forth in *Chastain*. *See Strauss v. Ford Motor Co.*, 439 F. Supp. 2d 680, 687 (N.D.

2  Tex. 2006, Fish, C.J.) ("[P]roving unconscionability in a [DTPA] case is difficult.").

3  Put simply, the FAC does not allege a "glaringly noticeable, flagrant, complete and

4  unmitigated" course of conduct.  To the contrary, even read favorably to Plaintiffs,

5  the FAC asserts that certain of Defendants' products are defective because fibers are

6  weakened to "make them buttery soft" for the benefit of consumers.  FAC ¶ 32.

7  According to Plaintiffs, prior to the filing of their litigation and upon being put on

8  notice of the alleged defects, Defendants "implemented a limited warranty and

9  refund program" in an "attempt to alleviate their unlawful practices."  *Id.* ¶ 47.

10  Thus, the FAC alleges, at best, that Defendants (1) produced defective product as a

11  result of efforts to create a comfortable garment; and (2) attempted to mitigate the

12  alleged defect after receiving notice of it.  *Id.* ¶¶ 32, 47.  These allegations do not

13  satisfy the "difficult" standard of the DTPA, which requires that conduct be

14  "flagrant, complete and unmitigated."

15  ### H.   Plaintiffs Do Not State a Claim for Common Law Fraud.

16  Plaintiffs allege common law fraud for their seventh cause of action.  FAC

17  ¶¶ 139-146.  "The elements of a cause of action for fraud in California are:

18  '(a) misrepresentation (false representation, concealment, or nondisclosure);

19  (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance;

20  (d) justifiable reliance; and (e) resulting damage.'"  *Kearns*, 567 F.3d at 1126.

21  As explained above, Plaintiffs have failed to allege virtually every one of

22  these elements with the specificity required under Rule 9(b).  Plaintiffs (1) do not

23  assert an actionable misrepresentation, Section III.A.2, *supra*; (2) do not assert that

24  Defendants were on notice of the alleged defect at the time of the at-issue sales (and

25  thus fail to allege knowledge of falsity), Section III.A.4, *supra*; (3) do not properly

26  allege intent to defraud, Section III.G.2, *supra*; and (4) fail to allege that Plaintiffs

27  relied on any specific misstatement.  Section III.A.1, *supra*.  Their fraud claims

28  based on an affirmative representation therefore cannot proceed as alleged.

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-22-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1    Additionally, to the extent that Plaintiffs purport to assert a common law

2  fraud claim based on omissions, FAC ¶ 141, the claim likewise fails because

3  Plaintiffs have alleged no duty to disclose where (1) they allege no affirmative

4  misrepresentation; and (2) no material issue of safety.  *See* footnote 1, *supra*, *citing*

5  *Wilson*, 668 F.3d at 1141 ("[A] manufacturer's duty to consumers is limited to its

6  warranty obligations absent either an affirmative misrepresentation or a safety

7  issue."); *O'Shea v. Epson Am., Inc.*, 2011 WL 3299936, at *11 (C.D. Cal. July 29,

8  2011, Gutierrez, J.) (circumstances giving rise to a duty to disclose in the context of

9  a statutory claim are the same as those giving rise to such a duty in the context of a

10  common-law fraudulent concealment claim).  As a result, like each of Plaintiffs'

11  other fraud-based claims, their common law fraud claim should be dismissed.

12           **I.       Unjust Enrichment Is Not A Cause of Action.**

13    For their final claim, Plaintiffs allege "quasi contract/unjust

14  enrichment/restitution."  FAC ¶¶ 147-152.  "Under California law, unjust

15  enrichment is a theory of recovery, not an independent legal claim.  [Citations]

16  Therefore, although Plaintiff may be entitled to recovery for unjust enrichment

17  under other theories of liability, a claim for unjust enrichment does not constitute a

18  stand-alone cause of action."  *Khasin v. R.C. Bigelow*, 2013 WL 2403579, at *4

19  (N.D. Cal. May 31, 2013, White J.); *Wolph*, 2009 WL 2969467, at *5 (same).

