UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **5:17-CV-00853-JGB(DTBx)**<br>2:17-cv-07252-JGB(AFMx)<br>2:17-cv-07259-JGB(Ex)<br>2:17-cv-07308-JGB(AFMx)<br>2:17-cv-07310-JGB(Ex) | Date | January 31, 2018 |
|---|---|---|---|
| Title | ***Tanya Mack v. LLR, Inc., et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Plaintiffs' Motion to Consolidate and Appoint Interim Counsel (Dkt. No. 53); and (2) VACATING the February 5, 2018 Hearing (IN CHAMBERS)**

Before the Court is Plaintiffs Julie Dean, Suzanne Jones, Caitlin Goodwin, Terri Doran, Tanya Mack, Mina Nicolle Ulaszek Benjamin, Emma Heinichen, and Andrea Rosica's (collectively, "Plaintiffs") motion to (1) consolidate cases, and (2) appoint interim counsel. ("Motion," Dkt. No. 53.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of, and opposition to, the Motion, the Court GRANTS the Motion and VACATES the February 5, 2018 hearing.

## I.     BACKGROUND

Pending before the Court are five separate actions: <u>Mack, et al. v. LLR, Inc., et al.</u>, No 5:17-cv-00853 ("<u>Mack</u> Action"); <u>Goodwin v. LLR, Inc.</u>, No. 2:17-cv-07252-JGB(AFMx) ("<u>Goodwin</u> Action"); <u>Doran v. LLR, Inc.</u>, No. 2:17-cv-07259-JGB(Ex) ("<u>Doran</u> Action"); <u>Heinichen, et al. v. LuLaRoe, LLC, et al.</u>, No. 2:17-cv-07308-JGB(AFMx) ("<u>Heinichen</u> Action"); and <u>Dean, et al. v. LuLaRoe, LLC, et al.</u>, 2:17-cv-07310-JGB(Ex) ("<u>Dean</u> Action") (collectively, the "Related Actions"). On November 20, 2017, the Court held a status conference at which it raised the possibility of consolidation. (Dkt. No. 50.) On December 30, 2017, Plaintiffs in the Related Actions filed this Motion. On January 12, 2018, Defendants LLR,

Inc., LuLaRoe, LLC ("Defendants") filed a limited opposition to the Motion.  ("Opposition," Dkt. No. 54).  They also filed a request for judicial notice.  ("RJN," Dkt. No. 55.)  Plaintiffs filed their reply on January 22, 2018.  ("Reply," Dkt. No. 58.)

## II.    FACTUAL ALLEGATIONS

Plaintiffs allege the following in their respective complaints.  Defendants sell their clothing at wholesale to LuLaRoe Fashion Consultants who sell the products, including dresses, tops and leggings (collectively, "Products"), to consumers.  (Mot. at 5 (citing Mack First Amended Complaint ("FAC") ¶¶ 16-17; Goodwin Complaint ¶ 1; Doran Complaint ¶ 5; Heinichen Compl. ¶ 25; Dean FAC ¶¶ 2-3).)  Although Defendants represented that their Products were suitable for ordinary or athletic use, the Products sold to Plaintiffs were torn or had holes, or developed tears or holes after only a few hours of ordinary use.  (Id. (citing Mack FAC ¶ 2; Goodwin Complaint ¶ 14; Doran Complaint ¶ 7; Heinichen Complaint ¶ 43; Dean FAC ¶ 8).)

## III.    LEGAL STANDARD

### A. Motion to Consolidate

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a).  Actions, however, need not be identical prior to consolidation under Rule 42. Takeda v. Turbodyne Techs., Inc., et al., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (writing that Rule 42 does not "demand[] that the actions be identical before they may be consolidated").  In deciding whether to consolidate cases pending in the same district, a court has wide discretion. In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987) (noting that "consolidation is within the broad discretion of the district court").  A court should weigh "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Paxonet Communications, Inc. v. TranSwitch Corp., 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) (citation omitted).

### B. Appointment of Interim Lead Counsel

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class."  Fed. R. Civ. P. 23(g)(3).  A court may only appoint interim counsel "if that counsel is adequate under Rule 23(g)(1) factors and will 'fairly and adequately represent the interests of the class' under Rule 23(g)(4)."  White v. Experian Information Solutions, 993 F. Supp. 2d 1154, 1169 (C.D. Cal. 2014) (citation omitted).  "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)."  Fed. R. Civ. P. 23(g)(2).

The Rule 23(g)(1) factors are as follows:

(1) Appointing Class Counsel.  Unless a statute provides otherwise, a court that certifies a class must appoint class counsel.  In appointing class counsel, the court:

(A) must consider:

    (i)     the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)   counsel's knowledge of the applicable law; and

    (iv)   the resources that counsel will commit to representing the class;

(B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

(D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

(E) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**CIVIL MINUTES—GENERAL**
Initials of Deputy Clerk MG

# IV.   DISCUSSION[1]

## A. Motion to Consolidation

The Court finds the Related Actions should be consolidated.  The Related Actions are against overlapping defendants and involve common questions of fact, including whether the Products are defective and were misrepresented as fit for normal and athletic use.  (See Mot. at 6.)  Further, there are common questions of law: whether Defendants breached their implied warranty of merchantability, violated state consumer protection statutes, and have been unjustly enriched.  (Id.)

