**RUTAN**

RUTAN & TUCKER, LLP

Alejandro S. Angulo
Direct Dial: (714) 641-3401
E-mail: aangulo@rutan.com

October 23, 2020

Honorable Sashi H. Kewalramani
George E. Brown, Jr. Federal Building and
United States Courthouse
3470 12th Street
Riverside, California 92501

      Re:   *Tanya Mack et al. v. LLR, Inc. and LuLaRoe, LLC*,
           Case No. 5:17-cv-00853-JGB (SHKx)

Dear Judge Kewalramani:

    LLR, Inc. and LuLaRoe, LLC (together, "Defendants") submit this letter brief opposing Plaintiffs' motion to compel destructive testing of Defendants' leggings pursuant to Document Request No. 48. The motion should be denied.

    **I.**     *Factual Background.*

        **A.**    **Request No. 48 Does Not Seek The "Testing" Of Leggings.**

    According to Plaintiffs, Request No. 48 seeks the testing of leggings. It does not. The Request can be found in Plaintiffs' second set of "Request for Production of Documents," which is attached as **Exhibit A** (the "RFPs"). The RFPs were served on May 16, 2019. Neither the RFPs nor Request No. 48 includes the word "testing," and nowhere do the requests indicate that Plaintiffs seek the testing, destructive or otherwise, of anything, much less any leggings. Rather, Request No. 48, and the RFPs generally, asked Defendants to "produce" leggings for some unspecified purpose. On June 20, 2019, Defendants agreed to produce the requested leggings. Defendants' response to the RFPs is attached hereto as **Exhibit B**.

        **B.**    **The Parties' Meet And Confer Efforts.**

    Recently (just a few months ago), Plaintiffs reached out to Defendants to informally ask to test Defendants' leggings (rather than their own). In response, Defendants advised Plaintiffs that they were agreeable to the requested testing subject to certain conditions, which conditions were communicated to Plaintiffs through draft stipulations of a testing protocol. The most recent draft of the protocol was exchanged between the parties on October 14, 2020, and is attached as **Exhibit C**.

    Plaintiffs scheduled a discovery conference call with the Court concerning the stipulation after the parties were unable to agree upon the terms of the testing protocol. At no time during the parties' meet and confer efforts did Plaintiffs claim or contend that they had formally requested

Rutan & Tucker, LLP | 611 Anton Blvd, Suite 1400, Costa Mesa, CA 92626
PO Box 1950, Costa Mesa, CA 92628-1950 | 714-641-5100 | Fax 714-546-9035
Orange County | Palo Alto | San Francisco | www.rutan.com

2814/033910-0005
15679887.3 a10/23/20



Honorable Sashi H. Kewalramani
October 23, 2020
Page 2

destructive testing of leggings, or that the draft protocols pertained to Request No. 48. Indeed, Plaintiffs' October 20, 2020 letter brief is the first time Plaintiffs have made a connection between Request No. 48 (which does not seek testing) and the testing protocol the parties had been negotiating.

**C.     Corrections of Misstatements Contained In Plaintiffs' Letter Brief.**

This section is submitted to the extent that Plaintiffs' factual misstatements are germane.

First, Plaintiffs represent that all "8,000 pairs [of leggings] that were returned" under Defendants' consumer return programs were "defective." This is untrue. Defendants' return programs permitted consumers to return products, including leggings, regardless of whether they were defective. As Plaintiffs know, this fact was recently confirmed at the deposition of the manufacturer of the leggings, who handled receiving, cataloging, and storing products returned under Defendants' consumer return programs. A copy of the relevant portions of the manufacturer's deposition is attached hereto as **Exhibit D**.

Second, Plaintiffs represent that Defendants have already tested the leggings. This is misleading. To be clear, Defendants have not conducted any tests on the leggings. Rather, the "testing" performed on the leggings consisted of quality assurance testing that was performed ***during*** the manufacturing process and ***before*** the leggings were delivered to Defendants (and later sold to distributors and ultimately, consumers). Specifically, the quality assurance testing was performed by third parties hired by the manufacturer. The results of this quality assurance testing were recorded in reports that the manufacturer sent to Defendants from time to time. Defendants produced these reports to the Plaintiffs long ago, an example of which is attached as **Exhibit E**. Though Plaintiffs have long known about these third-party quality assurance testing companies, Plaintiffs have done nothing to obtain additional information from them regarding the pre-sale quality assurance testing that was performed.

**II.     *Plaintiffs' Motion to Compel Should Be Denied.***

The motion should be denied for several reasons.

***First***, there is no request that seeks testing and thus, there is nothing to compel. "Federal Rule of Civil Procedure 34(a)(1) provides that a party may make a request for production to 'inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b).'" *Mirchandani v. Home Depot, U.S.A., Inc.*, 325 F.R.D. 611, 613 (2006). "Production for purposes of destructive testing falls within that rule as well." *Ostrander by Ostrander v. Cone Mills, Inc.*, 119 F.R.D. 417, 419 (1988). As explained above, the Request does not seek any testing, much less request permission to conduct destructive testing.



Honorable Sashi H. Kewalramani
October 23, 2020
Page 3

**_Second_**, even if a request for destructive testing existed (it does not), Plaintiffs have not explained the testing they seek and procedures thereto.  When prosecuting a motion to compel destructive testing, a moving party should (a) describe in detail the planned testing procedures; (b) explain why that testing is expected to lead to evidence crucial to a claim or defense; (c) make clear why there are no other adequate means of obtaining evidence; and (d) specify the safeguards that will be used to prevent or minimize prejudice to other parties.  *See* Don Zupanec, *Destructive* Testing, 21 FED. LITIGATOR 8 (2006).  Here, Plaintiffs have not provided any of this information.

**_Third_**, the four relevant factors the court is to consider in determining whether destructive testing should be permitted weigh against Plaintiffs because Plaintiffs have not explained the testing they **_might_** need.  Importantly, Plaintiffs do not know if the testing they seek is necessary given that they seek testing only "***if*** [Plaintiffs'] consultants/experts deem necessary." (Ltr. Brief at pg. 1, emphasis added.)[1]  Thus, the factors here weigh in favor of denying the motion to compel. *See Mirchandani v. Home Depot, U.S.A.*, 235 F.R.D. 611, 614-617.

The first factor is whether the proposed testing is reasonable, necessary, and relevant.  This weighs against Plaintiffs because Plaintiffs do not contend the testing is necessary; rather, Plaintiffs have yet to even determine whether the unspecified testing they seek is even necessary.  Further, Defendants cannot determine whether destructive testing is reasonable if Plaintiffs will not disclose the type of testing.  The second factor is whether the testing would result in prejudice to Defendants.  This factor is at best neutral because Defendants concede that any prejudice can be alleviated by Plaintiffs purchasing the leggings.  That said, however, Defendants cannot fully evaluate the scope of potential prejudice without information about what testing Plaintiffs **_might_** conduct.  The third factor is whether non-destructive alternative methods exist.  This factor weighs against Plaintiffs because Plaintiffs have conceded that the testing is not yet necessary.  In any event, alternative methods to testing Defendants' leggings—regardless of the type of testing— exist because Plaintiffs can certainly test their own leggings.[2]  The final factor is whether safeguards should be implemented to minimize prejudice to the producing party.  Defendants cannot devise adequate safeguards if it does not know what the testing involves.

Very truly yours,

RUTAN & TUCKER, LLP

Alejandro S. Angulo

---

[1]    It appears that Plaintiffs have called upon the Court to adjudicate an issue that may never arise.
[2]    If Plaintiffs elect to conduct destructive testing of their own leggings, this motion would be more properly characterized as a motion for a protective order.  *See Mirchandani*, 235 F.R.D. at 613.

# EXHIBIT A

1  Rosemary M. Rivas (State Bar No. 209147)
   Email: rrivas@zlk.com
2  Rosanne L. Mah (State Bar No. 242628)
   Email: rmah@zlk.com
3  **LEVI & KORSINSKY, LLP**
   44 Montgomery Street, Suite 650
4  San Francisco, California 94104
   Telephone: (415) 373-1671
5  Facsimile: (415) 484-1294

6  *Interim Lead Counsel for Plaintiffs*
   *And Proposed Classes*

7
   [*Additional Counsel listed on signature block.*]
8

9

10                **UNITED STATES DISTRICT COURT**

11           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12                      **EASTERN DIVISION**

13

14  TANYA MACK; SUZANNE JONES;          CASE NO. 5:17-cv-00853-JGB (SHK)
    CAITLIN GOODWIN, MINA NICOLLE
15  ULASZEK BENJAMIN; TERRI DORAN; and   Consolidated With:
    EMMA HEINICHEN on behalf of themselves   2:17-cv-07252-JBG(AFMx)
16  and all others similarly situated,         2:17-cv-07259-JGB(Ex)
                                            2:17-cv-07308-JGB(AFMx)
17              Plaintiffs,                 2:17-cv-07310-JGB(Ex)

18  v.                                    **PLAINTIFFS' SECOND SET OF
                                          REQUESTS FOR PRODUCTION OF
19  LLR, INC. and LULAROE, LLC,           DOCUMENTS TO DEFENDANTS LLR,
                                          INC. AND LULAROE, LLC**
20              Defendants.

