UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-00853-JGB (SHKx) | Date: | October 30, 2020 |
| Title: | *Tanya Mack, et al. v. LLR, Inc., et al.* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION [ECF NO. 141]**

### I.   BACKGROUND

As described in Plaintiffs' First Amended Class Action Complaint ("Am. Compl."), Plaintiffs bring this action on behalf of a class of individuals "seeking monetary damages, restitution, injunctive, and declaratory relief from Defendants . . . arising from their advertising, marketing, and sale of defective leggings and other clothing."  Electronic Case Filing Number ("ECF No.") 1, Am. Compl. at 2.

On October 15, 2020, this Court held a discovery hearing related to obtaining samples of certain leggings to allow testing by Plaintiff, which would involve the cutting of pieces from no more than 50 pairs of returned leggings.  ECF No. 140, Minutes of Hearing.  During the hearing, the Court set a briefing schedule to address the issues raised by the parties.  Id.

On October 20, 2020, Plaintiffs filed their brief seeking an order to compel "Defendants to allow Plaintiffs to inspect, and if their consultants/experts deem necessary, to remove limited portions of fabric (5"x5") from no more than 50 pairs of leggings out of approximately 8,000 pairs that were returned as defective by proposed class members."  ECF No. 141, Mot. to Compel at 1.  Plaintiffs also seek the Court to deny Defendants' "request to be present and record Plaintiffs' consultants/experts' inspection, including the removal of fabric and any related testing."  Id.

Defendants filed their opposition stating that testing was never sought; the 8,000 pairs of returned leggings in Defendants' possession were not all defective, but rather included leggings returned for other reasons; and, that the relevant factors have not been met that allow for destructive testing to be done, much less without observation by Defendants. ECF No. 142, Opp'n at 1-3. In their reply, Plaintiffs state that Defendants understood that the leggings were to be tested and never before objected to the issue of destructive testing, only that Defendants should be allowed to see how the testing is conducted. ECF No. 143, Reply at 1-2.

## II.　　DISCUSSION

### A.　Legal Standards For Discovery And Destructive Testing

Federal Rule of Civil Procedure ("Rule") 26(b)(2) governs the scope of permissible discovery and provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevancy, for purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Nguyen v. Lotus by Johnny Dung Inc., No. 8:17-cv-01317-JVS-JDE, 2019 WL 3064479, at *1 (C.D. Cal. June 5, 2019) (internal citations and quotation marks omitted). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (internal citations and quotation marks omitted).

Because discovery must be both relevant and proportional, the right to discovery, even plainly relevant discovery, is not limitless. See Fed. R. Civ. P. 26(b)(1); Nguyen, No. 8:17-cv-01317-JVS-JDE, 2019 WL 3064479, at *1. Discovery may be denied where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D.Cal. May 14, 2009). "The party opposing discovery is 'required to carry a heavy burden of showing'

why discovery should be denied." Reece v. Basi, 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014), aff'd, 704 F. App'x 685 (9th Cir. 2017) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)).

"The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." United States ex rel. Brown v. Celgene Corp., No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015) (internal citations and quotation marks omitted).

The current dispute also involves whether the testing requested by Plaintiffs is allowed for under Rule 34. Rule 34(a) provides:

A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(B) any designated tangible things

"[T]he decision whether to allow testing, destructive and non-destructive testing alike, 'rests within the sound discretion of the court.' " K.C.R. v. Cty. of Los Angeles, No. CV 13-3806 PSG (SSX), 2014 WL 12725471, at *2 (C.D. Cal. Aug. 7, 2014) (quoting Ramos v. Carter Exp. Inc., 292 F.R.D. 406, 408 (S.D. Tex. 2013) (quoting Ostrander v. Cone Mills, Inc., 119 F.R.D. 417, 418 (D. Minn. 1988) (allowing partially destructive testing of garment samples from nightwear worn by toddler that caught fire)).

In determining whether destructive testing is appropriate, many federal courts across the country have cited to and relied on the following four factor test set forth in Mirchandani v. Home Depot, U.S.A., Inc., 235 F.R.D. 611, 614 (D. Md. 2006) ("Mirchandani"):

1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; 2) Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way; 3) Whether there are any less prejudicial alternative methods of obtaining the evidence sought; and 4) Whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial.