20  Likewise, "'[q]uasi-contract' is simply another way of describing the basis for the

21  equitable remedy of restitution when an unjust enrichment has occurred.'"  *Nguyen*

22  *v. Bank of Am. Nat'l Ass'n*, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011,

23  Koh, J.).  Plaintiffs' standalone claim for "unjust enrichment" is thus improper.

24    Even if "unjust enrichment" were a cognizable cause of action, it is not

25  appropriate here.  First, the claimed remedies are equitable.  Plaintiffs already seek

26  restitution in connection with their UCL and FAL claims, FAC ¶¶ 110, 116, making

27  the cause of action duplicative.  And, as set forth above, Plaintiffs do not allege facts

28  suggesting that the legal remedies they seek are inadequate, foreclosing them from

Rutan & Tucker, LLP
*attorneys at law*

2610/033910-0005
11089517.8 a07/26/17

-23-
NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

1   seeking equitable relief.  Section III.D, *supra*.  Moreover, as explained herein,

2   Plaintiffs have not alleged any cognizable claim that would entitle them to assert

3   that Defendants have unjustly obtained a benefit.  Their demand for "unjust

4   enrichment / restitution" therefore has no basis, and should be dismissed.

5        **J.      Plaintiffs Do Not Have Standing To Seek Injunctive Relief.**

6        Federal courts are courts of limited jurisdiction.  *See Spokeo, Inc. v. Robins*,

7   136 S.Ct. 1540, 1546-47 (2016) (*citing* U.S. CONST., Art. III).  Before hearing a

8   controversy, they must have subject matter jurisdiction, which plaintiffs bear the

9   burden of demonstrating.  *Chambers v. CVS Pharm., Inc.*, 2009 WL 2579661, at *2

10  (S.D. Cal. Aug. 19, 2009, Houston, J.).  In other words, "a plaintiff must

11  demonstrate standing separately for each form of relief sought."  *Castagnola v.*

12  *Hewlett-Packard Co.*, 2012 WL 2159385, at *5 (N.D. Cal. June 13, 2012, White, J.)

13  (dismissing claim for injunctive relief under Fed. R. Civ. Proc. 12(1)(b)).

14       To demonstrate standing for future injunctive relief, a plaintiff must establish

15  a "real or immediate threat" of repeated injury.  *Hodgers-Durgin v. de la Vina*,

16  199 F.3d 1037, 1042 (9th Cir. 1999).  Here, while Plaintiffs seek an injunction, *see,*

17  *e.g.*, FAC ¶¶ 110, 116, they know of LLR's allegedly deceptive practices, and

18  therefore, cannot claim a threat of future harm.  They summarily allege that they

19  "would like to purchase the Products in the future," *id.* ¶¶ 12, 13, but this does not

20  satisfy Article III.  See *Spokeo, supra*; *Castagnola*, 2012 WL 2159385, at *6 (no

21  standing "[e]ven if [plaintiffs] did include" allegations of future purchases); *Rahman*

22  *v. Mott's LLP*, 2014 WL 5282106, at *6 (N.D. Cal. Oct. 15, 2014, Illston, J.)

23  ("Similarly . . . feeling that one cannot trust defendant's future representations is not

24  sufficient harm . . . .").  "A body of law almost as old as the Republic requires this

25  result." *Taylor v. Nike, Inc.*, 2017 WL 663056, at *3 (D. Or. Feb. 17, 2017,

26  Mosman, C.J.).

27  / / /

28  / / /

Rutan & Tucker, LLP
*attorneys at law*

-24-

2610/033910-0005
11089517.8 a07/26/17

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB

## IV.   <u>CONCLUSION.</u>

Defendants request that the FAC be dismissed without leave to amend. Plaintiffs have had the opportunity to amend and augment after filing an initial complaint.  Dkt. 1.  Now, the presumption is that Plaintiffs have stated their best case.  Leave to amend should be denied.

Dated:  July 26, 2017                    RUTAN & TUCKER, LLP


                                         By: */s/ Michael T. Hornak*
                                             Michael T. Hornak
                                             Attorneys for Defendants
                                             LULAROE, LLC and LLR, INC.

Rutan & Tucker, LLP
attorneys at law

2610/033910-0005
11089517.8 a07/26/17

-25-
NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT 5:17-cv-00853-JGB-DTB