Consolidation promotes judicial convenience.  It will eliminate duplicative discovery and prevent inconsistent rulings.  It will allow the Plaintiffs to file a consolidated complaint, thus requiring Defendants to respond and defend one unified action as opposed to five separate actions.  The Court does not envision any delay, confusion, or prejudice resulting from consolidation.  Defendants do not oppose consolidation on the grounds that there are no common questions of fact or law or that undue delay, confusion, or prejudice will result. Instead, Defendants filed a limited Opposition, as discussed below.  Accordingly, the Court finds the Related Actions are ripe for consolidation.

Defendants request the Court make clear that Plaintiffs may not add new parties or claims in their consolidated complaint.  (See Opp. at 5-7.)  To support their request, Defendants cite several cases.  First, in Murphy v. DirecTV, Inc., No. 2:07-cv-064650-JHN-VBKx, 2011 WL

---

[1] Defendants request the Court take judicial notice of the official dockets and complaints in the Doran Action, the Heinichen Action, the Dean Action, and the Goodwin Action, as well as Plaintiffs' opposition to Defendants' motion to transfer venue filed in the Dean Action and the joint response of Plaintiffs Julie Dean, Suzanne Jones, Caitlin Goodwin, Terri Doran, Tanya Mack, Mina Nicolle Ulaszek Benjamin, Emma Heinichen, and Andrea Rosica to Defendants' motion for consolidation and transfer of actions to the Central District of California filed in In re LuLaRoe, LLC, Leggings Marketing, Sales Practices and Products Liability Litgation (MDL No. 2791) on July 6, 2017.  (RJN at 2-3.)

Pursuant to Federal Rule of Evidence 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court GRANTS Defendants' RJN and takes judicial notice of the documents.  See Castlepoint Nat'l Ins. Co. v. Weather Masters Waterproofing, Inc., No. CV1306137MMMFFMX, 2014 WL 12567166, at *1 (C.D. Cal. June 2, 2014) ("Court orders and pleadings in related cases are appropriate subjects of judicial notice under Rule 201 because they are capable of accurate and ready determination by resort to the court's docket, whose accuracy cannot reasonably be questioned.") (citing, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006)).

---

3328421, at *1 (C.D. Cal. Feb. 11, 2011), the court dismissed claims included in the second amended consolidated complaint. The defendant claimed impermissible amendments were added which were not alleged in the original, underlying complaints. Id. at *1-2. Notably, the defendants made this argument on a motion to dismiss. See id. Similarly, in In re Wells Fargo Loan Processor Overtime Pay Litig., Wells Fargo filed a motion to strike the consolidated complaint on the basis that it included material amendments for which the plaintiffs had not sought leave of the court. No. 07-cv-01841 MHP, 2008 WL 2397424, at *2 (N.D. Cal. June 10, 2008). In response, plaintiffs filed an opposition, and in the alternative moved to amend the complaint. Id. The court concluded the plaintiffs' had made material amendments without first seeking leave of the court. Id.

In Salinas v. City of San Jose, No. 09-cv-4410 RS, 2010 WL 5300920, at *1 (N.D. Cal. Dec. 20, 2010), the court granted leave to file a proposed consolidated complaint. The court there noted: "Plaintiffs were ordered to file a consolidated complaint within 15 days, for the purposes of combining the then-existing claims and parties in a single pleading. Plaintiffs had not requested, and the Court did not intend to grant leave to assert any new or different claims in the consolidated complaint." Id.

Plaintiffs point this Court to In re Equity Funding Corp. of America Securities Litigation, 416 F. Supp. 161, 177 (C.D. Cal. 1976). There the complaint added new claims and joined new parties by leave of the court. Here, Plaintiffs have not requested leave of the Court. Plaintiffs contend, to the extent they add new claims, those claims will be grounded in the facts currently alleged in the Related Actions. (Reply at 3.)

Although in different procedural postures, the cases cited by Defendants make clear Plaintiffs cannot assert new or different claims in the consolidated complaint. Instead, Plaintiffs must seek leave to amend. This Order consolidates the cases and orders Plaintiffs to file a consolidated complaint; it does not grant leave to amend. If Plaintiffs in fact do assert new or different claims, or add new parties, Defendants may file a motion to dismiss or motion to strike on that basis, as did the parties in the above referenced cases. The Court finds Defendants' concerns abstract and hypothetical and determines it best to decide this issue at a later time (i.e., when and if Defendants believe Plaintiffs have materially amended their consolidated complaint and decide to file a motion to dismiss or a motion to strike).