21  PROPOUNDING PARTY:   Plaintiffs TANYA MACK; SUZANNE JONES; CAITLIN
22                       GOODWIN; MINA NICOLLE ULASZEK BENJAMIN; TERRI
                         DORAN; and EMMA HEINICHEN
23
    RESPONDING PARTY:    Defendants LLR, INC.; and LULAROE, LLC
24
    SET NUMBER:          TWO
25
26         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Tanya Mack,

27  Suzanne Jones, Caitlin Goodwin, Mina Nicolle Ulaszek Benjamin, Terri Doran, and Emma

28  Heinichen ("Plaintiffs") propound this second set of Requests for Production of Documents on

Defendants LLR, Inc and LuLaRoe, LLC (together, "Defendants" or "LLR"). Plaintiffs request that Defendants serve a written response within 30 days from service of these Requests.

## DEFINITIONS

The definitions below apply to Plaintiffs' Requests below.  In the event of any conflict or ambiguity, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the term in question.

1.     As used herein, the terms "and" and "or" shall be construed either conjunctively or disjunctively in an inclusive manner to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.  "Including" shall be understood to mean including but not limited to.  Singular nouns and pronouns shall be deemed to include the plural, and vice versa, and masculine, feminine, and neuter nouns and pronouns shall be deemed to include one another, wherever appropriate

2.     The terms "ANY," "ALL," and "EACH" shall each mean and include the other.

3.     The term "CONSUMER" and "CUSTOMER" means any person who purchased any of the PRODUCTS from March 23, 2013 to the present not for resale but for personal, family or household purposes.

4.     "DEFECTIVE" means the LEGGINGS that developed and/or had tearing, tears, and/or holes.

5.     "DEFENDANTS," "YOU," "LLR," "LULAROE," or "YOUR" means Defendant LLR, Inc. and their officers, directors, trustees, agents, employees, staff members, and paid consultants; any predecessor, successor, parent, subsidiary, division, franchise or affiliate; and any person acting on behalf of any of the aforementioned.

6.     The term "FASHION CONSULTANT(S)" means individuals who purchase the PRODUCTS from Defendant and subsequently sell the Products to CONSUMERS.

7.     "IDENTIFY" means:

a.   With respect to a natural person, to state the person's full name (or as much of their name as is possible), and last known mailing address, work address, and phone number;

b.  With respect to a corporation or other business entity, to specify the name of the
corporation or business entity, the type of entity (e.g., corporation, partnership,
etc.), its present address and telephone number, and any persons YOU are aware
of who acted on behalf of that corporation or business entity with respect to the
events at issue;

c.  With respect to a LEGGING, to state the commonly used name of the LEGGING
or describe the LEGGING in detail if it does not have a commonly used name,
and to state all other means of identification of the item, such as an SKU number,
model number, product number, etc.

8.  The term "HAPPINESS POLICY" means YOUR return, refund, credit, and exchange
policy for PRODUCTS purchased on or after April 24, 2017.

9.  The term "LIMITED WARRANTY" means YOUR return policy for manufacturing
defects in materials or workmanship for PRODUCTS purchased after April 24, 2017.

10.  The term "MAKE GOOD PROGRAM" means your replacement, refund, and gift
card policy for defects in materials or workmanship for PURCHASES made between January 1,
2016 and April 24, 2017.

11.  "PLAINTIFFS" refers to Plaintiffs Tanya Mack, Suzanne Jones, Caitlin Goodwin,
Mina Nicolle Ulaszek Benjamin, Terri Doran, and Emma Heinichen.

12.  The terms "PRODUCT(S)" or "LEGGINGS" means LuLaRoe leggings sold in the
United States.

## INSTRUCTIONS

1.  In responding to these Requests, YOU are required to furnish all information within
the scope of the requests that is personally known or reasonably available to YOU, including
information in YOUR possession, custody or control, which shall include actual and constructive
possession, custody, or control.  Any LEGGING that is not in YOUR immediate physical
possession, but in regard to which YOU have a right to compel production from a third person, or
which is otherwise subject to the control of the person in question, is within YOUR "possession,
custody, or control."  When these Requests call for information or a LEGGING that was previously

in YOUR possession, custody, or control, but is not currently in YOUR possession, custody or control, YOU should IDENTIFY its present location and custodian if known, or otherwise its last known location and custodian.

2.     In responding to these Requests, YOU must make a diligent search of YOUR records and of other papers and materials in YOUR possession, custody, or control.

3.     If any request has subparts, answer each subpart separately and in full, and do not limit YOUR answer to the request as a whole.

4.     If, in response to any Request or subpart to any Request, YOU assert that the answer can be found, in whole or in part, in the answer to another Request, please state the number of the Request or Requests where the answer may be found and, where applicable, the subpart(s) where the answer may be found.  Also, state whether the Request or Requests referenced as containing the answer have the full and complete answer, and if not, supply the balance of the answer pursuant to the Rules and these instructions.

5.     Requests that cannot be answered in full shall be answered as completely as possible, and incomplete answer shall be accompanied by a specification of the reasons for the incompleteness of the answer of whatever knowledge, information, or belief is possessed with respect to each unanswered or incompletely answered Request.  Incomplete answers shall be accompanied by a statement of the names, business and residential addresses, and telephone numbers of the persons whom YOU believe to be in control of the complete information requested.

6.     These Requests are deemed to be continuing.  If after providing LEGGINGS in response to any Request, YOU obtain or become aware of any further LEGGINGS pertaining to that request, YOU are requested to serve a supplemental response and provide such additional LEGGINGS.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 48:

All LEGGINGS that have been returned to YOU by CONSUMERS or FASHION CONSULTANTS pursuant to YOUR LIMITED WARRANTY, MAKE GOOD PROGRAM, AND HAPPINESS POLICY.

1    REQUEST FOR PRODUCTION NO. 49:

2         All DEFECTIVE LEGGINGS that YOU have tested or analyzed, from March 23, 2013 to

3    the present.

4    REQUEST FOR PRODUCTION NO. 50:

5         All DEFECTIVE LEGGINGS from March 23, 2013 to the present.

6

7    Dated: May 16, 2019                       **LEVI & KORSINSKY, LLP**

8                                              By:/s/ *Rosemary M. Rivas*
                                               Rosemary M. Rivas
9                                              Rosanne L. Mah
                                               44 Montgomery Street, Suite 650
10                                             San Francisco, CA 94104
                                               Telephone: (415) 373-1671
11                                             Facsimile: (415) 484-1294

12                                             *Interim Lead Counsel for Plaintiffs and*
13                                             *the Proposed Classes*

14                                             **CASEY GERRY SCHENK FRANCAVILLA**
                                               **BLATT & PENFIELD, LLP**
15                                             Gayle M. Blatt
                                               110 Laurel Street
16                                             San Diego, CA 92101
                                               Telephone: (619) 238-1811
17                                             Facsimile: (619) 544-9232
                                               Email: gmb@cglaw.com
18
                                               **FARUQI & FARUQI, LLP**
19                                             Timothy J. Peter
                                               101 Greenwood Avenue, Suite 600
20                                             Jenkintown, PA 19046
                                               Telephone: (215) 277-5770
21                                             Facsimile: (215) 277-5771
                                               Email: tpeter@faruqilaw.com
22
                                               **DWORKEN & BERNSTEIN CO., L.P.A.**
23                                             Patrick J. Perotti
                                               1468 W. 9th Street, Suite 135
24                                             Cleveland, OH 44113
                                               Telephone: (440) 946-7656
25                                             Facsimile: (440) 352-3469
                                               Email: pperotti@dworkenlaw.com
26
                                               *Executive Committee for Plaintiffs and the Proposed*
27                                             *Classes*

28

REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO
DEFENDANT LLR, INC. AND LULAROE, LLC (SET TWO)

1   Rosemary M. Rivas (State Bar No. 209147)
    Email: rrivas@zlk.com
2   Rosanne L. Mah (State Bar No. 242628)
    Email: rmah@zlk.com
3   **LEVI & KORSINSKY LLP**
    44 Montgomery Street, Suite 650
4   San Francisco, California 94104
    Telephone: (415) 373-1671
5   Facsimile: (415) 484-1294

6   *Interim Lead Counsel for Plaintiffs*
    *And Proposed Classes*
7

8   [*Additional Counsel listed on signature block.*]

9
                    **UNITED STATES DISTRICT COURT**
10
                 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11
                          **EASTERN DIVISION**
12

13  TANYA MACK; SUZANNE JONES; CAITLIN        | Case No. 5:17-cv-00853-JGB-DTB
    GOODWIN, MINA NICOLLE ULASZEK
14  BENJAMIN; TERRI DORAN; and EMMA           | Consolidated With:
    HEINICHEN on behalf of themselves and all |       2:17-cv-07252-JBG (AFMx)
15  others similarly situated,                |       2:17-cv-07259-JBG (Ex)
                                              |       2:17-cv-07308-JBG (AFMx)
16                                            |       2:17-cv-07310-JBG (Ex)
                    Plaintiffs,
17                                            | ASSIGNED FOR ALL PURPOSES TO HON. JESUS G.
    v.                                        | BERNAL
18
    LLR, INC. and LULAROE, LLC,
19
                                              | **PROOF OF SERVICE**
20                  Defendants.
                                              | Date Action File: May 2, 2017
21                                            | Trial Date: March 3, 2020

22

23

24

25

26

27

28

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 44 Montgomery Street, Suite 650, San Francisco, California 94104.

On May 16, 2019, I served the following document(s) on the parties listed below in the manner indicated:

1. **PLAINTIFFS' SECOND SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS LLR, INC. AND LULAROE, LLC; and**

2. **PROOF OF SERVICE.**

☒    [BY MAIL] I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Levi & Korsinsky LLP, San Francisco, California, following ordinary business practices.  I am familiar with the practice of Levi & Korsinsky LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

Alejandro S. Angulo
Bradley A. Chapin
Kathryn D.Z. Domin
Samantha L. Goates
**RUTAN & TUCKER, LLP**
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

*Counsel for Defendants LLR, INC. and
LULAROE, LLC*

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.  Executed on May 16, 2019, at San Francisco, California.