See e.g. Synbias Pharma v. Solux Corp., No. 11CV3035-H (BGS), 2013 WL 12095236, at *2–3 (S.D. Cal. June 5, 2013); USF Ins. Co. v. Smith's Food & Drug Centers, Inc., No. 2:10-CV-

01513-RLH, 2011 WL 5007956, at *2 (D. Nev. Oct. 19, 2011); RevoLaze LLC v. J.C. Penney Corp., Inc., No. 2:19-CV-00043-JRG, 2020 WL 1984322, at *1 (E.D. Tex. Apr. 27, 2020)

"[M]any courts have [also] permitted the producing party to be present when a singular object at issue in the litigation is tested by the requesting party" K.C.R. v. Cty. of Los Angeles, No. CV 13-3806 PSG (SSX), 2014 WL 12725471, at *2 (C.D. Cal. Aug. 7, 2014) (citing Rattay v. Medtronic, Inc., 2007 WL 1417158 at *2–3 (N.D. W. Va. May 10, 2007) (authorizing defendants to observe testing by plaintiffs' experts of the allegedly defective medical device actually implanted in and removed from named plaintiff); Holmes v. J.M. Products, Inc., 2005 WL 927172 at *4 (W.D. Tenn. Jan. 7, 2005) (permitting counsel and retained experts for all parties to be present during testing of actual aerosol can that caused fire)).

### B. Analysis

1. Request for Production ("RFP") No. 48 Encompasses A Request For Testing

Attached to Defendants' opposition was the RFP at issue, propounded pursuant to Rule 34, as well as Defendants' objections:

> REQUEST FOR PRODUCTION NO. 48:
>
> All LEGGINGS that have been returned to YOU by CONSUMERS or FASHION CONSULTANTS pursuant to YOUR LIMITED WARRANTY, MAKE GOOD PROGRAM AND HAPPINESS POLICY.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 48
>
> Responding Parties object to this request as overbroad and unduly burdensome because it seek "All LEGGINGS" and is therefore not proportional to the needs of the case. Responding Parties further object that the documents sought by the Request are not in Responding Parties' possession, custody, or control but instead are in the possession, custody, or control of third parties.
>
> Subject to and without waiving any of the foregoing objections, Responding Parties respond as follows: Responding Parties will produce for inspection the leggings in their possession, custody, or control that are responsive to this request.

ECF No. 142, Opp'n at 17.

Defendants argument that this does not seek the returned leggings, under Rule 34, which allows for testing is without support. Aside from an overbreadth and burdensomeness objection, there is no specific objection to relevancy nor is there is any basis to conclude that, to the extent Defendants have possession, custody, or control of the items, testing was not proper. Moreover, during the hearing on the matter, the only objection to testing was that it was going to be destructive and that if it is allowed, it should be done in the presence of Defendants'

representative. The issue of whether the RFP appropriately sought testing, destructive or otherwise, was never raised.

Consequently, Defendants argument in this regard was waived and is not persuasive.

2. <u>The Destructive Testing Standard Applies</u>

This Magistrate Judge finds the reasoning in <u>RevoLaze LLC v. J.C. Penney Corp., Inc.</u>, No. 2:19-CV-00043-JRG, 2020 WL 1984322, at *1 (E.D. Tex. Apr. 27, 2020) persuasive. In that patent case, the court dealt with a situation where defendant wanted to cut pieces from pairs of jeans that plaintiff had acquired over the course of years, and from which plaintiff had taken pieces for testing, for its own testing. <u>Id.</u> at *1. That court found that removing a piece from the jeans was destructive, even though the tested portion is not damaged, because it damaged the garment, and then applied the four <u>Mirchandani</u> factors. <u>Id.</u> at *2. Based on the step of removing the 5"x5" piece from no more than 50 pairs of returned leggings, this Magistrate Judge also finds that the testing would be destructive and will apply the <u>Mirchandani</u> factors.

    a. Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case

Though not directly addressed, because it appears this factor was never in contention until Defendants filed their opposition, Plaintiffs stated, with respect to the third <u>Mirchandani</u> factor, that "there are no alternative methods of obtaining testing of leggings that proposed class members returned as defective from the time period in question (2016-2017). While Plaintiffs are able to test their own leggings, Defendants will likely argue against that because Plaintiffs' leggings are not a representative sample. ECF No. 141, Motion to Compel at 2-3. Defendants argue that this factor is not satisfied because "Plaintiffs have yet to even determine whether destructive testing is even necessary." ECF No. 142, Opp'n at 3. In the reply, Plaintiffs' offer a conclusory statement: "Plaintiffs have also stated that inspection followed by removing a limited 5"X5" piece of fabric (which constitutes destructive testing under the parties' proposed definition) is necessary and relevant." ECF No. 143, Reply at 2.

Applying the broad standards of allowable discovery under Rule 26 and the argument, albeit with respect to the third <u>Mirchandani</u> factor, the Magistrate Judge finds that this factor is met.

    b. Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way

Plaintiffs state that "Defendants here have not been able to articulate any possible prejudice caused by Plaintiffs' proposed inspection and testing if they deem it necessary." ECF No. 141, Motion to Compel at 3. Specifically, Plaintiffs' argue, "[n]othing about Plaintiffs' proposed inspection and testing will prevent Defendants from conducting testing on the same leggings or presenting the leggings as evidence at trial," because Plaintiffs seek to remove only a patch from certain leggings. <u>Id.</u> at 2. Defendants argue that "[t]his factor is at best neutral

because Defendants concede that any prejudice can be alleviated by Plaintiffs purchasing the leggings. That said, however, Defendants cannot fully evaluate the scope of potential prejudice without information about what testing Plaintiffs *might* conduct." ECF No. 142, Opp'n at 3 (emphasis in original).