**B. Request to Appoint Interim Lead Counsel and to Appoint an Executive Committee**

**1. Interim Lead Counsel**

The Court finds it appropriate to appoint Levi & Korinsky, LLP ("LK") as interim lead counsel. Defendants do not contests LK's appointment.

First, LK has taken steps to identify and investigate Plaintiffs' claims. LK began investigating in February 2017, before filing the Dean Action. (Mot. at 8.) "LK conducted an extensive investigation into Defendants' Products, its policies and procedures for returns and

refunds, and the experiences of thousands of consumers who complained about defects, among other things." (Id.)  In addition, LK researched the causes of action and Defendants' potential defenses. (Id.)

Second, LK's attorneys have both knowledge of and experience in litigating class actions. (Id. at 9.)  Rosemary Rivas, the Managing Partner of LK's San Francisco office, will be responsible for the case on behalf of LK. (Id.)  Throughout her career, Ms. Rivas has represented consumers under state consumer protection statutes, including California's. (Id.)

Third, Plaintiffs suggest because of Ms. Rivas' significant experience, she is well versed in the applicable law. (Id. at 10.)  Fourth, LK has committed and will continue to commit the necessary resources to represent Plaintiffs. (Id.)  LK will provide experienced attorneys and is familiar with the costs associated with litigating a nationwide class action. (Id.)  Further, the Court finds LK will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).  Based on the considerations articulated above, the Court appoints LK as interim lead counsel for Plaintiffs.

## 2. Executive Committee

Plaintiffs request an executive committee consisting of: (1) Casey Gerry Schenk Francavilla Blatt & Penfield, LLP, (2) Faruqi & Faruqi, LLP and (3) Dworken & Bernstein Co., L.P.A. (Mot. at 11.)  "Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." Manuel for Complex Litig., § 10.221.  "Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses." Id.  Courts within the Ninth Circuit have denied requests for the appointment of executive committees when a plaintiff does not show they are necessary.  See Aberin v. Am. Honda Motor Co., Inc., No. No. 16-cv-04384, 2017 WL 3641793, at *2 (N.D. Cal. Aug. 24, 2017) (citing cases denying the appointment of an executive committee).

Defendants cite a myriad of cases where the plaintiffs failed to sufficiently justify the need for an executive committee.  In Aberin, the court found the plaintiffs did not show that the interests of the class diverged or were dissimilar.  2017 WL 3641793, at *2.  In In re 5-Hour Energy Marketing v. Innovation Ventures, LLC, No. No. 13-md-2438 PSG, 2013 WL 12134144, at *2 (C.D. Cal. Nov. 8, 2013), the court wrote: "Similarly, it does not appear that there are different types of claims that could best be pursued by separately-appointed counsel." See also Michelle v. Arctic Zero, Inc., No. 12-cv-2063 GPC, et al., 2013 WL 791145, at *4 (S.D. Cal. Mar. 1, 2013) ("Plaintiffs assert that the proposed structure with one interim lead counsel, one liaison counsel, and a three-firm executive committee 'will efficiently serve the needs of both the Class and the Court.'  Plaintiffs do not address whether the interests of the class diverge or are dissimilar."); Kamakahi v. Am. Soc. For Reprod. Med., No. 11-cv-01781 SBA, 2012 WL 892163, at *3 (N.D. Cal. Mar. 14, 2012) (same).

In their Motion, Plaintiffs justify their request for an appointment of an executive committee: for the interim lead counsel "to draw on the expertise and skills of the Executive Committee as necessary . . ." and delegate "tasks to them." (Mot. at 11.)  In their Reply, however, Plaintiffs explain that they will seek certification of multi-state subclasses; the Related Actions concern consumers in California, Texas, New Jersey, Ohio, and Oregon.  (Reply at 5.) "As such, the proposed Executive Committee members here all serve an important role in navigating any differences due to jurisdiction, location, and law." (Reply at 6.)  The Court finds this sufficient to justify appointing an executive committee.

**C. Briefing Schedule and Pleading Length**

Defendants also oppose the Motion on the grounds that the Court should afford Defendants additional time to file a responsive pleading to the consolidated complaint and extend the page limit for responsive pleadings.  (Opp. at 7-8.)  Plaintiffs do not oppose this request as long as they too are afforded the same page and time extensions in any opposition briefing. (Reply at 6 n.7.)  The Court finds this an inappropriate basis to oppose the Motion.  Should the parties desire additional time and/or pages to respond, they should file an Ex Parte Application or a Stipulation.

## V.      CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion, CONSOLIDATES the Related Actions.  All future filings shall be made under Case No. 5:17-cv-00853JGB(DTBx). In addition, the Court APPOINTS LK as the interim lead counsel and (1) Casey Gerry Schenk Francavilla Blatt & Penfield, LLP, (2) Faruqi & Faruqi, LLP and (3) Dworken & Bernstein Co. as the executive committee.  Plaintiffs shall file a consolidated complaint by February 16, 2018.  The February 5, 2018 hearing is hereby VACATED.

**IT IS SO ORDERED.**