Shaliya Nath

# EXHIBIT B

1   Alejandro S. Angulo (State Bar No. 217823)
    aangulo@rutan.com
2   Bradley A. Chapin (State Bar No. 232885)
    bchapin@rutan.com
3   Kathryn D.Z. Domin (State Bar No. 274771)
    kdomin@rutan.com
4   Samantha L. Goates (State Bar No. 310610)
    sgoates@rutan.com
5   **RUTAN & TUCKER, LLP**
    611 Anton Boulevard, Suite 1400
6   Costa Mesa, California 92626-1931
    Telephone:     714-641-5100
7   Facsimile:     714-546-9035

8   Attorneys for Defendants
    LLR, INC. and LULAROE, LLC
9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                          EASTERN DIVISION

| | |
|---|---|
| 13  TANYA MACK and MINA NICOLLE ULASZEK BENJAMIN individually and on 14  behalf of all others similarly situated, | Case No. 5:17-cv-00853-JGB-DTB |
| 15              Plaintiffs, | Consolidated With:<br>          2:17-cv-07252-JBG (AFMx)<br>          2:17-cv-07259-JGB (Ex)<br>          2:17-cv-07308-JGB (AFMx)<br>          2:17-cv-07310-JGB (Ex) |
| 16       vs. | |
| 17  LULAROE, LLC and LLR, INC., | ASSIGNED FOR ALL PURPOSES TO HON. JESUS G. BERNAL |
| 18              Defendants. | |
| 19 | **DEFENDANT LLR, INC. AND LULAROE, LLC'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 20 | |
| 21 | Date Action Filed:    May 2, 2017<br>Trial Date:          March 3, 2020 |
| 22 | |

23

24

25

26

27

28

-1-

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTY**: | Plaintiffs TANYA MACK; SUZANNE JONES; CAITLIN GOODWIN; MINA NICOLLE ULASZEK BENJAMIN; TERRI DORAN; and EMMA HEINICHEN |
| 2 | | |
| 3 | **RESPONDING PARTIES**: | Defendants LLR, INC.; and LULAROE, LLC |
| 4 | **SET NUMBER**.: | One |

Pursuant to Rule 34 of the Federal Rules of Civil Procedures, Defendants LLR, Inc. and LuLaRoe, LLC ("Responding Parties") hereby respond to the Second Set of Requests for Production of Documents propounded by Plaintiffs Tanya Mack, Suzanne Jones, Caitlin Goodwin, Mina Nicolle Ulaszek Bejamin, Terri Doran, and Emma Heinichen (collectively, "Propounding Party") as follows:

## PRELIMINARY STATEMENT

1.     These responses are all disclosed for the purpose of this action only.  Each response is subject to all appropriate objections (including but not limited to objections concerning competency, relevancy, materiality, propriety and admissibility) that would require the exclusion of any requested information if the information were sought to be introduced into evidence at the time of trial.  All such objections and grounds are reserved and will be interposed at the time of trial or other appropriate proceedings.

2.     Discovery is ongoing and Responding Parties have not completed their investigations in this matter.  The information set forth herein is true and correct to Responding Parties' best knowledge at this time, and is subject to correction for inadvertent errors or omissions, if any errors or omissions shall be found to exist.  Furthermore, Responding Parties' responses are based upon the records and information presently available to Responding Parties.  The following responses are given without prejudice to Responding Parties' right to introduce, at the time of trial or other proceedings, subsequently discovered information relating to the proof of presently known material facts, and to introduce all information, whenever discovered, relating to the proof of subsequently discovered material facts.  However, Responding Parties do not assume any duty of ongoing amendment to these responses.

3.     Certain of these responses, and/or documents specified in these responses, may identify persons.  All persons identified in those documents who are current employees of

-2-

DEFENDANT LLR, INC. AND LULAROE, LLC'S RESPONSE TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF

1  Responding Parties, or any such former employees who agree to representation provided by

2  Responding Parties, may be contacted only through Responding Parties' counsel in this matter.

3      4.     Except for the facts, if any, explicitly admitted by Responding Parties, no

4  admission of any nature whatsoever, incidental, inferred, or implied are intended by these

5  responses or objections herein.  Responding Parties' responses and objections shall not be deemed

6  an admission or concession of the existence of any facts set forth or assumed by this Request for

7  production or that such objection or response constitutes admissible evidence of any fact set forth

8  or assumed.

9      5.     If any information within the scope of the attorney-client privilege, the attorney

10  work-product doctrine, the right to privacy, the privilege for confidential or proprietary

11  information or trade secrets is inadvertently disclosed in these responses and/or the related

12  document production, Responding Parties have not done so intentionally and reserve their right to

13  assert those privileges at any time in these proceedings and further reserve the right to the return of

14  all privileged information, including any copies or abstracts of that information.

15      This preliminary statement applies to each and every response or objection and is

16  incorporated in each as though set forth in full therein.

17  **GENERAL OBJECTIONS**

18      1.     Responding Parties object to Propounding Party's Document Requests

19  ("Requests") to the extent that they seek information not relevant to the subject matter of this

20  action and are not proportional to the needs of this case.  Responding Parties will not produce

21  irrelevant documents.

22      2.     Responding Parties object to the Requests to the extent that they would require the

23  production of documents containing confidential or proprietary information belonging to

24  Responding Parties or a third party.  Responding Parties will produce such documents only after

25  the entry of a suitable protective order to govern the production and use of confidential

26  information in this action.

27      3.     Responding Parties object to the Requests to the extent that they seek information

28  or material prepared in anticipation of litigation or for trial of this or any other matter, to the extent

-3-

DEFENDANT LLR, INC. AND LULAROE, LLC'S RESPONSE TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF

1  that such information or material is protected by the work-product doctrine, the attorney-client

2  privilege, or other applicable litigation privileges.

3      4.      Responding Parties base the following responses herein on the assumption that

4  Propounding Party does not seek information protected by the attorney-client privilege,

5  information protected by the work-product doctrine, information protected by the Constitution or

6  statutory rights of privacy or constitutional protection, information protected by the confidentiality

7  of statements made or contact engaged in for settlement purposes, information protected by the

8  confidential trade secrets privilege, or other proprietary information and information irrelevant to

9  the subject matter of this proceeding.  To the extent that Propounding Party's Requests, or any part

10  thereof, could be construed as seeking such information, Responding Parties objects thereto and

11  asserts the foregoing privileges to the greatest extent permitted by law.

12      5.      Responding Parties object to the definition of "Relate," "RELATES," "RELATED

13  TO," and "RELATING TO" included in the Requests as being overbroad, unduly burdensome,

14  and harassing.  Responding Parties will respond to any Requests incorporating these terms based

15  on a reasonable interpretation of the terms as used in the particular Request.

16      6.      Responding Parties object to the Requests on the grounds that they are premature

17  and impose undue burden by demanding unnecessary discovery prior to class certification.

18      7.      Responding Parties object to producing any documents that are equally available to

19  Propounding Party, including, but not limited to, third-party records or records that are publicly

20  available.

21      8.      Responding Parties object to each Request to the extent they are overly broad and

22  thus unduly burdensome.  In responding, Responding Parties will search records of custodians

23  reasonably likely to have responsive documents.

24      9.      Responding Parties object to each Request to the extent they are vague and

25  ambiguous.  Responding Parties have relied on Propounding Party's defined terms and interpreted

26  each Request in good faith.

27      10.     Responding Parties object to each Request to the extent they request documents

28  that are not in Responding Parties' possession, custody, or control.  Responding Parties have no

-4-

1  obligation under the discovery rules to seek documents from third parties (such as sourcers and

2  manufacturers).

3  **INCORPORATION OF GENERAL OBJECTIONS**

4  Each of the general objections is hereby incorporated by this reference as though fully set

5  forth in each of the specific responses made herein.  Notwithstanding the specific response to any

6  of the Propounding Party's Requests, Responding Parties do not waive any of the general

7  objections made herein.  Further, each of the above general objections is asserted as to each of the

8  Requests propounded by Propounding Party.

9  Subject to and without waiver of the foregoing objections, Responding Parties respond to

10  the First Set of Requests for the Production of Documents as follows.

11  **REQUESTS FOR PRODUCTION OF DOCUMENTS AND RESPONSES THERETO**

12  **REQUEST FOR PRODUCTION NO. 48**:

13  All LEGGINGS that have been returned to YOU by CONSUMERS or FASHION

14  CONSULTANTS pursuant to YOUR LIMITED WARRANTY, MAKE GOOD PROGRAM,

15  AND HAPPINESS POLICY.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

17  Responding Parties object to this request as overbroad and unduly burdensome because it

18  seeks "All LEGGINGS" and is therefore not proportional to the needs of the case.  Responding

19  Parties further object that the documents sought by the Request are not in Responding Parties'

20  possession, custody, or control, but instead are in the possession, custody, or control of third

21  parties.

22  Subject to and without waiving any of the foregoing objections, Responding Parties

23  respond as follows: Responding Parties will produce for inspection the leggings in their

24  possession, custody, or control that are responsive to this request.

25  **REQUEST FOR PRODUCTION NO. 49**:

26  All DEFECTIVE LEGGINGS that YOU have tested or analyzed, from March 23, 2013 to

27  the present.

28

2728/033910-0005
13796430.1 a06/20/19

DEFENDANT LLR, INC. AND LULAROE, LLC'S RESPONSE TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

2       Responding Parties object to this request as overbroad and unduly burdensome because it

3 seeks "All LEGGINGS" and is therefore not proportional to the needs of the case. Responding

4 Parties further object that the documents sought by the Request are not in Responding Parties'

5 possession, custody, or control, but instead are in the possession, custody, or control of third

6 parties.