The Magistrate Judge is not persuaded that Defendants will be prejudiced by allowing this testing, provided there are safeguards, including access to the tested materials, if Plaintiffs choose to have their expert(s) use the testing results as part of any expert disclosure in this case. Further, any cost incurred by Defendants related to the destruction of these leggings – if these returned leggings have any monetary value at all – may be compensated for. Therefore, this factor weighs in favor of allowing testing.

        c. Whether there are any less prejudicial alternative methods of obtaining the evidence sought

As discussed previously, Plaintiffs' argue that "there are no alternative methods of obtaining testing of leggings that proposed class members returned as defective from the time period in question (2016-2017). While Plaintiffs are able to test their own leggings, Defendants will likely argue against that Plaintiffs' leggings are not a representative sample." ECF No. 141, Motion to Compel at 2-3. Defendants argue that this factor weighs against Plaintiffs' request because Plaintiffs' haven't yet shown that they intend to conduct destructive testing and that Plaintiffs' can test the leggings they have in their own possession. ECF No. 142, Opp'n at 3.

When weighed against the cost and burden of providing no more than 50 leggings, Plaintiffs' request is reasonable and they have shown that being able to test the same things that Defendants had the ability to test is warranted and would be useful in any trial that may occur. Therefore, this factor weighs in favor of allowing the destructive testing.

        d. Whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial

Plaintiffs argue that the safeguard proposed by Defendants, i.e. allowing a representative from Defendants to observe any testing conducted, is not necessary or appropriate in this case for several reasons. First, any results of the testing will be disclosed, if used by Plaintiffs' testifying expert, and Defendants will have the opportunity for Defendants' own expert to test the leggings from which samples are taken. ECF No. 141, Mot. to Compel at 3. Defendants can then also move to exclude Plaintiffs' expert. Id. Second, allowing Defendants to observe any testing, which may not have to be disclosed, would impinge on Plaintiffs' counsel's work product. Id. In this regard, Plaintiffs rely on the reasoning in Shoemaker v. Gen. Motors Corp., 154 F.R.D. 235, 236 (W.D. Mo. 1994), where the court found that allowing plaintiff's counsel to attend the testing conducted by defendant's experts, who are assisting defendant's counsel, "involve either the attorney's mental processes or the opinions of consulting experts." That court concluded, as this Magistrate Judge also believes, that "[b]oth are protected." Id.

Defendants argue that they "cannot device adequate safeguards if it does not know what the testing involves." ECF No. 142, Opp'n at 3.

It is important to note that the leggings from which samples will be taken will not be destroyed in their entirety, such that Defendants will also be able to take samples from the same leggings, and also do not involve a singular item that is central to prosecuting and defending this case. See K.C.R., No. CV 13-3806 PSG (SSX), 2014 WL 12725471, at *2 (noting that "many courts have permitted the producing party to be present when a singular object at issue in the litigation is tested by the requesting party"). Consequently, this concern does not factor into the Magistrate Judge's analysis.

The Magistrate Judge finds that allowing Defendants to observe any testing is not necessary in this case. This is because there are the safeguards under the Federal Rules of Civil Procedure relating to opinions provided by experts that are applicable in this case as well. If Plaintiffs choose to have an expert opine on any issues related to the characteristic of the leggings, those test results that the expert may rely upon, or lack of test results, can be inquired into by Defendants during the expert discovery. There is nothing unique about the nature of the discovery being sought here nor for the reasons that they are being sought. Though it would probably be the more beneficial for Plaintiffs to maintain the samples in a state that can be reviewed and tested by Defendants – assuming that samples taken from different parts of the leggings matter – that is up to counsel to decide how to prosecute their respective cases.

### III.   CONCLUSION

For the reasons previously set forth, the Plaintiffs' Motion to Compel is **GRANTED**. In light of the upcoming discovery deadlines, the Magistrate Judge orders the following schedule, though the parties may mutually agree to modify it based on their particular schedules:

1. By the close of business on November 4, 2020, Plaintiffs shall be granted access to the warehouse where the leggings at issue are stored for a reasonable amount of time and shall be accompanied by a representative of Defendants' choosing.
2. Plaintiffs shall identify for Defendants the leggings from which 5"x5" samples may be taken.
3. Plaintiffs shall return the leggings, with the appropriate samples removed, no later than November 11, 2020.

Further, Defendants shall provide a declaration or other comparable proof regarding the present, wholesale value of the particular leggings selected by Plaintiffs, including a statement that Defendants are able to sell the leggings selected by Plaintiff if Defendants seek any remuneration from Plaintiffs for the destruction of those leggings.

**IT IS SO ORDERED.**