7       Subject to and without waiving any of the foregoing objections, Responding Parties

8 respond as follows: Responding Parties do not have any leggings that are responsive to this

9 request in their possession, custody, or control.

10 **REQUEST FOR PRODUCTION NO. 50**:

11       All DEFECTIVE LEGGINGS from March 23, 2013 to the present.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

13       Responding Parties object to this request as overbroad and unduly burdensome because it

14 seeks "All DEFECTIVE LEGGINGS" and is therefore not proportional to the needs of the case.

15 Responding Parties further object that the documents sought by the Request are not in Responding

16 Parties' possession, custody, or control, but instead are in the possession, custody, or control of

17 third parties.

18       Subject to and without waiving any of the foregoing objections, Responding Parties

19 respond as follows: Responding Parties do not have any leggings that are responsive to this

20 request in their possession, custody, or control.

21

22 Dated: June 20, 2019            RUTAN & TUCKER, LLP
                              ALEJANDRO S. ANGULO

23                               BRADLEY A. CHAPIN
                              KATHRYN D.Z. DOMIN

24                               SAMANTHA L. GOATES
                              GOLSA HONARFAR

25

26                               By:

27                               Alejandro S. Angulo
                              Attorneys for Defendants
                              LLR, INC. and LULAROE, LLC

28

2728/033910-0005
13796430.1 a06/20/19

DEFENDANT LLR, INC. AND LULAROE, LLC'S RESPONSE TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF

## PROOF OF SERVICE

*Mack v. LuLaRoe, LLC, et al.*
*USDC, Case No.: 5:17-cv-00853 JGB DTB*

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 611 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-1931.

On June 20, 2019, I served on the interested parties in said action the within:

**DEFENDANT LLR, INC. AND LULAROE, LLC'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

as stated on the following page.

[X]   (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed as shown below.

In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY E-MAIL) by transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth below.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 20, 2019, at Costa Mesa, California.

| Susan Cook | *Susan Cook* |
|---|---|
| (Type or print name) | (Signature) |

2489/033910-0005
13699501.1 a05/22/19

1

## SERVICE LIST

2

3   | Rosemary M. Rivas | |
4   | Levi and Korsinsky LLP | |
    | 44 Montgomery Street, Suite 650 | |
    | San Francisco, CA 94104 | |
5   | rrivas@zlk.com | |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
Rosanne L. Mah (State Bar No. 242628)
Email: rmah@zlk.com
**LEVI & KORSINSKY, LLP**
388 Market Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

*Interim Lead Counsel for Plaintiffs
and Proposed Classes*

Alejandro S. Angulo (State Bar No. 217823)
Email: aangulo@rutan.com
Bradley A. Chapin (State Bar No. 232885)
Email: bchapin@rutan.com
**RUTAN & TUCKER, LLP**
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: (714) 631-5100
Facsimile: (714) 546-9035

*Attorneys for Defendants
LLR, Inc. and LuLaRoe, LLC*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| TANYA MACK; SUZANNE JONES; CAITLIN GOODWIN, MINA NICOLLE ULASZEK BENJAMIN; TERRI DORAN; and EMMA HEINICHEN on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LLR, INC. and LULAROE, LLC, <br><br> Defendants. | Case No. 5:17-cv-00853-JGB-SHK <br><br> Consolidated With: <br> 2:17-cv-07252-JBG(AFMx) <br> 2:17-cv-07259-JGB(Ex) <br> 2:17-cv-07308-JGB(AFMx) <br> 2:17-cv-07310-JGB(Ex) <br><br> **DISCOVERY MATTER** <br><br> **AMENDED JOINT STIPULATION RE TESTING PROTOCOL NUMBER 1** |

AMENDED JOINT STIPULATION RE TESTING PROTOCOL NUMBER 1

1   This agreement is entered into by Plaintiffs Suzanne Jones, Caitlin Goodwin,

2   Tanya Mack, Mina Nicolle Ulaszek Benjamin, Emma Heinechen, and Terri Doran

3   ("Plaintiffs") on the one hand, and by Defendants LLR, Inc. and LuLaRoe, LLC

4   ("Defendants"), on the other hand.  Plaintiffs and Defendants are collectively

5   referred to herein as "Parties" or "Party."

6   This amended protocol is intended to replace the Joint Stipulation Re: Testing

7   Protocol Number 1 that the Parties entered into on or about _____.  The

8   Parties intend this amended protocol to set forth the agreed-to procedures for the

9   inspection and testing of Plaintiffs' leggings that were physically inspected, bagged,

10  photographed and identified as exhibits by Defendants during the depositions of

11  Plaintiffs (the "Leggings").  Exhibit A attached hereto itemizes the Leggings.  The

12  Leggings have been in Plaintiffs' possession, custody, and control since being

13  bagged and marked as deposition exhibits at Plaintiffs' depositions.  For purposes of

14  this amended protocol only, the Parties agree to the following definitions,

15  procedures, and conditions:

16  **DEFINITIONS**

17  a.   As used herein, the term "Non-Destructive Examination" refers

18  only to the visual or physical examination of one or more of the Leggings.  Non-

19  Destructive Examination does not involve altering the appearance, properties, or

20  constituent parts of any Legging.  Non-Destructive Examination may, however,

21  include photographic or digital recording, or other physical documentation of what is

22  observed, including the taking of measurements, so long as it does not alter any

23  aspect of the appearance or the properties of the Leggings as set forth above. The

24  Parties are permitted to record, through photographs or through digital recording, the

25  Non-Destructive Examination being performed.

26  b.   As used herein, the term "Destructive Testing" refers only to any

27  testing of one or more of the Leggings that permanently alters the appearance,

28  properties, or constituent parts of any of the Leggings.  Destructive Testing may

1

include removing a 5-inch by 5-inch piece of fabric from the Leggings and performing tests on this 5-inch by 5-inch piece of fabric.

   c. The Parties neither waive, nor intend to waive, any privilege that may apply to the results of any Non-Destructive Examination or Destructive Testing performed.

## **PROTOCOL**

  1. Any Non-Destructive Testing that Plaintiffs elect to perform on the Leggings shall be subject to the following:

   a. Plaintiffs may conduct Non-Destructive Examination at any time of the Leggings without notice to Defendants.

   b. Plaintiffs may, but are not required to, allow Defendants, their experts, or their agents, to be present during any portion of Plaintiffs' Non-Destructive Examination.

  2. Any Non-Destructive Testing that Defendants elect to perform on the Leggings shall be subject to the following:

   a. Defendants shall provide Plaintiffs with 21 days' written notice, and shall identify the Leggings by exhibit number or, for those Leggings not given an exhibit number during a deposition, by identifying the garment as referenced during the respective Plaintiff's deposition.

   b. Defendants may, but are not required to, allow Plaintiffs, their experts, or their agents, to be present during any portion of Defendants' Non-Destructive Examination.

   c. Upon such request to inspect by Defendants, counsel for Plaintiffs shall cause the identified Leggings to be (1) delivered in person, or (2) shipped either by Federal Express or by Overnight Mail (tracking required) to the location requested by Defendants.  Defendants must return the Leggings to Plaintiffs with 21 business days of receipt in the same condition as received.  Defendants must

take extreme care to document and maintain the organization of the Leggings (as set forth on the record at Plaintiffs' depositions).  Return delivery shall be made in the same manner outlined above for delivery to Defendants.

3. Any Destructive Testing that Plaintiffs elect to perform on the Leggings shall be subject to the following:

a. Plaintiffs shall provide Defendants with at least 21 days' written notice that Plaintiffs will be performing Destructive Testing on any of the Leggings.

b. Defendants, Defendants' counsel of record, and/or Defendants' agents, shall be permitted to observe and record any Destructive Testing performed by Plaintiffs on the Leggings.

c. Plaintiffs shall record by video, with audio, any Destructive Testing that Plaintiffs perform on any of the Leggings.

4. Any Destructive Testing that Defendants elect to perform on the Leggings shall be subject to the following:

a. Defendants shall provide Plaintiffs with 21 days' written notice, and shall identify the Leggings by exhibit number or, for those Leggings not given an exhibit number during a deposition, by identifying the garment as referenced during the respective Plaintiff's deposition.  Upon such request to inspect by Defendants, counsel for Plaintiffs shall cause the identified Leggings to be (1) delivered in person or (2) shipped either by Federal Express or by Overnight Mail (tracking required) to the location requested by Defendants.  Defendants must return the Leggings to Plaintiffs within 21 business days of receipt in the same condition as received.  Defendants must take extreme care to document and maintain the organization of the Leggings (as set forth on the record at Plaintiffs' depositions). Return delivery shall be made in the same manner outlined above for delivery to Defendants.

b. Defendants shall record by video, with audio, any Destructive Testing performed on any of the Leggings.

3

**IT IS SO STIPULATED**, through Counsel of Record:

Dated: October ___, 2020          **LEVI & KORSINSKY, LLP**

_____

Rosemary Rivas
**LEVI & KORSINSKY, LLP**
388 Market Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

*Counsel for Plaintiffs*

Dated:  October ___, 2020          **RUTAN & TUCKER, LLP**

_____

Bradley A. Chapin
**RUTAN & TUCKER, LLP**
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: (714) 631-5100
Facsimile: (714) 546-9035

*Counsel for Defendants*

**EXHIBIT A**

| | Deponent | Exhibit No. for Leggings | Description of Defect |
|---|---|---|---|
| 1 | **Mina Nicolle Ulazek Benjamin** | **73 – Teal** | **No issues** |
| | | **74 – Blue** | **No issues** |
| | | **75 – Yellow** | **No issues** |
| | | **76 – Black & White Vertical Stripe** | **Not aware of any issues b/c not worn yet.** |
| | | **81 – Black & White Stripe** | **Not worn yet.** |
| | | **82 – Maroon Frankenstein** | **No issues** |
| | | **83 – Red "Love" Tall & Curvy** | **No issues** |

4

| | | | |
|---|---|---|---|
| | | 85 – Stripe & Hearts Tall & Curvy | No issues |
| | | 86 – Black & White Spiderwebs | No issues |
| | | 87 – Old-fashioned Roller Skate | Sizing issue (too small) |
| | | 88 – Cassette Tape | Not aware of any issues b/c not worn yet. |
| | | 89 – Light Blue | No issues |
| | | 90 – Gray & Purple Stripe | No issues |
| | | 91 – Santa Clause Tall & Curvy | Not remember any issues |
| | | 92 – Maroon | Holes |
| | | 93 – Heather Gray Tall & Curvy | Seam problem |
| | | 94 – Blue Bicycle | Hole |
| | | 95 – Maroon Skeleton Fairy | Holes |
| | | 96 – Pie & Circle | Holes |
| | | 97 – Navy with Red Triangle | Small hole |
| | | 98 – Green Triangle & Bat | Sizing (too small) |
| | | 99 – Black Old-fashioned Telephone | Not aware of any issues b/c not worn yet. |
| | | 100 - Telephone | Sizing |
| | | 101 – Pink & Red Stripe & Hearts | Sizing (too small) |
| | | 102 – Red "Love" One Size | Sizing |
| | | 103 – Old Radio & TV | Sizing (too small) |
| 2 | Caitlin Goodwin | 7 | Holes |
| 3 | Suzanne Jones | 209 | No issues |
| | | 210 | No issues |
| | | 211 | No issues |
| | | 212 | No issues |
| | | 213 | No issues |
| | | 214 | No issues |
| | | 215 | Thicker material, not buttery |
| | | 216 | Inconsistent sizing (Waist too tight) |
| | | 217 | Thick material, like sandpaper |
| | | 218 | Sizing issue (too thin, one leg wider than other) |
| | | 219 | Sizing issue (too small, sewing issue, one leg shorter than other) |

5

AMENDED JOINT STIPULATION RE TESTING PROTOCOL NUMBER 1

| | | | |
|---|---|---|---|
| 1 | | 220 | **Material issue (too thin, not buttery)** |
| 2 | | 221 | **Sizing issue (too small)** |
| | | 222 | **Sizing issue (waist too tight)** |
| 3 | | 223 | **Sizing issue (one leg shorter than other)** |
| 4 | | 224 | **Sizing issue (one leg wider than other), thick material** |
| 5 | | | |
| 6 | | 225 | **Sizing issue (one leg shorter than other)** |
| 7 | | 226 | **Fabric like sandpaper** |
| | | 227 | **Sizing issue (one leg wider than other)** |
| 8 | | 228 | **Sizing issue (one leg shorter than other)** |
| 9 | | 229 | **Too tight in the waist** |
| 10 | | 230 | **No issues.** |
| | | 231 | **Sizing issue (too tight in waist)** |
| 11 | | 232 | **No issues** |
| 12 | | 233 | **Sizing issue (shorter than other), thick and rough material** |
| 13 | | | |
| 14 | | 234 | **Sizing issue (waist too tight)** |
| | | 235 | **No issues.** |
| 15 | | 236 | **Sizing issue (one leg shorter than other, waist too tight)** |
| 16 | | | |
| 17 | | 237 | **Sizing issue (too small, too short)** |
| | | 238 | **No issues.** |
| 18 | | 239 | **Sizing issue (shorter than other, too long in crotch area), material like sandpaper** |
| 19 | | | |
| 20 | | 240 | **No issues** |
| | | 241 | **No issues** |
| 21 | | 242 | **Sizing issue (one leg shorter than other)** |
| 22 | | 243 | **Sizing issue (too long in crotch area)** |
| 23 | | 244 | **Sizing issue (waist too small)** |
| 24 | | 245 | **Sizing issue (too tight)** |
| 25 | | 246 | **Sizing issue (too long in crotch area)** |
| 26 | | 247 | **Sizing issue (too long in crotch area)** |
| 27 | | 248 | **No issues** |
| 28 | | | |

6

AMENDED JOINT STIPULATION RE TESTING PROTOCOL NUMBER 1

| | 249 | Sizing issue (one leg shorter than other, too long in crotch area) |
|---|---|---|
| | 250 | Sizing issue (one leg shorter than other, waist too tight) |
| | 251 | Hole when put on first time |
| | 252 | Sizing issue (one leg shorter than other, crotch area too big), misplaced tag, faulty waist |
| | 253 | Dye running |
| | 254 | Sizing issue (waist too tight) |
| | 255 | Sizing issue (one leg shorter than other) and feels like sandpaper |
| | 256 | Sizing issue (one leg shorter than other, waist too tight, crotch area too long) |
| | 257 | Sizing issue (little bit shorter, waist larger than normal) |
| | 258 | No issues |
| | 259 | Sizing issue (too small in waist) |
| | 260 | No Issues |
| | 261 | Sizing issue (too long in crotch area) |
| | 262 | No issues |
| | 263 | Sizing issue (little bit shorter) |
| | 264 | Sizing issue (one leg shorter than other) |
| | 265 | Sizing issue (too long in crotch area) |
| | 266 | Sizing issue (too long in crotch area and torso) |
| | 267 | No issues |
| | 268 | No issues |
| | 269 | No issues |
| | 270 | Sizing issue (thick band and long crotch), design doesn't line up |
| | 271 | Sizing issue (too long in crotch area) |
| | 272 | Sizing issue (waist too tight) |
| | 273 | Sizing issue (waist is too high and crotch area is too long) |
| | 274 | No issues |

7

| | | 275 | Sizing issue (too long in crotch area); thick suffocating material; design stolen from artist |
| | | 276 | Never opened so no complaints |
| | | | |
| 4 | Tanya Mack | 181 – Valentines | No issues |
| | | 182 – gray with yellow, green, white triangles | Inconsistent sizing |
| | | 183 – pink stripes and different patterns | Inconsistent sizing |
| | | 184 – red & pinkish flowers | No issues |
| | | 185 – light blue with snowflakes and Christmas tree & little elves | Inconsistent sizing |
| | | 186 – navy blue with red & green diamonds & Santa Clauses | No issues |
| | | 187 – red with reindeer and snowflakes | Sizing issue |
| | | 188 – black with hearts in pink, white, red | No issues |

8

AMENDED JOINT STIPULATION RE TESTING PROTOCOL NUMBER 1

# EXHIBIT D

Billy H. Chiang

1

2

3          REMOTE VIDEOTAPED DEPOSITION OF PROVIDENCE

4     INDUSTRIES, LLC DBA MYDYER, BILLY H. CHIANG, VOLUME

5     NO. I, taken on behalf of Plaintiffs, at Mission

6     Viejo, California, beginning at 10:19 a.m. and

7     ending at 7:11 p.m., on Thursday, August 27th, 2020,

8     before Monica Lepe-Georg, Certified Shorthand

9     Reporter No. 11976.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Billy H. Chiang

```
 1              UNITED STATES DISTRICT COURT
 2            CENTRAL DISTRICT OF CALIFORNIA
 3
 4   TANYA MACK; SUZANNE JONES;      )
     CAITLIN GOODWIN; MINA           )
 5   NICOLLE ULASZER ULASZEK         )
     BENJAMIN; TERRI DORAN, and      )
 6   EMMA HEINICHEN on behalf of     )  No.
     themselves and all others       )  5:15-cv-00853-JGB-
 7   similarly situated,             )  SHK
                                     )
 8                   Plaintiffs,     )
                                     )
 9   vs.                             )
                                     )
10   LLR, INC. And LULAROE, LLC,     )
                                     )
11                   Defendants.     )
     _____)
12
13
14            VIDEOTAPED DEPOSITION OF
15       PROVIDENCE INDUSTRIES, LLC DBA MYDYER
16                 BILLY H. CHIANG
17                   Volume I
18            APPEARING REMOTELY FROM
19            MISSION VIEJO, CALIFORNIA
20          THURSDAY, AUGUST 27TH, 2020
21
22   REPORTED BY:
     MONICA LEPE-GEORG
23   CSR No. 11976
     APPEARING REMOTELY FROM CLOVERDALE, CALIFORNIA
24
     Job No. 252678
25   PAGES 1 - 321
```

Billy H. Chiang

```
 1                    REMOTE APPEARANCES

 2

 3    FOR PLAINTIFFS:

 4          WALSH, PLLC

 5          BY:  BONNER C. WALSH, ESQ.

 6          1561 Long Haul Road

 7          Grangeville, Idaho 83530

 8          Telephone:  541.359.9827

 9          Fax:  866.503.8206

10          E-mail:  bonner@walshpllc.com

11

12    CO-COUNSEL:

13          FARUQI & FARUQI, LLP

14          BY:  JOSHUA NASSIR, ESQ.

15          10866 Wilshire Boulevard

16          Suite 1470

17          Los Angeles, California 90024

18          Telephone:  424.256.2884

19          Fax:  424.2562885

20          E-mail:  jnassir@faruqilaw.com

21

22

23

24

25
```

Billy H. Chiang

```
 1    REMOTE APPEARANCES (Continued):

 2

 3    FOR DEFENDANTS:

 4         RUTAN & TUCKER, LLP

 5         BY:  ALEJANDRO S. ANGULO, ESQ.

 6         611 Anton Boulevard

 7         Suite 1400

 8         Costa Mesa, CA 92626

 9         Telephone:  714.641.3401

10         Fax:  N/A

11         E-mail:  aangulo@rutan.com

12

13    CO-COUNSEL:

14         RUTAN & TUCKER, LLP

15         BY:  MARY CHRISTINE BRADY, ESQ.

16         611 Anton Boulevard

17         Suite 1400

18         Costa Mesa, CA 92626

19         Telephone:  714.662.4605

20         Fax:  N/A

21         E-mail:  mbrady@rutan.com

22

23

24

25
```

Billy H. Chiang

```
 1    REMOTE APPEARANCES (Continued):

 2

 3    FOR DEFENDANT:

 4         FLORATOS LOLL & DEVINE, APLC

 5         BY:  WILLIAM J. FLORATOS, ESQ.

 6         26023 Acero

 7         Suite 100

 8         Mission Viejo, California 92691

 9         Telephone:  714.641.1222

10         Fax:  714.641.1333

11         E-mail:  waf@floratosloll.com

12

13    FOR THE DEPONENT:

14         REED SMITH, LLP

15         BY:  JONATHAN D. GERSHON, ESQ.

16         355 South Grand Avenue

17         Suite 2900

18         Los Angeles, California 90071

19         Telephone:  213.457.8159

20         Fax:  213.457.8080

21         E-mail:  jgershon@reedsmith.com

22

23

24

25
```

Billy H. Chiang

```
 1     REMOTE APPEARANCES (Continued):

 2

 3     CO-COUNSEL FOR THE DEPONENT (AFTERNOON SESSION):

 4          REED SMITH, LLP

 5          BY:  MARSHA HOUSTON, ESQ.

 6          355 South Grand Avenue

 7          Suite 2900

 8          Los Angeles, California 90071

 9          Telephone:  213.457.8067

10          Fax:  213.457.8080

11          E-mail:  mhouston@reedsmith.com

12

13     Also Present:

14          Jim Lopez, Videographer

15

16

17

18

19

20

21

22

23

24

25
```

Billy H. Chiang

```
 1          REPORTED REMOTELY FROM CLOVERDALE, CALIFORNIA

 2                    THURSDAY, AUGUST 27TH, 2020

 3                      10:19 a.m. - 7:11 p.m.

 4              THE VIDEOGRAPHER:  We are now on the

 5     record.  My name is Jim Lopez, I'm a videographer

 6     for Golkow Litigation Services.  Today's date is

 7     August 27th, 2020, and the time is approximately

 8     10:19 a.m.  This remote video deposition is being

 9     held in the matter of Tanya Mack, et al., versus

10     LLR, Inc., and LuLaRoe, LLC, for the United States

11     District Court, Central District of California.  The

12     deponent is PMK of Providence Industries, LLC, DBA

13     MyDyer, Billy Chiang.  All parties to this

14     deposition are appearing remotely and have agreed to

15     the witness being sworn in remotely.

16              Due to the nature of remote reporting,

17     please pause briefly before speaking to ensure all

18     parties are heard completely.

19              Will counsel please identify themselves?

20              MR. WALSH:  Bonner Walsh for the plaintiffs

21     in this matter.

22              MR. NASSIR:  Joshua Nassir also for the

23     plaintiffs in this matter.

24              MR. ANGULO:  Alejandro Angulo for LLR,

25     Inc., and LuLaRoe.
```

```
 1              MR. GERSHON:  Jonathan Gershon on behalf of

 2       Providence Industries.

 3              MR. FLORATOS:  William Floratos, also for

 4       LLR, Inc., and LuLaRoe.

 5              MS. BRADY:  Mary Brady from Rutan & Tucker,

 6       also for LLR and LuLaRoe.

 7              THE VIDEOGRAPHER:  The court reporter is

 8       Monica Lepe-Georg and she may now swear in the

 9       witness.

10              (Witness sworn.)

11                          ---oOo---

12          PROVIDENCE INDUSTRIES, LLC DBA MYDYER,

13                    BILLY H. CHIANG,

14       having been administered an oath, was examined and

15       testified as follows:

16                       EXAMINATION

17       BY MR. WALSH:

18          Q.   Mr. Chiang, would you state your full name

19       for the record, please?

20          A.   Billy Chiang.

21          Q.   And how would you like me to address you

22       here today?  Mr. Chiang or Billy or do you have a

23       preference?

24          A.   Billy is fine.

25          Q.   Okay.  Thank you.
```

Billy H. Chiang

1   returned to MyDyer, were returned to LuLaRoe first?

2       A.   No, it went directly to LuLaRoe and some

3   came directly to us.  Nothing from LuLaRoe came to

4   us.

5       Q.   Okay.  Just so we're clear, so the path was

6   either items went directly to LuLaRoe from consumers

7   or they went directly to MyDyer from consumers?

8       A.   Correct.

9       Q.   Did any of the products ever go from

10  LuLaRoe to MyDyer under these return policies?

11      A.   No.

12      Q.   Okay.  So, if the products were sent to

13  LuLaRoe -- LuLaRoe under a return policy, those

14  products were retained by LuLaRoe?

15      A.   Correct.

16          MR. ANGULO:  Objection.  Lacks foundation.

17  Calls for speculation.

18  BY MR. WALSH:

19      Q.   And if MyDyer received any products under

20  these return policies, they received them directly

21  from consumers and consultants; is that correct?

22      A.   Yes.

23      Q.   What was MyDyer's responsibility for the

24  return products after they were received by -- by

25  MyDyer?

Billy H. Chiang

1      A.   Our response was to record the item, record

2   the item by who sent it, what type of defects, if

3   any, and what kind of return policy it fell under.

4      Q.   And did MyDyer provide LuLaRoe a refund on

5   those products?

6      A.   Refund to LuLaRoe, no.

7      Q.   Did MyDyer provide a replacement to LuLaRoe

8   for those products?

9      A.   No.

10     Q.   Did MyDyer provide a credit on future

11   orders to LuLaRoe for those products?

12     A.   No.

13     Q.   Did MyDyer issue refunds to anyone,

14   including end consumers, on any of those products?

15     A.   No.

16     Q.   Who issued refunds on those returned

17   products, if you know?

18     A.   No idea.

19     Q.   What happened with those returned products

20   that were received --

21          Well, when MyDyer received returned

22   products that they manufactured for LuLaRoe, how

23   were those products preserved?

24     A.   We inventorized it, we categorized if it

25   fell with defects or A quality goods, we placed them

Billy H. Chiang

```
 1    in boxes, in pallets, shrink-wrapped and stored in

 2    our facility.

 3         Q.   Were they sorted by product or just

 4    packaged as they came in?

 5         A.   Packaged as they came in.

 6         Q.   Okay.  So, leggings were never sorted

 7    separately from any other of the products, correct?

 8         A.   No.

 9         Q.   You mentioned that the items were wrapped

10    and then palletized; is that correct?

11         A.   We folded, put it in boxes, inventorized,

12    and shrink-wrapped into a pallet and stored in

13    our -- in our racks in our warehouse.

14         Q.   And your warehouse, is that a

15    temperature-controlled environment?

16         A.   Not to the specific, but it falls under

17    100 degrees Fahrenheit.

18         Q.   Is humidity measured in that facility or is

19    that something that's not kept track of?

20         A.   No, we don't keep track of that.

21         Q.   Okay.  After the product came to MyDyer, as

22    it --

23              After the return -- we would say strike

24    that, but everything gets recorded these days.

25    So --
```

# EXHIBIT E





Number : KORT17050107

### GARMENT TEST REPORT

Date   : 02-Jun-2017

| OVERALL RATING | |
|---|---|
| X | PASS |
| | FAIL |
| | DATA |

Applicant:   SAE-A TRADING CO., LTD.

SAE-A BLDG, YEONGDONG-DAERO (BLVD) 429, GANGNAM-GU, SEOUL, 135-846, KOREA

Attn:   Mydyer Team

(C/O : Jin,Carmen,Steven Yoo,Andrea Yoon,Kathy Young,Eunice Hong,Jennifer Na,Jessica Kang,Vivienne Song,Eunice.Park,Claire Moon,Linda Lee,Cindy Cho,Yenifer G. Lopez,Shelly Kim)

| | |
|---|---|
| Vendor Name: | Sae-a Trading Co., Ltd. |
| Brand Name: | Lularoe |
| LLR PO No.: | LLR DC/DE-6145 JUL |
| Style No: | Legging |
| Sample Description As Declared: | Brushed Jersey Knit Leggings |
| Fibre Content: | 92% Polyester 8% Spandex |
| Fabric Weight: | 190g/m2 |
| Yarn Size: | - |
| Colour: | TGTO Thumper70's Art 6 |
| Season and Year: | Jul 2017 |
| End Use: | Leggings |
| Print/Dye Type: | - |
| Finish/Treatment: | - |
| Category: | Children's (3+ years), Children's (3 years and under) |
| Product Type: | Garment |
| Testing Type: | Initial |
| Fabric Type: | Knit |
| Testing Package Type: | Full Package |
| Standard: | - |
| Date Received/Date Test Started: | 30 May 2017 |
| Previous Report No.: | KORT17040467 |
| Reference: | - |

Applicant Provided Care Instructions :
Machine Wash Cold
Gentle Cycle
Do Not Bleach
Hang Dry
Do Not Iron
Or You'll Be Sad

AUTHORIZED BY
Intertek Testing Services Korea Ltd. [Korea-TXT]

JACK KIM
DEPUTY GENERAL MANAGER

**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

Page 1  of  10

CONFIDENTIAL                                                                    LLRMK0000225034

  

GARMENT TEST REPORT

Number : KORT17050107

Date   : 02-Jun-2017

## ORIGINAL SAMPLE PHOTO



**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

Page 2  of  10

CONFIDENTIAL

LLRMK0000225035



**MyDyer**

GARMENT TEST REPORT

Number : KORT17050107

Date : 02-Jun-2017

**CONCLUSION :**

| | |
|---|---|
| Dimensional Stability To Washing | M |
| Appearance After Washing | M |
| Seam Torque After Washing | M |
| Color Fastness To Actual Laundering | M |
| Durability To Repeated Laundering | N/A |
| Color Fastness To Crocking | M |
| Fabric Weight | M |
| Seam Stretchability | M |
| Drawstring Evaluation | N/A |
| Sharp Points/Sharp Edges | M |
| Torque Test | N/A |
| Tension Test | N/A |
| Small Part-Choking Hazards | M |
| Stretch And Recovery | # |
| Formaldehyde Spot Test | M |
| Total Lead Content in Substrate | N/A |
| Total Lead Content in Surface Coating | N/A |
| Cadmium | N/A |
| Phthalate Content Test | N/A |
| Tracking Label | # |
| Wearing Apparel Flammability | M |
| XRF Screening | # |

M = Meet Applicant's Requirement    F = Below Applicant's Requirement
# = No Specified Requirement       * = No Submitted Information
N/A = Not Applicable          R = See Remark
- = Did Not Perform          NC = Not Conform
C = Conform Label
** = Based upon the Weight Per Unit Area the sample is exempt from Flammability Testing in accordance with 16 CFR 1610.1(d).
*** = Based upon the Fiber Content the sample is exempt from Flammability Testing in accordance with 16 CFR 1610.1(d).

**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

Page 3 of 10

CONFIDENTIAL

LLRMK0000225036

**MyDyer**

**Intertek**

<u>GARMENT TEST REPORT</u>

Number : KORT17050107

Date   : 02-Jun-2017

TEST CONDUCTED (AS REQUESTED BY THE APPLICANT)

**1. Dimensional Stability To Washing**
 AATCC 150-2012 , Test No. (2)II B, Machine Wash At 80°F, Gentle Cycle, In 1993 AATCC Standard Reference Detergent, With 1.8 Kg Load, Followed By Hang To Dry

|  | <u>Original (inch)</u> | <u>After 3 Washes</u><br><u>(inch)</u> | <u>Dimensional</u><br><u>Change (%)</u> | <u>Requirement</u> |
|---|---|---|---|---|
| Waist | 15.6 | 15.6 | Neg | -6/+2% |
| Front Rise | 7.8 | 7.8 | Neg | |
| Back Rise | 8.6 | 8.6 | Neg | |
| Outseam | 23.0 | 23.0 | Neg | |
| Inseam | 16.4 | 16.4 | Neg | |
| Hip | 18.6 | 18.6 | Neg | |
| Bottom | 5.2 | 5.2 | Neg | |

REMARK:
(+) Means Extension and (-) Means Shrinkage
Neg = Negligible

**2. Appearance After Washing**
 Visual Assessment , Machine Wash At 80°F, Gentle Cycle, In 1993 AATCC Standard Reference Detergent, With 1.8 Kg Load, Followed By Hang To Dry
<u>After 3 Washes</u>

|  |  | <u>Requirement</u> |
|---|---|---|
| Color Change | 4.0* | 4.0 |
| Self Staining | 4.5 | 4.5 |
| Pilling | 4.5 | - |
| Other Appearance | Satisfactory | Satisfactory |

REMARK:
* = Others: 4.0, Black/Dark Grey: 4.5

**3. Seam Torque After Washing**
 AATCC/ASTM TS-004 , Machine Wash At 80°F, Gentle Cycle, In 1993 AATCC Standard Reference Detergent, With 1.8 Kg Load, Followed By Hang To Dry
<u>After 3 Washes (%)</u>

|  |  | <u>Requirement</u> |
|---|---|---|
| Result | 0.0 | Max.5% |

**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

CONFIDENTIAL

LLRMK0000225037



**MyDyer**

Number : KORT17050107

Date : 02-Jun-2017

<u>GARMENT TEST REPORT</u>

**4. Color Fastness To Actual Laundering**
 AATCC 150-2012 , Machine Wash At 80°F, Gentle Cycle, In 1993 AATCC Standard Reference Detergent, With 1.8 Kg Load, Followed By Hang To Dry (Grade)
 <u>After 3 Washes</u>

|  |  |  | Requirement |
|---|---|---|---|
| Color Change |  | 4.0* | 4.0 |
| Color Staining | Acetate | 4.5 | 3.0 |
|  | Cotton | 4.5 |  |
|  | Nylon | 4.5 |  |
|  | Polyester | 4.5 |  |
|  | Acrylic | 4.5 |  |
|  | Wool | 4.5 |  |
| Self Staining |  | 4.5 | 4.5 |

REMARK:
* = Others: 4.0, Black/Dark Grey: 4.5

**5. Durability To Repeated Laundering**
 AATCC 150-2012

|  |  | Requirement |
|---|---|---|
| Result | Not Applicable | - |

**6. Color Fastness To Crocking**
 AATCC 8 - 2016 (Grade)

|  |  | Requirement |
|---|---|---|
| Dry | 4.5 | 3.5 |
| Wet | 4.5 | 2.0 |

**7. Fabric Weight**
 ASTM D3776/D3776M-09a(R2013), Option C

|  |  | Requirement |
|---|---|---|
| g/m2 | 198.0 | Min.190g/m2 |
| oz/yd2 | 5.8 |  |

**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

Page 5  of  10

CONFIDENTIAL                                                                                      LLRMK0000225038

 **MyDyer**

Number : KORT17050107

Date : 02-Jun-2017

<u>GARMENT TEST REPORT</u>

**8. Seam Stretchability**
AATCC/ASTM TS-015

|  | <u>Seam Strength (lbs)</u> | <u>Elongation (%)</u> | <u>Requirement</u> |
|---|---|---|---|
| Inseam | 47.9(FR) | 141.0 | 7lbf and/or |
| Front Rise | 23.6(STB) | 106.0 | 50% Elongation |
| Back Rise | 21.9(STB) | 105.6 |  |
| Waist | 55.1(STB) | 276.6 |  |
| Waist Edge | 18.8(STB) | 153.4 |  |
| Bottom Hem | 19.6(STB) | 139.6 |  |

REMARK:
FR = Fabric Ruptured
STB = Sewing Thread Broken

**9. Drawstring Evaluation**
ASTM F 1816-97

|  |  | <u>Requirement</u> |
|---|---|---|
| Result | Not Applicable |  |

**10. Sharp Points/Sharp Edges**
16 CFR 1500.48 & 49

|  |  | <u>Requirement</u> |
|---|---|---|
| Result | No sharp poinst and sharp edges was found on the submitted sample. | No sharp points and sharp edges |

**11. Torque Test**
16 CFR 1500. 51-53

|  |  | <u>Requirement</u> |
|---|---|---|
| Result | N/A | - |

REMARK:
N/A = Not applicable due to no small articles was found on the submitted sample.

**12. Tension Test**
16 CFR 1500.51-53

|  |  | <u>Requirement</u> |
|---|---|---|
| Result | N/A | - |

REMARK:
N/A = Not applicable due to no small articles was found on the submitted sample.

**13. Small Part-Choking Hazards**
16 CFR 1501

|  |  | <u>Requirement</u> |
|---|---|---|
| Result | After torque & tension test, no detached item was found | Not Allowed |

**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

Page 6  of  10

CONFIDENTIAL

LLRMK0000225039



**MyDyer**

GARMENT TEST REPORT

Number : KORT17050107

Date : 02-Jun-2017

**14. Stretch And Recovery**
 In House Method
Growth After 60 min (%)

|  |  | Requirement |
|---|---|---|
| Wales | 1.7 | - |
| Courses | 3.3 | |

Elongation After Cycling Under 5 lbs Loading (%)

|  |  | Requirement |
|---|---|---|
| Wales | 60.0 | - |
| Courses | 91.7 | |

Recovery After 60 min (%)

|  |  | Requirement |
|---|---|---|
| Wales | 95.2 | - |
| Courses | 94.4 | |

REMARK:
1. Original Distance : 60±3mm
2. Tension Use : 5 lbs
3. Percentage extension used for fabric growth : Wale 35%, Course 60%

**15. Formaldehyde Spot Test**
 Spot Test

|  |  | Requirement |
|---|---|---|
| Result | Negative | Negative |

**16. Total Lead Content in Substrate**
 CPSC-CH-E1002-08.3/ CPSC-CH-E1001-08.3

|  |  | Requirement |
|---|---|---|
| Result | Not Applicable | - |

**17. Total Lead Content in Surface Coating**
 CPSC-CH-E1003-09.1

|  |  | Requirement |
|---|---|---|
| Result | Not Applicable | - |

**18. Cadmium**
 EPA 3050B/3051

|  |  | Requirement |
|---|---|---|
| Result | Not Applicable | - |

**19. Phthalate Content Test**
 CPSC-CH-C1001-09.3

|  |  | Requirement |
|---|---|---|
| Result | Not Applicable | - |

**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

Page 7 of 10

CONFIDENTIAL

LLRMK0000225040



**MyDyer**

GARMENT TEST REPORT

Number : KORT17050107

Date   : 02-Jun-2017

**20. Tracking Label**
 Consumer Product Safety Improvement Act of 2008

|  |  | <u>Requirement</u> |
|---|---|---|
| Manufacturer Private Labeler Name | Present | Present |
| Location of Production | Present | |
| Date of Production | Present | |
| Cohort Information | Absent | |

**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

Page 8  of  10

CONFIDENTIAL

LLRMK0000225041



**MyDyer**

GARMENT TEST REPORT

Number : KORT17050107

Date  : 02-Jun-2017

**21. Wearing Apparel Flammability**
16 CFR 1610 - 2008

☐ Plain Surface   ☒ Raised Surface

| Burn Direction: ☒ Length ☐ Width | Burn Direction: ☒ Length ☐ Width | |
|---|---|---|
| PRELIM RAISED SURFACE : | PRELIM RAISED SURFACE : | **Requirement** |
| Length        SF poi | Length        SF poi | |
| Width         SF poi | Width         SF poi | |
| Original (seconds) | After One Drycleaning/Laundering (Seconds) | |
| 1.                   SF poi | 1.                        SF poi | Class 1 |
| 2.                   SF poi | 2.                        SF poi | |
| 3.                   SF poi | 3.                        SF poi | |
| 4.                   SF poi | 4.                        SF poi | |
| 5.                   SF poi | 5.                        SF poi | |

Classification   :   ☒ Class 1, Normal Flammability

☐ Class 2, Intermediate Flammability, Raised Surface

☐ Class 3, Rapid And Intense Burning

EXPLANATION OF FLAMMABILITY RESULTS :

| | |
|---|---|
| *IBE | IGNITED , BUT EXTINGUISHED, THE ASTERISK (*) DENOTES A BURN THAT GOES UNDER THE CORD WITHOUT BREAKING THE CORD. |
| DNI | DID NOT IGNITE. |
| IBE | IGNITED , BUT EXTINGUISHED. |
| 0.0 IBE | ACTUAL TIME OF BURN FROM IGNITION UNTIL THE FLAME SEVERS THE CORD DIRECTLY ABOVE THE SPECIMEN (RELEASING THE WEIGHT WHICH IN TURN STOPS THE TIMER) WILL GIVE A NUMERICAL TIME IN 0.0 SECONDS. |
| *0.0 SFBB POI | TIME IN SECONDS, SURFACE FLASH BASE BURN POSSIBLY STARTING AT THE POINT OF IMPINGEMENT. THE ASTERISK IS ACCOMPANIED BY THE FOLLOWING:" UNABLE TO MAKE ABSOLUTE DETERMINATION AS TO SOURCE OF BASE BURNS." BURNING.IT DOES NOT QUALITY AS A BASE BURN UNDER THE CURRENT INTERPRETATION OF CFR 1610. |
| 0.0 SF ONLY | TIME IN SECONDS, SURFACE FLASH ONLY.NO DAMAGE TO THE BASE FABRIC. |
| *0.0 SFBB | TIME IN SECONDS, SURFACE FLASH BASE BURN.BASE STARTS BURNING AT POINTS OTHER THAN POINT OF IMPINGEMENT. |
| 0.0 SFBB POI | TIME IN SECONDS, SURFACE FLASH BASE BURN.BASE STARTS BURNING AT POINTS OTHER THAN POINT OF IMPINGEMENT. |
| SF PW | SURFACE FLASH, PART WAY.NO TIME SHOWN BECAUSE THE SURFACE FLASH DID NOT REACH THE CORD. |
| SF UC | SURFACE FLASH UNDER THE CORD , BUT DOES NOT BREAK THE CORD. |
| SF POI | SURFACE FLASH, AT POINT OF IMPINGEMENT ONLY(EQUIVALENT TO "DID NOT IGNITE" FOR PLAIN SURFACE ). |
| # | PLAIN SURFACE FABRIC WITH AN AVERAGE BURN TIME LESS THAN 4.0 SECONDS AS CLASS 3 FLAMMABILTY VERSE THE 16 CFR 1610 STANDARD OF 3.5 SECONDS. |

**22. XRF Screening**

**Requirement**

Result                              Please refer to separate attachment file.           -

**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

Page 9  of  10

CONFIDENTIAL

LLRMK0000225042





GARMENT TEST REPORT

Number : KORT17050107

Date   : 02-Jun-2017

## ## END OF THE TEST REPORT ##

*Except where explicitly agreed in writing, all work and services performed by Intertek is subject to our standard Terms and Conditions which can be obtained at our website: http://www.intertek.com/terms/.   Intertek's responsibility and liability are limited to the terms and conditions of the agreement.*

*This report is made solely on the basis of your instructions and / or information and materials supplied by you and provide no warranty on the tested sample(s) be truly representative of the sample source. The report is not intended to be a recommendation for any particular course of action, you are responsible for acting as you see fit on the basis of the report results. Intertek is under no obligation to refer to or report upon any facts or circumstances which are outside the specific instructions received and accepts no responsibility to any parties whatsoever, following the issue of the report, for any matters arising outside the agreed scope of the works. This report does not discharge or release you from your legal obligations and duties to any other person. You are the only one authorized to permit copying or distribution of this report (and then only in its entirety). Any such third parties to whom this report may be circulated rely on the content of the report solely at their own risk.*

*This report shall not be reproduced, except in full.*

**Intertek Testing Services Korea Ltd.**
(1st Floor, A-Ju Digital Tower, Seongsu-dong 2-ga) 7, Achasan-ro 5-gil, Seongdong-gu, Seoul, 04793, Korea,
Tel# 82-2-6090-9500 Fax# 82-2-3409-0026 www.intertek.com

Page 10 of 10

**CONFIDENTIAL**

**LLRMK0000225043**

## General Certificate of Conformity

### A. Product Identification Information

| | |
|---|---|
| Brand Name | Lularoe |
| Style Number: | Legging |
| LLR PO Number: | LLR DC/DE-6145 JUL |
| Sample Description: | Brushed Jersey Knit Leggings |
| Color: | TGTO Thumper70's Art 6 |
| Category: | ☐ Adults (GCC)   ☒ Children (CPC) |

### B. Manufacturer Identification Information

| | |
|---|---|
| Traceability Code: | JC005-01 |
| Place of Manufacturer: | Name: SONGHONG 9 |
| | Address: Nghia Thai Commune-Nghia Hung District-Nam Dinh Province, Vietnam |
| | Telephone Number: MR KIEN (0936262786) |
| Date of Manufacture: (Month/Year) | 05 / 2017 |
| Vendor Name: | SAE-A TRADING CO., LTD. |

### C. Importer Information /Recordkeeping Information:

| | |
|---|---|
| Importer Name: | PROVIDENCE INDUSTRIES LLC. dba Mydyer |
| Address: | 18300 S Central Ave Carson, CA. 90746 |
| Telephone Number: | 1-562-420-9091 |
| Name of person certifying for importer: | Billy Chiang |
| Email of person certifying for importer: | billy@mydyer.com |

### D. Testing Information

| | |
|---|---|
| Third Party Testing Facility: Name and Address | Intertek Testing Services Korea Ltd. 1F A-Ju Digital Tower 284-56 Seongsu-2Ga, Seongdong-Gu |
| Telephone Number: | 82-2-6090-9515 |
| Test Report Number: | KORT17050107 |
| Date Test Report Issued: (Day/Month/Year) | 02/ 06/ 2017 |

### E. Declaration:

We, the importer, hereby certify that the product contained within this shipment complies with all applicable rules, bans, regulations and standards under the Consumer Product Safety Act (CPSA) and/or any other Act enforced by the U.S. Consumer Product Safety Commission (CPSC). The following rules, bans, regulations and standards are applicable to this product. *(Please check only those that apply)*

☐ Children's Sleepwear: 16 CFR 1615/1616
☒ Flammability for General Wearing Apparel: 16 CFR 1610
 ☐ Not tested – Fabric weight greater than 2.6 oz/sq yd
 ☐ Not tested – Exempt Fibers: Acrylic, Modacrylic, Nylon, Olefin, Polyester, wool
☐ Flammability for VINYL Plastic Film: 16 CFR 1611
☒ Small Parts: 16 CFR 1501
☒ Sharp Edges: 16 CFR 1500.49
☒ Sharp Points: 16 CFR 1500.48
☐ Lead in Substrate Materials (CPSIA, §101)
☐ Lead in Painted/Coated Surfaces (16 CFR 1303; CPSIA, §101)
☐ ASTM F963-07, including Soluable Heavy Metal in surface (CPSIA, §106)
☐ Phthalates (CPSIA, §108)
☐ Tracking Label (CPSIA, §103)
☐ Other: (please specify):

CONFIDENTIAL

1

## **PROOF OF SERVICE**

2

*Mack v. LuLaRoe, LLC, et al.*
*USDC, Case No.:  5:17-cv-00853 JGB DTB*

3

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

4

5

     I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 611 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-1931.

6

     On October 23, 2020, I served on the interested parties in said action the within:

7

8

**LLR, INC. AND LULAROE, LLC'S OPPOSITION TO PLAINTIFF'S LETTER BRIEF RE DESTRUCTIVE TESTING**

9

as stated on the following page.

10

☐    (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed as shown below.

11

12

     In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business.  If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

16

17

☒    (BY E-MAIL) by transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth below.

18

19

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

     Executed on October 23, 2020, at Costa Mesa, California.

21

22

23

| Susan Cook | */s/ Susan Cook* |
|---|---|
| (Type or print name) | (Signature) |

24

25

26

27

28

## SERVICE LIST

| | |
|---|---|
| Rosemary M. Rivas<br>Levi and Korsinsky LLP<br>388 Market Street, Suite 1300<br>San Francisco, CA 94111<br>rrivas@zlk.com | |